IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19 C 6332 |
| CENTAUR CONSTRUCTION CO., SPIRO TSAPARAS, and PETER ALEXOPOULOS, | ) ) ) ) ) |
| Defendants. | ) |

### ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

The Court addresses in this order plaintiff NHC, LLC's motion to strike the amended affirmative defenses of defendants Centaur Construction Co., Spiro Tsaparas, and Peter Alexopoulos. The parties have, in the Court's view, spent far too much time and effort addressing deficiencies or perceived deficiencies in the pleadings. It is time to bring this to an end and focus on discovery and the merits.

1. The first defense is waiver, which requires an intentional relinquishment of a known right. *See, e.g., Abellan v. Lavelo Prop. Mgmt., LLC*, 948 F.3d 820, 829 (7th Cir. 2020). The entirety of the factual basis for the defense is that "by expressly disclaiming and/or failing to enforce the contractual duties allegedly breached," NHC caused the defendants to believe that they did not need NHC's approval for subcontractors, did not need to notify NHC of change orders with subcontractors, and did not need to substantially complete construction by the date specified in the contract. The guts of the defense is the purported "express disclaim[er]" and "fail[ure] to enforce."

But these allegations are entirely conclusory and unsupported by any factual assertions. If there was an express disclaimer, presumably defendants know when, how, and by whom it was made. And if there was a "failure to enforce" sufficient to meet the requirement of an *intentional* relinquishment of contractual rights, defendants should be able to say exactly what it is they contend NHC knew by way of Centaur's contractual noncompliance and when and how they claim that knowing this, NHC failed to enforce its contractual rights. The defense is insufficient as currently pleaded.

The Court does not agree, however, with NHC's contention that a contractual clause precluding oral amendments bars the defense. Under Illinois law, a contract may be modified by subsequent oral agreement even if it expressly precludes oral modifications. *See, e.g., Much v. Pacific Mut. Life Ins. Co.*, 26 F.3d 637, 644 n.1 (7th Cir. 2001); *Consol. Bearings Co. v. Ehret-Krohn Corp.*, 913 F.2d 1224, 1231 (7th Cir. 1990).

The Court will give defendants one more chance to amend their waiver defense, and if they do not meet pleading requirements as the Court has set out, it will strike the defense with prejudice.

2. The second defense is estoppel, which requires conduct or statements by the plaintiff upon which the defendant in good faith relied to his detriment. *See, e.g., R and B Kapital Devel., LLC v. N. Shor Cmty. Bank and Tr. Co.*, 358 Ill. App. 3d 912, 922, 832 N.E.2d 245, 256 (2005). Defendants' estoppel defense is based on the same conclusory and deficient factual allegations as the waiver defense. Defendants say only that NHC "made representations through its statements or conduct" that Centaur did not require approval for each subcontractor, did not need to notify NHC of change orders,

and did not need to substantially complete construction by the contractually-specified date. These allegations do not meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) because they are bare conclusions unsupported by factual allegations. Defendants also do not describe how they relied upon any claimed actions or statements by NHC, which likewise renders the defense insufficient as currently pleaded.

The Court does not agree, however, with NHC's contention that the defense must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), because as currently set out, the defense does not appear to rely upon any claim of knowing misrepresentation by NHC.

Again, the Court will give defendants one more chance to plead the defense adequately and if they do not do so will strike it with prejudice.

3. The third defense is unclean hands. Illinois law is clear that this defense, which is an equitable defense, does not apply to a claim at law for money damages. *See, e.g., Miller UK Ltd. v. Caterpillar, Inc.*, No. 10 C 3770, 2015 WL 7351674, at *9 (N.D. Ill. Nov. 10, 2015). But defendants appear to direct this defense toward the veil-piercing claim against Tsaparas. Veil-piercing is an equitable remedy, *see, e.g., Fontana v. TLD Builders, Inc.*, 362 Ill. App. 3d 491, 500, 840 N.E.2d 767, 776 (2005), so the Court does not agree with NHC that the unclean hands defense is categorically out of place in this suit. Defendants have sufficiently described the allegations supporting the claim of unclean hands—they contend that NHC provided defendants with large amounts of funds that it knew would not be used for the hotel project—so the Court declines to strike this defense. Its sufficiency is a matter of proof, not pleading.

4. Defendants failure to mitigate defense does not include any factual allegations explaining what they contend NHC did or failed to do to reasonably mitigate damages after terminating Centaur from the project in October 2019. All they allege is that "on information and belief" the project has not been completed. Defendants need to explain what they contend NHC did or failed to do. The Court strikes the defense with leave to amend.

5. The last affirmative defense involves a contractual provision that defendants allege amounts to a condition precedent that was never fulfilled. Specifically, they cite section 3.1.4.3, which stated that at the time of execution, the full scope of the work to be done had not been determined and that the parties would work together to finalize this and incorporate it into the contract. Defendants also cite section 5.2.1, which stated that construction would not commence prior to execution of the "Design-Build Amendment"—though other sections stated that the parties could agree to commence construction before that. Defendants say that the full scope of work was never finalized and that the Design-Build Amendment was never executed. In seeking to strike the defense, NHC says that this was not a condition precedent because the contract does not use that particular phrase with respect to the Design-Build Amendment. None of the cases that NHC cites, however, reflects that there are particular magic words that a contract must use to create a condition precedent. Rather, the law appears to be that there must be language that is unambiguous *or* that the intent to create a condition is apparent from the agreement's face. *See, e.g., Homeowners Choice, Inc. v. Aon Benfield, Inc.*, 938 F. Supp. 2d 749, 758-59 (N.D. Ill. 2013). It is unlikely that this defense is going anywhere, because even if the Design-

Build Amendment was never executed, it is clear that construction *did* commence and thus highly likely that the parties agreed to forego this requirement even if it was a condition precedent to Centaur's performance. But at this point, the Court is not prepared to say that the non-use of the phrase "condition precedent" in the contract is fatal to the defense. The Court therefore declines to strike the defense.

## Conclusion

As discussed above, defendant's motion to strike defendants' amended affirmative defenses [71] is denied as to affirmative defenses 3 and 5 and granted as to defenses 1, 2, and 4. Given the repeated deficiencies in these defenses, a request by defendants to amend them must be made by way of a motion attaching the proposed amended affirmative defenses so that the Court may evaluate their sufficiency up front. Defendants' motion to strike defendants' original affirmative defenses [59] is denied as moot.

Date: July 19, 2020

_____
MATTHEW F. KENNELLY
United States District Judge