IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NHC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19 C 6332 |
| | ) | |
| CENTAUR CONSTR. CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON DEFENDANTS' MOTION IN LIMINE 10

In their motion in limine 10, defendants ask the Court to preclude NHC from seeking attorney's fees and costs as part of its damages at trial. In the Court's view, the best reading of Illinois law is that it does not permit a plaintiff in a fraud case to recover its attorney's fees and expenses incurred in pursuing the fraud defendant, but does permit recovery of attorney's fees and costs "as damages for fraud when the fraud embroiled the plaintiff in litigation with third parties or raised other legal obstacles for him to deal with . . . ." *In re Collazo*, 613 B.R. 60, 670 (N.D. Ill. 2020). To put it another way, attorney's fees may be recovered as an element of compensatory damages "to the extent the defendant's tortious conduct proximately caused the plaintiff to incur them *and they were not incurred in the same litigation in which they are recovered*." *Id.* (quoting *Calcagno v. Personalcare Health Mgmt., Inc.*, 207 Ill. App. 3d 493, 565 N.E.2d 1330, 1339 (1991)). Illinois generally follows the "American rule," under which attorney's fees are recoverable only when authorized by contract or statute. *See Chow v. Aegis Mortg. Corp.* 185 F. Supp. 2d 914, 917-18 (N.D. Ill. 2002).

NHC cites several cases to support its contention that it may seek as damages

the attorney's fees it incurred in connection with this case. None of them are persuasive support for NHC's position. *Dunston v. R.H. Love Galleries*, No. 07 C 5113, 2010 WL 11713177 (N.D. Ill. May 14, 2010), cited by NHC, included claims under federal and state statutes that expressly provide for fee-shifting. *See id.* at *1. *Father & Sons, Inc. v. Taylor*, 301 Ill. App. 3d 448, 703 N.E.2d 532 (1998), cited in *Dunston* for the proposition that "attorney's fees may be awarded in common law fraud actions," *Dunston*, 2010 WL 11713177, at *2 n.1, is not good law for that proposition in the Court's view. *Father & Sons*, like *Dunston*, included a claim under a state statute specifically allowing for fee-shifting, and the case it relied upon, *Black v. Iovino*, 219 Ill. App. 3d 378, 580 N.E.2d 139 (1991), likewise involved a claim under a fee-shifting statute alongside a common law fraud claim. Another federal case cited by NHC, *Neuman v. Superior Jamestown Corp.*, No. 02 C 7399, 2003 WL 1877635 (N.D. Ill. Apr. 11, 2003), improvidently relies on *Father & Sons* to support a fee award for common law fraud and thus is not well-reasoned in the Court's view. *See id.* at *3. *Baghdady v. Robbins Futures, Inc.*, No. 97 C 8794, 2007 WL 2409548 (N.D. Ill. Aug. 22, 2007), also cited by NHC, appears to have awarded attorney's fees pursuant to a contract, not as damages for fraud. *See id.* at *4 (¶ 54). As indicated, the Court does not consider any of these cases to persuasively support the proposition for which NHC cites them here.

    For these reasons, the Court bars NHC from introducing evidence or making argument regarding attorney's fees and expenses it incurred in pursuing the defendants. The Court grants defendants' motion *in limine* 10 to this extent. NHC may, however, offer evidence regarding any attorney's fees and expenses it incurred vis-à-vis others as a result of the defendants' claimed fraud, and it may seek any such sums as

compensatory damages.

Date: August 7, 2022

                                                     _____
                                                         MATTHEW F. KENNELLY
                                                         United States District Judge