IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company, | |
| Plaintiff, | No. 1:19-cv-06332 |
| v. | Honorable Matthew F. Kennelly |
| CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS, | |
| Defendants. | |

**DEFENDANTS' MOTION FOR JUDGEMENT AS A MATTER OF LAW AS TO COUNT I OF THE THIRD AMENDED COMPLAINT PURSUANT TO RULE 50(a)**

NOW COME Defendants, Centaur Construction Company Inc. ("Centaur"), Peter Alexopoulos, and Spiro Tsaparas (collectively, "Defendants"), by and through their attorneys SmithAmundsen LLC, as and for their Motion for Judgment as a Matter of Law as to Count II of the Third Amended Complaint, state as follows:

**INTRODUCTION**

Defendants move for judgment as a matter of law as to Count I (breach of contract) of NHC's Third Amended Complaint ("the Complaint") because NHC's termination of the contract before the execution of a Design Build Amendment effectively precludes it from establishing damages on a breach of contract claim. For this reason, in addition to the foregoing, Defendants are entitled to judgment as a matter of law as to Count I of the Complaint.

**LEGAL STANDARD**

Motions for judgment as a matter of law in a jury trial are governed by Rule 50 of the Federal Rules of Procedure ("Rule 50"). In particular, Rule 50(a) (1) states:

> **(1)** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
>> **(A)** resolve the issue against the party; and **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> Furthermore, Rule 50(a) (2) provides:
>
> **(2)** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Pursuant to Fed. R. Civ. P. 50, a court may enter judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *See Murray v. Chi. Transit Auth.*, 252 F.3d 880, 886-87 (7th Cir. 2001). The standard governing a Rule 50 motion is fundamentally the same as that employed in evaluating a summary judgment motion with the exception that at the time a motion for directed verdict is made, the court knows precisely what evidence was presented to the jury. *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000); *Winters v. Fru-Con Inc.*, 498 F.3d 734, 745-46 (7th Cir. 2007). Rule 50(a) requires a party to move for directed verdict at the close of the evidence but before the case is submitted to the jury. *See* Fed R. Civ. P. 50(a)(2); *Rosera v. Int'l Harvester Co.*, 109 F.R.D. 143, 146 (E.D. Wis. 1986).

In evaluating a Rule 50 motion, the pertinent question is whether the jury was presented with sufficient evidence from which it could reasonably arrive at its verdict. *Massey*, 226 F.3d at 924. In reviewing the evidence presented to the jury, the Seventh Circuit has indicated that there must be "more than a 'mere scintilla' of evidence to support the verdict" and that a court must look to the totality of the evidence. *Id*. In addition, the court must review the evidence "in the light most favorable to the party against whom judgment was granted." *Id*. If the nonmoving party failed to

introduce sufficient evidence to support its claim, then judgment as a matter of law is appropriate. *Id*.

## ARGUMENT

I. **NHC's damages do not survive termination of the Contract because it terminated the Contract prior to the execution of the Design-Build Amendment.**

Under Illinois law, a breach of contract claim requires the plaintiff to prove (1) the existence of a contract, (2) the performance of the contract conditions by the plaintiff, (3) a breach by the defendant, and (4) damages that resulted from the breach. *Kopley Group V., L.P. v. Sheridan Edgewater Properties*, Ltd, 376 Ill.App.3d 1006, 1014 (1st Dist. 2007). Additionally, when contracts contain express conditions precedent, "strict compliance with such conditions is required." *Midwest Builder Distributing, Inc. v. Lord and Essex, Inc.*, 383 Ill.App.3d 645 (1st Dist. 2007). A condition precedent is defined as a condition in which performance by one party is required before the other party is obligated to perform. *Id.* Courts will enforce express conditions precedent despite the potential for harsh results for the noncomplying party. *Id.* In this case, the execution of a Design Build Amendment as contemplated in Section 13 of the Contract operates as an express condition precedent to NHC's right to damages "surviving termination" of the Contract, which did not occur here.

Section 13.1. of the Contract – which governs termination *before* execution of the Design Build Amendment – states that:

> "The Owner may terminate this Agreement upon not less than seven days' written notice to the Design Builder for the Owner's convenience and without cause."

*See* ECF 26-1, Page 36 of 89.

Conversely, Section 13.2.2.1 of the Contract controls termination of the Contract *after* execution of the Design-Build Amendment, whether for cause by the Owner (NHC) or otherwise.

3

Section 13.2.2.4 provides that Owner's damages in such situations survive termination of the Contract:

> "If the unpaid balance of the Contract Sum exceeds the costs of finishing the work and other damages incurred by owner and not expressly waived, such excess shall be retained by the Owner. If such costs and damages exceed the unpaid balance, the Design-Builder shall pay the difference to the Owner. <u>The obligation for such payments shall survive the termination of the Contract.</u>"

<u>Emphasis added</u>. *See* ECF 26-1, Page 37 of 89.

Notably, unlike Section 13.2 of the Contract, Section 13.1 of the Contract is completely silent as to the amount and survivability of damages in the event of termination before a Design Build Amendment is executed. Adhering to the canon of construction for statutes and contracts referred to as "*expressio unius*" (or "*expressio unius, exclusion alertius*"), which is a latin maxim meaning: "the expression of one thing excludes others," NHC's Contract damages *do not* survive termination of the contract because the termination occurred *before* the parties executed the Design Build Amendment. *Delta Min. Corp. v. big Rivers Elec. Corp.*, 18 F.3d 1398, 1405 (7th. Cir. 1994) (holding that when certain matters are mentioned in a contract, other similar matters not mentioned were intended to be excluded); *Clarke & Co. v. Fidelity & Cas. Co. of New York*, 220 Ill. App. 576, 582 (2nd Dist. 1921) (holding that the express mention of one thing, person or place implies the exclusion of another).

Based on the undisputed evidence at trial: 1) NHC terminated Centaur from the Project; and 2) the Design Build Amendment was never executed. Accordingly, NHC's termination of Centaur is controlled by Section 13.1, which does not provide for the survival of contract damages after termination. While this may seem like a harsh result, as expressly stated in the Contract, no construction work was supposed to take place before: 1) the final drawings and scope of work were prepared; 2) the final contract price agreed upon; and 3) the Design Build Amendment was

executed. Since the evidence has clearly shown that none of these three requirements were satisfied before construction work started, the work was essentially performed without a final price, on a "cost plus" basis, for which Contract termination damages do not apply.

Simply put, the execution of a Design Build Amendment is a condition precedent to either of the parties' damages surviving termination of the Contract. Because the parties did not execute a Design Build Amendment before NHC terminated the Contract, NHC's damages did not survive termination of the Contract.

## CONCLUSION

In sum, Defendants are entitled to Judgement as a Matter of Law as to Count I of the Complaint, because NHC terminated the Contract before complying with the express condition precedent (i.e. executing a Design Build Amendment) that would permit its damages to survive termination of the Contract.

**WHEREFORE,** Defendants, Centaur Construction Company Inc., Peter Alexopoulos, and Spiro Tsaparas, by and through their attorneys SmithAmundsen LLC, hereby request this Honorable Court enter judgment as a matter of law in its favor, and for any additional relief this Court deems just and proper.

Respectfully Submitted,

/s/ *Matthew Horn*

_____
One of the Attorneys for Defendants

Matthew W. Horn, ARDC #6294719
Kimberly A. Herring, ARDC #6329811
SmithAmundsen LLC
150 N. Michigan Ave, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
mhorn@smithamundsen.com
kherring@smithamundsen.com