IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company, | |
| Plaintiff, | No. 1:19-cv-06332 |
| v. | Honorable Matthew F. Kennelly |
| CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS, | |
| Defendants. | |

**DEFENDANTS' MOTION FOR JUDGEMENT AS A MATTER OF LAW AS TO COUNT II OF THE THIRD AMENDED COMPLAINT PURSUANT TO RULE 50(a)**

NOW COME Defendants, Centaur Construction Company Inc. ("Centaur"), Peter Alexopoulos, and Spiro Tsaparas (collectively, "Defendants"), by and through their attorneys SmithAmundsen LLC, as and for their Motion for Judgment as a Matter of Law as to Count II of the Third Amended Complaint, state as follows:

**INTRODUCTION**

Defendants move for judgment as a matter of law as to Count II of Plaintiff's Third Amended Complaint ("the Complaint") because: 1) NHC's fraud claims are not actionable under Illinois law; 2) NHC's fraud claims are a restatement of its breach of contract claims; and 3) NHC failed to establish a prima facie case for common law fraud. Accordingly, Defendants are entitled to judgment as a matter of law as to Count II of the Complaint.

**LEGAL STANDARD**

Motions for judgment as a matter of law in a jury trial are governed by Rule 50 of the Federal Rules of Procedure ("Rule 50"). In particular, Rule 50(a) (1) states:

> **(1)** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
>> **(A)** resolve the issue against the party; and **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> Furthermore, Rule 50(a) (2) provides:
>
> **(2)** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Pursuant to Fed. R. Civ. P. 50, a court may enter judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *See Murray v. Chi. Transit Auth.*, 252 F.3d 880, 886-87 (7th Cir. 2001). The standard governing a Rule 50 motion is fundamentally the same as that employed in evaluating a summary judgment motion with the exception that at the time a motion for directed verdict is made, the court knows precisely what evidence was presented to the jury. *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000); *Winters v. Fru-Con Inc.*, 498 F.3d 734, 745-46 (7th Cir. 2007). Rule 50(a) requires a party to move for directed verdict at the close of the evidence but before the case is submitted to the jury. *See* Fed R. Civ. P. 50(a)(2); *Rosera v. Int'l Harvester Co.*, 109 F.R.D. 143, 146 (E.D. Wis. 1986).

In evaluating a Rule 50 motion, the pertinent question is whether the jury was presented with sufficient evidence from which it could reasonably arrive at its verdict. *Massey*, 226 F.3d at 924. In reviewing the evidence presented to the jury, the Seventh Circuit has indicated that there must be "more than a 'mere scintilla' of evidence to support the verdict" and that a court must look to the totality of the evidence. *Id*. In addition, the court must review the evidence "in the light most favorable to the party against whom judgment was granted." *Id*. If the nonmoving party failed to

introduce sufficient evidence to support its claim, then judgment as a matter of law is appropriate. *Id*.

## ARGUMENT

### I. NHC's fraud claims are not actionable under Illinois law.

The evidence elicited by NHC at trial confirms that its fraud claim is based on future promises, financial projections, and statements of future intent—namely, that Centaur would finish the project on time and on budget. However, "promissory fraud, involving a false statement of intent regarding future conduct, is generally not actionable under Illinois law unless the plaintiff also proves that the act was a part of a scheme to defraud." *Association Benefit Services, Inc. v. Caremark RX, Inc., 493 F. 3d 841, 853 (7th Cir. 2007).* Moreover, "Illinois law does not allow the plaintiffs to proceed on a fraud claim when the evidence of intent to defraud consists of nothing more than unfulfilled promises and allegations made in hindsight." *Id.*; *see also Northbound Group, Inc. v. Norvax, Inc.,* 5 F. Supp. 3d 956 (N.D. Ill. 2013) (finding that a statement that the defendants could do something is either a prediction or opinion, and neither provides the basis for a fraud claim sufficient to defeat summary judgment).

As the evidence illustrates in this case, NHC fraud claims are premised upon future promises, financial projections, and statement of future intent, as follows: 1) that Centaur would finish the project on time; and 2) that Centaur would finish the project on budget. Here, the facts clearly demonstrate that the hotel at issue was built by Centuar. Accordingly, it performed under the parties' Contract—just not to the satisfaction of NHC—so there is no scheme to defraud. *Association Benefit Services, Inc, 493 F. 3d 841, 853* ("'Promissory fraud' is a form of fraud based upon a false representation of intent concerning future conduct, e.g. a promise to perform a contract when there is *actually no intent to perform* the contract.") Pursuant to the long line of cases cited

3

above, this Court must enter judgment in favor of Defendants on NHC's fraud claims, as a matter of law.

