IN THE UNITED STATES DISTRICT COURT
OF THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NHC LLC, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2019 C 6332 |
| | ) | |
| CENTAUR CONSTRUCTION COMPANY, et al., | ) | Judge Matthew Kennelly |
|         Defendants. | ) | |
| | ) | |

**NHC LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUPPLEMENTAL PROCEEDINGS**

NHC LLC, Plaintiff and Judgment Creditor, through its undersigned counsel, moves this court to compel Defendants Spiro Tsaparas and Peter Alexopoulos and partner Cori McFadden and wife Alexandra Alexopoulos to produce documents responsive to the Citations to Discover Assets served on them and in further support of its claims the NHC LLC states as follows:

**SUMMARY OF MISSING DOCUMENTS**

Plaintiff is mindful of the Court's limited time and lists below the 24 categories of missing documents from the Riders attached to the Citations (and others requested later) to the Defendants and the Third-Party Respondents with Plaintiff's comments in brackets:

a) All documents pertaining to claims and settlements between Defendants and any insurance carrier during the past four years. [This would include performance bonds, E&O insurance, etc as it relates to the litigation or other projects.]

b) All documents pertaining to any building permits obtained during the last four years to present. [Documents produced by others indicate projects in Colorado]

c) Copies of all trust documents and amendments thereto for the William N. Alexopoulos Declaration of Trust Dated October 20, 2002. [Documents produced indicate transfers in 2019 and thereafter from Peter Alexopoulos to William Alexopoulos individually and as Trustee of the William N. Alexopoulos Trust.]

d) Photographs, Itemization and estimated value of all Jewelry and Furs, Silver/Goldware, Firearms, within the control of or household of each Defendant or covered by insurance

paid for in part by Defendant(s). [Documents produced indicate insurance riders for such items, ownership and purchases of such items.]

e) All certificates of title for trailers, watercrafts, automobiles, trucks, motorcycles or other motor vehicles which Defendant(s) now has or had an interest in during the past three years. [Financial Affidavits indicate vehicles and watercraft but no titles, registrations, etc. Investigation uncovered 2022 Forest River Inc. owned by Peter Alexopoulos but not disclosed in Financial Affidavit.]

f) All certificates of title, registration certificates, agreements, or any other form of record indicating ownership or a proprietary interest in airplanes, boats, ships, yachts or thoroughbred race horses which Defendant(s) now has or had an interest in during the past three year. [Financial Affidavits indicate watercraft but no titles, registrations, etc. Spiro has a pilot's license that may require an interest in an airplane(s).]

g) All certificates of title or other evidences of Defendant's (') ownership of inventory, machinery, supplies, fixed assets, plant, warehouses or other like assets. [None provided although several businesses have been disclosed.]

h) Copies of the articles of incorporation, and all bylaws, stock certificates, corporate resolutions, and meeting minutes from the date of incorporation to the present for Defendant(s). [Nothing was provided on Centaur Construction Company, Inc.]

i) Copies of all life insurance policies which Defendant(s) owns. [Nothing was provided although Peter Alexopoulos has policies with State Farm and Spiro Tsaparas does not answer on his Financial Affidavits.]

j) Copies of all property insurance policies, both real and personal, for which Defendant(s) is a named insured. [Only 2019 renter's insurance for Peter Alexopoulos was provided.]

k) Copies of any personal financial statements of Defendant(s) which have been submitted to any banks or other financial institutions during the past three years. [Nothing was provided.]

l) Any and all trusts, agreements, partnership agreements or joint venture agreements by virtue of which Defendant(s) wholly or partially has an interest in any real estate, business enterprises or real estate venture. [Spiro Tsaparas and Peter Alexopoulos have numerous agreements with each other and Mark Hunt entities and POROS, and references to 95 Otis LLC, Estia Management, Sportsman's Resource Training, Hephaestus LLC and Triton Marine Holdings LLC.]

m) Copies of all contracts of employment or other contracts employing Defendant(s) during the past three years. [Only M Sourcing LLC agreement provided. Missing Estia Management and Sportsman's Resource Training. LLC]

2

n) Copies of any and all documents or records reflecting income received by Defendant(s) for the past three years. [Missing W2's and paystubs, etc. and sale proceeds from Triton Marine Holdings LLC and Hephaestus LLC.]

o) Copies of all written opinions or appraisals that Defendant(s) has received or contracted for, reflecting the values on any real or personal property which Defendant(s) presently owns, either legally or beneficially or real or personal property which Defendant(s) has owned for the past three years. [Only 2019 appraisal of 8053 N Ozark, Niles. Missing 96 Mountain Laurel Court Unit A, Aspen CO, furs and jewelry insured, fire arms purchased, value of Hephaestus LLC sold or transferred, Value of "2001 Boat" sold for 525,000 euro as examples.]

p) Copies of all records reflecting any deferred compensation agreements between Defendant(s) and prior employers, present employer, partnerships and/or corporations and any other person or entities for the past three years. [Missing for example Peter Alexopoulos' "Union Local 1"]

q) A list of all accounts receivable pertaining to Defendant(s). [None provided.]

r) All receipts, rental agreements, signature cards or other statements relating to any safety deposit boxes which Defendant(s) now has or had an interest in during the past three years. [None provided.]

s) All deeds, mortgages, trust deeds, certificates of participation, trust agreements and contracts for deed evidencing any ownership interest, legal or equitable, in real estate which Defendant(s) now has or has had an interest in during the past five years. [Nothing provided even though ownership by Alexopoulos was disclosed]

t) All loans or agreements with Defendant and all documents that refer or relate to any loan or agreement with Defendant and payment of any loan or agreement or retainer, or deposits by the Defendant or on behalf of the Defendant including but not limited to notes, checks, money orders, receipts, letters, emails. [Nothing provided although some checks from Peter Alexopoulos indicate payment or repayment.]

u) All bank statements, canceled checks, bank memoranda, check books or any other records relating to checking accounts, savings accounts or any other accounts maintained by Defendant(s) within the past three years at any bank or similar financial institution. [Financial Affidavit indication that at least one new account was opened up at Village Bank and Trust without production of documents.]

v) All books, papers or records in you possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor. [This would include "Other Personal Property Valued Over $500" which was left blank on both Spiro Tsaparas and Peter Alexopoulos Financial Affidavits.]

