**IN THE UNITED STATES DISTRICT COURT**
**OF THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NHC LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2019 C 6332 |
| | ) | |
| CENTAUR CONSTRUCTION COMPANY, et al., | ) | Judge Matthew Kennelly |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR CONDITIONAL**
**JUDGMENT AGAINST EDROP-OFF CHICAGO LLC**

NHC LLC, Plaintiff and Judgment Creditor, through its undersigned counsel, moves this court, to enter a conditional judgment against Third-Party Citation Respondent EDrop-Off Chicago, LLC ("EDrop-Off") and further states as follows:

1.     On March 15, 2023 a judgment was entered against Centaur Construction Company, Inc., Spiro Tsaparas and Peter Alexopoulos jointly and severally in the total amount of $22,272,124.34 for fraud and breach of contract plus punitive damages against the individual Defendants.

2.     On or about November 20, 2023, Plaintiff served a Citation to Discover Assets on EDrop-Off by service on its registered agent through the Illinois Secretary of State and on Corri McFadden by sending it Certified Mail and regular mail with a return date of December 4, 2023. A copy of the Citation to Discover Assets to Third Party is attached hereto as **Exhibit A**.

3.     At the time of service of the Third Party Citation to Discover Assets, EDrop-Off was a dissolved entity and Corri McFadden was listed as the Registered Agent and Manager of EDrop-Off. A copy of the entity search on the Illinois Secretary of State website is attached hereto as **Exhibit B**. https://apps.ilsos.gov/businessentitysearch/businessentitysearch (searched November 16, 2023).

4.      EDrop-Off failed to appear on December 4, 2023 or in any way respond to the Citation to Discover Assets to Third Party served on November 20, 2023.

5.      Since Corri McFadden is represented by counsel who filed her appearance in these supplemental proceedings and EDrop-Off was represented by that same counsel in the underlying litigation, Plaintiff's counsel sent a letter on January 10, 2024 requesting that counsel confirm their representation and provide the requested documents listed on the Citation to Discover Assets to Third Party.  No response was received and thus Plaintiff's counsel followed up with an email dated January 17, 2024.  As of the date of filing, Plaintiff has received no response to the letter of January 10, 2024 or email of January 17, 2024.  Copies of the January 10, 2024 letter and emails are attached hereto as Group **Exhibit C**.

6.      The court has jurisdiction over EDrop-Off in these supplemental proceeding. However, EDrop-Off at all times during these proceedings, has failed to comply with the Third-Party Citation to Discover Assets or respond to correspondence to its counsel.

7.      Fed. R. Civ. P. 69. ("Rule 69") incorporates into federal law state post-judgment enforcement procedures. The incorporated state procedures in this district are Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277, the state statutes and rules governing supplementary procedures. Thus, included within Rule 69 is the Court's authority to compel the production of documents in these supplemental citation proceedings to discover assets to apply to the Judgment. *See*, *GE Betz, Inc. v. Zee Co*., 718 F.3d 615 (7th Cir. 2013).

8.      Pursuant to Rule 277(h), "[a]ny person who fails to obey a citation, subpoena, or order or other direction of the court issued pursuant to any provision of this rule may be punished for contempt." ILL. S. CT. R. 277(h).  Section 2-1402 permits a court to enter any order or judgment

that could be entered in a garnishment proceeding. 735 ILCS 5/2-1402(k-3). Where a third party

fails to respond to a garnishment summons, the creditor garnisher can request a conditional

judgment against the garnishee. 735 ILCS 5/12-706. Accordingly, the Court has the authority to

enter a conditional judgment against a citation respondent who fails to respond to a citation to

discover assets. *See, e.g.*, *Gov't Exples. Ins. Co. v. Hersey*, 922 N.E.2d 518, 520-22 (Ill. App. Ct. 2010); *In*

*re Wasserman*, No. 15 B 24318, 2015 Bankr. LEXIS 4268, at *1-3 (N.D. Ill. Bankr. Dec. 16, 2015).

9.      EDrop-Off has been allowed more than sufficient time to comply with the

underlying Third-Party Citation to Discover Assets yet has failed to even respond to the citation.

As the judgment entered in this case remains almost entirely unsatisfied, allowing the EDrop-Off

to continue to disregard the citation without consequences would be prejudicial to the Plaintiff.

WHEREFORE, for the foregoing reasons, Plaintiff, NHC LLC requests this Court to:

A.      Impose a Conditional Judgment against EDrop-Off Chicago LLC in the amount of

in the amounts of $22,272,124.34 plus interest, fees and costs,

B.      Provide for the issuance of a Summons to Confirm Conditional Judgment to be

served by hand delivery on the Illinois Secretary of State as the substitute registered agent of

EDrop-Off Chicago LLC with a copy to Corri McFadden as the last registered agent for EDrop-

Off Chicago LLC at her Aspen Colorado address by regular, certified and overnight mail; and

C.      Provide for such other and further relief as this Court deems just.

Respectfully Submitted,

NHC LLC, Plaintiff,

*/s/ Gini S. Marziani*
One of its attorneys

Gini S. Marziani (ARDC 3127421)
Davis McGrath LLC
125 S Wacker Drive, Suite 300
Chicago, IL 60606
(312) 332-3033
(GSMarziani@davismcgrath.com)

3

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 30, 2024 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record.

*/s/ Gini S. Marziani*
An Attorney for NHC LLC