## II. NHC's fraud claim restates its breach of contract claim.

Under established Illinois law, an alleged fraudulent act must be separate and distinct from the alleged breach of a contractual promise. *Greenberger v. GEICO,* 631 F.3d 392, 393 (7th Cir., 2011). Moreover, the Illinois Appellate Court has previously held that, were it to accept assertions that "unfilled promises" are actionable under some theory of fraud, consumer plaintiffs could "convert any suit for breach of contract into a fraud action." *Zankle v. Queen Anne Landscaping*, 311 Ill.App.3d 308, 312 (2nd Dist. 2000). Put differently, in order to prevail its fraud claim, NHC must point to some standalone fraudulent act or practice that is separate and independent from Defendants' "contractual promises." *Greenberger*, F.3d 392 at 400

In this case, the proposed jury instructions clearly illustrate that NHC's fraud claim is simply a restatement of its breach of contract claim. Jury Instruction p. 12 states:

> As I have stated, there has been a finding that Centaur breached various provisions of the contract and that Centaur and Mr. Tsaparas are liable to NHC for the breach. You, the jury, must determine the amount of damages to award to NHC for the breaches. I will address the question of damages later in these instructions.
> The contract provisions that were breached are as follows:
> - Section 1.1 (industry standards)
> - Section 1.4.15 (guaranteed maximum price)
> - Section 1.1.7 (schedule)
> - Section 9.3.1 (payment applications)
> - Section 9.6.2 (subcontractor payments)

It is these same sections of the Contract implicated in NHC's fraud claim, which apparently relate to the alleged fact that Centaur knew the project was overbudget and knew it was not making subcontractor budgets but did not inform NHC accordingly. In short, NHC's fraud claim is merely a continuation of Centaur's contractual breaches, and the alleged "broken promises" NHC identifies as the basis of its fraud claim are simply broken "contractual promises" contained in the

Contract. Further to this point, two of NHC's category of damages identified in the proposed jury instructions for its contract claims and its fraud claims (pages 13 and 14) are the same, namely:

- payments to subcontractors that were not paid by Centaur; and
- payments made to Shawmut Design & Construction to complete construction of the Nobu Hotel Chicago project.

Put simply, the facts supporting NHC's breach of contract claim are identical to the alleged conduct forming the basis of NHC's fraud claim, as are NHC's claimed injuries and damages. This is further evidenced by the fact that NHC cannot separate or distinguish its fraud damages from its contractual damages—which are one in the same—as noted by the Court on the record at the beginning of trial on August 16, 2022. (Trial Transcript, Volume 3-A, 1:24-2:23). Based on the foregoing, this Court must find that NHC's fraud claim is redundant to its breach of contract claim, and, consequently, enter judgment in favor of Defendants as a matter of law on the fraud claims—or, alternatively, limit NHC's recoverable damages in fraud to only its attorneys' fees and costs incurred in the separate-but-related legal matters, which the Court noted is the only injury and element of damages requested by NHC that do not overlap with its breach of contract damages.

### III. NHC failed establish a prima facie case of common law fraud.

To state a claim for fraud under Illinois law, "a plaintiff must prove that the defendant made a false statement of material fact, which the defendant knew or believed to be false, with the intent to induce plaintiff to act, and that the plaintiff justifiably relied on the statement and was damaged as a result." *Association Ben. Services, Inc. v. AdvancePCS Holding Corp.,* 2005 WL 2335484, No. 04 C 3271 (N.D. Ill 2005)(Kennelly, J.)(citing *Houben v. Telular Corp.,* 231 F. 3d 1066, 1074 (7th Cir. 2000); *Williams v. Chicago Osteopathic Health Sys.,* 274 Ill. App. 3d 1039, 1048 (1st Dist. 1995)); *see also Hefferman v. Bd. of Trustees of Illinois Cmty. Coll. Dist. 508,* 310 F.3d 522, 525 (7th Cir. 2002). Each element of a common law fraud claim brought pursuant to

5

Illinois law must be proven by clear and convincing evidence. *Association Benefit Services, Inc. v. Caremark RX, Inc.,* 493 F. 3d 841 (7th Cir. 2007); *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100 (2005), *cert. denied,* 547 U.S. 1003 (2006)(noting the legal presumption that transactions are fair and the resultant rule that common law fraud claims under Illinois law must be proved by clear and convincing evidence).

In this case, NHC has: (1) failed to elicit evidence sufficient to show that a jury could find reasonable reliance by clear and convincing evidence; (2) failed to elicit evidence sufficient to show that a jury could find fraudulent intent by clear and convincing evidence, and (3) brought fraud claims based upon alleged predictions, opinions, and projections which do not provide a basis for a fraud claim.