**Judgment and Authority**

1. After a jury trial that concluded on August 18, 2022 and months of post-trial motions, on March 15, 2023, judgment was entered against defendants Centaur Construction Co., Spiros Tsaparas, and Peter Alexopoulos jointly and severally in the total amount of $22,272,124.34 for fraud and breach of contract plus punitive damages against the Defendants individually. ("Judgment")

2. Fed. R. Civ. P. 69. ("Rule 69") incorporates into federal law state post-judgment enforcement procedures. The incorporated state procedures in this district are Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277, the state statutes and rules governing supplementary procedures. Thus, included within Rule 69 is the Court's authority to compel the production of documents in these supplemental citation proceedings to discover assets to apply to the Judgment. *See*, *GE Betz, Inc. v. Zee Co*., 718 F.3d 615 (7th Cir.2013).

**The Citation Proceedings**

3. On May 5, 2023 NHC LLC served citations to discover assets on Spiro Tsaparas and his partner, Cori McFadden (Doc. Nos. 243 and 244 respectfully).

4. On May 19, 2023, NHC LLC served citations to discover assets on Peter Alexopoulos and his wife, Alexandra Alexopoulos (Doc. Nos. 245 and 240 respectfully).

5. Although requested on several occasions, it was not until July 7, 2023 that Kimberly A. Herring of the firm Amundsen Davis, LLC (attorneys for Defendants) filed an appearance on behalf of Alexandra Alexopoulos (Doc. No. 248) and Cori McFadden (Doc. No. 249) (collectively "Third-Party Respondents") and thus has submitted to the jurisdiction of this Court.

6. On July 10, 2023 Cori McFadden produce documents consisting of 80 pages of

totally redacted bank statements with the exception of 27 transaction entries, 3 pages of the 2022 insurance policy summary, and 7 pages of Venmo transfers to Spiro Tsaparas.

7. On July 10, 2023 Alexandra Alexopoulos produced documents that are similar in scope to what Peter Alexopoulos produced.

8. Although requested several times, it was not until August 18, 2023, pursuant to the Citations to Discover Assets, Peter and Spiro produced certain documents. Spiro's documents consisted of 722 pages of various bank statements for Spiro, one other entity and Centaur plus 30 pages of an employment arrangement, and 3 pages of a Centaur employee promissory note. Peter's documents consisted of 536 pages of various bank statements for Peter and Alexandra and one other entity, 86 pages of documents related to the sale of their home at 8053 Ozark, Niles and their investment property at 95 Otis Road and 3 pages of a Centaur employee promissory note.

9. NHC LLC has communicated with counsel for the Defendants and the Third-party Respondents on several occasions (at least on: 5/26, 5/30, 6/19, 6/27, 7/5, 7/10, 8/17, 8/18, 10/9, 10/17, 10/19, 10/24, 10/27, 10/29) regarding and requesting that the Citation Respondents produce missing documents in connection with the Citations but as of the date of filing, such missing documents have not been forth coming and as such no citation examination of Spiro Tsaparas, Peter Alexopoulos, or of the Third-Party Respondents has commenced.

10. On October 9, 2023 NHC LLC requested that Cori McFadden sit for her citation examination offering four (4) separate dates with times at her choosing. No response was received until the first date offered and then her counsel agreeing only if it could be taken in Pitkin County or via Zoom. NHC LLC agreed to Zoom but as of the date of filing, Cori McFadden has not agreed to a date and time for her citation examination.

11. On October 17, 2023 and again on October 29, 2023 Plaintiff's counsel sent a

letter to counsel for the Defendants and Third-Party Respondents regarding the twenty-four (24) categories of missing documents.

12.     On or about October 25-27, 2023 Spiro Tsaparas and Peter Alexopoulos provided incomplete financial affidavits indicating among other things, sources of income and transfers of assets. Although stating on several occasions that the financial affidavits would provide details on the missing documents, they actually only answer a few questions and raise other questions on missing documents and unfilled blanks on the forms such as "Other Personal Property Valued Over $500".

13.     Plaintiff remains open to working with counsel for Defendants and Third-Party Respondents for an orderly production of documents, citation examinations and agreed orders on exemptions, turnover orders and wage deduction orders.

Wherefore, the Plaintiff/Judgment Creditor NHC LLC requests this court to:

a) Enter an order compelling Defendants Spiro Tsaparas and Peter Alexopoulos and partner Cori McFadden and wife Alexandra Alexopoulos to produce the requested documents, provide completed Financial Affidavits and certificates of completion and otherwise comply with the supplement proceedings, and

b) Grant any other relief the circumstances may require.

Respectfully submitted,

NHC LLC, Plaintiff


By: */s/ Gini S. Marziani* .
One of the attorneys for Plaintiff

Gini S. Marziani (3127421)
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
(312) 332-3033
gsmarziani@davismcgrath.com

**CERTIFICATE OF SERVICE**

      I hereby certify that, on November 1, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record.

                                                  /s/ Gini S. Marziani
                                                  An Attorney for NHC LLC