### A. NHC failed to present evidence of "reasonable reliance."

In order to prove the element of reasonable reliance, a plaintiff "must set forth enough facts from which a jury could find by clear and convincing evidence that [it] justifiably relied upon [a defendant's] 'alleged misrepresentations." *Dougherty v. Ziimbler,* 922 F. Supp. 110 (N.D. Ill. 1996)(citing *Teamsters Local 282 Pension Trust Fund v. Angelos,* 839 F. 2d 366, 370 (7th Cir. 1988)). When determining whether a plaintiff's reliance was reasonable pursuant to Illinois law, "all of the facts which a plaintiff had actual knowledge of, as well as all of those it might have learned if it had used ordinary prudence, must be taken into account; if ample opportunity existed to discover the truth, then reliance is not justified." *Id.* (citing *Central States Joint Bd. V. Continental Assurance Co.,* 117 Ill. App. 3d 600, 607 (1st Dist. 1983)). Put differently, "[a] person charging fraud may not close his eyes to obvious facts." *Peterson Indus. Inc. v. Lake View Trust & Sav. Bank,* 584 F. 2d 166, 168 (7th Cir. 1978)[1].

---

[1] Notably, since NHC has failed to identify any fraudulent act by Centaur distinct from its breaches of contract, NHC could not have relied on any alleged fraudulent representations at law. *Greenberger*, F.3d 392 at 401.

NHC's allegations of fraud appear to arise out of allegedly fraudulent Payment Applications. However, the evidence has clearly shown that NHC knew – from February 22, 2018 through the present – that the Payment Applications were a reflection of the February 22, 2018 Cash Flow Projection, and the perfectly round numbers being submitted as part of Centaur's Payment Applications were not a representation of work performed on the Project. Moreover, RCD/NHC's Treasurer, Israel Navarro testified that he specifically requested invoices from Centaur based on, and in line with, the February 22, 2018 Cash Flow Projection, so Mr. Navarro could pay Centaur. (See Trial Transcript, Morning Session of Day 2, 85:18-88:9; Defendants' Trial Exhibits 15, 13, 17, 69, 18).

The unequivocal testimony and evidence in this case supports the fact that NHC knew: 1) that the Payment Applications were a reflection of nothing more than the Cash Flow Projection and 2) that the Payment Applications were not a reflection of work completed on the Project.

As noted above, in order to prove the element of reasonable reliance, a plaintiff "'must set forth enough facts from which a jury could find by clear and convincing evidence' that [it] justifiably relied upon [a defendant's] 'alleged misrepresentations.'" *Dougherty,* 922 F. Supp. 110. NHC LLC has not done so here, and therefore this Court should enter judgment in favor of Centaur, Mr. Tsaparas, and Mr. Alexopoulos on all fraud claims, as a matter of law.

### B. NHC failed to prove evidence of "fraudulent intent."

A litigant alleging fraud under Illinois law bears a heavy burden – proof of intent to defraud by clear and convincing evidence. *Athey Prod. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 434 (7th Cir. 1996). Where a party fails to raise a genuine issue of fact as to fraudulent intent, summary judgment should be granted. *Association Benefit Services, Inc. v. Caremark RX, Inc.,* 493 F. 3d 841 (7th Cir. 2007).

As noted above, the Plaintiff's fraud claims are based on allegedly fraudulent Payment Applications. Simply put, none of the testimony or evidence presented by NHC supports a finding of fraudulent intent on behalf of Defendants, because the evidence demonstrates that the parties—or at least some people at NHC/RCD and Centaur—were in agreement as to the nature and meaning of the Payment Applications, as outlined above. Accordingly, because NHC has not and cannot prove any fraudulent intent on the part of any of the Defendants, this Court should properly enter judgment in favor of Defendants on all fraud claims, as a matter of law.

## CONCLUSION

In sum, Defendants are entitled to Judgement as a Matter of Law as to Count II of the Complaint, because: 1) NHC's fraud claims are not actionable under Illinois law; 2) NHC's fraud claims are a restatement of its breach of contract claims; and 3) NHC failed to establish a prima facie case for common law fraud. .

**WHEREFORE,** Defendants, Centaur Construction Company Inc., Peter Alexopoulos, and Spiro Tsaparas, by and through their attorneys SmithAmundsen LLC, hereby request this Honorable Court enter judgment as a matter of law in its favor, and for any additional relief this Court deems just and proper.

Respectfully Submitted,

/s/ *Matthew W Horn*

_____
One of the Attorneys for Defendants

Matthew W. Horn, ARDC #6294719
Kimberly A. Herring, ARDC #6329811
SmithAmundsen LLC
150 N. Michigan Ave, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
mhorn@smithamundsen.com
kherring@smithamundsen.com