This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts. Forms are free at ilcourts.info/forms.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NHC LLC, a Florida limited liability company,

      Plaintiff,

v.                                         Case No. 19-cv-06332

CENTAUR CONSTRUCTION COMPANY INC., an Illinois      Honorable Matthew F. Kennelly
corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,

      Defendants.

## VJ KTF 'RCTV[ 'CITATION TO DISCOVER ASSETS TO DEE VS, LLC

**TO:**   **DEE VS, LLC**

      c/o Illinois Secretary of State, as Registered Agent

      69 W. Washington Street, 12th Floor

      Chicago, IL 60602

| | |
|---|---|
| In **1**, if the debtor is a person, enter the address for the debtor. If the debtor is a business, enter the name and address of the registered agent.<br><br>The registered agent can be found on the Illinois Secretary of State's website. | **1.** This combined citation and notice is being sent to the above-referenced third-party (the "Respondent" or "You") and to the three (3) debtors referenced below (the "Debtor") because the above-referenced Plaintiff (the "Creditor") believes the Respondent has property belonging to Debtor:<br><br>*Debtor's Name*               a dissolved Illinois Corporation (Attn.: IL Secretary of State, as Reg. Agent)<br><br>*Street, Apt #*<br><br>*City*            *State*            *ZIP* |
| In **3**, you will need to find out whether appearance will be in person, or by phone or video. Contact the US Dist. Clerk by phone, or visit their website. Once you have this information, check **3a** or **3b**.<br><br>Fill out appearance date and time, and then:<br><br>If you check **3a,** fill out the address where the Debtor may attend in person.<br><br>If you check **3b,** fill out:<br>• the phone number for US Dist. Court Clerk's office.<br>• the instructions for how to appear by | **2.** A representative from the Respondent must fill out the attached *Answer to Citation* and take the actions described in Section Four (4) below.<br><br>**3.** The appearance date is _____ at _____ ☐ a.m. ☐ p.m.<br>           *Date*         *Time*<br><br>☐ a. In person<br>in Suite _____<br>The address is: _____<br>           *Street*<br><br>*City*         *State*        *ZIP*<br>OR<br>☐ b. By phone or video<br>**Information and instructions for how you must attend by phone or video:**<br>_____<br><br>**Attending by phone or video is also called a "Remote Appearance." For more information, call the US Dist. Court Clerk at:**<br>      *Local US Dist. Court Clerk's phone number*<br>**or visit their website to find out how to do this.** |

| | |
|---|---|
| **Notice to Debtor** | • You can attend on the date listed in section 3. You may be able to claim certain protections (exemptions) at a court date. For a list of exemptions see section 5 below. See *How to File an Emergency Motion to Claim Exemption* for information on how to file this *Motion*.<br>• If you need to go to court earlier than the date listed in section 3, you can file an *Emergency Motion to Claim Exemption*.<br>• You do not have to attend court. However, if you do not attend, and you have money in this bank, the court may turn your money over to the creditor. |
| **Notice to Respondent** | • If you do not answer or attend on the date listed in section 3, the judge may do one of two things:<br>    ○ Issue a rule to show cause; OR<br>    ○ Enter a conditional judgment.<br>• If there is a rule to show cause court date, you will have to explain why you did not attend on the date and why you should not be found in contempt of court. If you do attend the rule to show cause on the set court date, the judge may find you in contempt, and you might be arrested and jailed.<br>• If the court enters a conditional judgment, you will have 30 days to answer or appear. If you fail to do so, then the court may enter a final judgment against you. |

**The Respondent's duties and obligations**:

4. The Respondent must file the *Answer* on page **4** telling the Court about all accounts or safety deposit boxes that the debtor may have an ownership interest in or appears as a signatory. The Respondent must not transfer (sell, give away or get rid of) any property not exempt from the enforcement of a judgment. This prohibition shall remain in effect until further order of the court or termination of the proceeding. The Respondent is required to withhold double the unpaid amount listed below in paragraph **6.** The Respondent is not required to withhold beyond double the unpaid amount listed below.

**THE RESPONDENT IS FURTHER COMMANDED** to produce the documents described in the attached Rider no less than five (5) calendar days before the examination date to Gini S. Marziani, Davis McGrath LLC, at 125 S. Wacker Dr., Suite 300, Chicago, IL 60606 (gsmarziani@davismcgrath.com). **THE RESPONDENT IS PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Debtor or to which the Debtor may be entitled or which may be acquired by or become due to the Debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Debtor until further order of court or termination of the proceedings. The Respondent are not required to withhold the payment of any money beyond double the amount of the judgment. If the responsive account(s) consists solely of funds that can be identified as exempt under federal or state law, the Respondent is PROHIBITED from withholding the funds, and the Respondent must respond that the funds are exempt. Deposited funds that are exempt under federal and state law include Social Security Disability Insurance (SSDI) and Social Security Retirement Insurance (SSRI), Supplemental Security Income (SSI), veteran's benefits, public assistance benefits, unemployment compensation benefits, child support and/or circuit breaker property tax relief benefits.

5. **The Debtor has the right to claim certain protections ("exemptions").**
   **If the Debtor claims an exemption, the income or property covered by that exemption cannot be taken to pay the judgment. Here are some exemptions the Debtor may be able to claim:**

   1. Money or belongings up to $4,000 ("wildcard exemption");
   2. Social Security, Supplemental Security Income benefits, and disability;
   3. Public assistance benefits;
   4. Child support;
   5. Unemployment compensation benefits;
   6. Workers' compensation benefits;
   7. Veteran's benefits;
   8. Circuit breaker property tax relief benefits;
   9. Debtor's equity interest, up to $2,400, in any one motor vehicle;
   10. Debtor's equity interest, up to $1,500, in any professional books, or tools of their trade;
   11. Pension and retirement benefits and refunds; AND
   12. Debtor's equity interest, up to $15,000, in the house they live in.

Enter the Case Number given by the Circuit Clerk: 19-cv-06332

| | |
|---|---|
| **To debtor:** see *Emergency Motion to Claim Exemption* for further instruction on how to ask the court for these exemptions. | The Debtor has the right at the court date listed in section **3** to declare property or income as exempt. The Debtor also has the right to ask for these exemptions at an earlier date by notifying the clerk in writing at the office of the Circuit Clerk. A court date will be promptly set. Necessary forms must be prepared by the Debtor and sent to the Respondent and the Creditor or the Creditor's attorney. |

6. **Certification by the Creditor:**

> **A judgment was entered against the Debtor (amongst others) on March 15, 2023 in an aggregate original principal amount of no less than $22,272,124.34, plus post-judgment interest at the statutory rate. A true and correct copy of the referenced judgment is enclosed herewith. The current amount that remains to be paid, including the Creditor's court costs and post judgment interest, minus any applicable payments which have been made, is no less than $21,000,000.00 as of March 25, 2024, plus court costs of this proceeding.**

In **6a**, enter the name of the debtor and the date of the judgment. If the judgment has been renewed ("revived"), enter that date.

In **6b**, enter the amount of the judgment.

In **6c**, enter how much is still owed to you. You are entitled to the judgment amount, court costs (e.g., filing fees, service fees, sheriff's fee, etc.), and post judgment interest of 9% per year. Subtract any payments made by the debtor.

You must mail this *Citation* by first-class regular mail to the debtor.

> **I certify I will mail by regular first-class mail a copy of this *Third-Party Citation* to the Debtor at the address shown above within 3 business days after service on the Respondent's registered agent.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

> **I certify that everything in this *Third Party Citation to Discover Assets* is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.**

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

/s/
_____       _____
*Your Signature*                *Street Address*

_____       _____
*Print Your Name*               *City, State, ZIP*

Enter your complete address, telephone number, and email address, if you have one.

_____       _____
*Email*                         *Telephone*

_____
*Attorney # (if any)*

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

THOMAS G. BRUTON, CLERK

*Jamie Vicha*
_____
(By) DEPUTY CLERK

SC-                         April 11, 2024
                           _____
                           DATE

(04/23)

Enter the Case Number given by the Circuit Clerk:    19-cv-06332

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NHC LLC, a Florida limited liability company,

      Plaintiff,

v.                                    Case No. 19-cv-06332

CENTAUR CONSTRUCTION COMPANY INC., an Illinois      Honorable Matthew F. Kennelly
corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,

      Defendants.

### ANSWER TO THIRD PARTY CITATION TO DISCOVER ASSETS

| |
|---|
| **To creditor:** fill out section 1. In **1a**, enter the bank's name. |
| In **1b**, enter the bank's current address. |
| In **1c**, enter the debtor's name. |
| In **1d**, enter the last 4 digits of the debtor's Social Security Number. |
| In **1e**, list the amount of the judgment. |

**1. Information about the Respondent and the Debtors:**

   a.   Respondent's name: _____

   b.   Respondent's address: _____
                                *Street Address*

      _____
        *City*                *State*                *ZIP*

   c.   Debtors names: _____

A judgment was entered against the Debtors (amongst others) on March 15, 2023 in an aggregate original principal amount of no less than $22,272,124.34, plus post-judgment interest at the statutory rate. A true and correct copy of the referenced judgment is enclosed herewith. The current amount that remains to be paid, including the Creditor's court costs and post judgment interest, minus any applicable payments which have been made, is no less than $21,000,000.00 as of March 25, 2024, plus court costs of this proceeding.   **NOTICE TO RESPONDENT:** This is a *Citation*. You might need to freeze up to double the on the source of the deposits. See question 2.

| |
|---|
| **To creditor:** leave the rest of the form blank. |
| **To Respondent**: fill out the remaining parts of this form and sign it. Then file this *Answer* with the court and send a copy to the creditor. Contact the Court Clerk for instructions on how to file this *Answer* with the court. |

**2. Interrogatories:**

   a.   On the date of service of the *Citation*, do you have any personal property or money belonging to any of the debtors?
      ☐Yes    ☐No   \*\*\*If no, do not fill out the rest of the form. Sign below.\*\*\*

   b.   Is any of the money deposited into an IRA?
      ☐Yes.   If yes, do not freeze the IRA accounts.     ☐No

   c.   Have all of the deposits made during the past 90 days been electronically deposited and identified as Social Security, Unemployment Compensation, Public Assistance, Veteran's Benefits, Pension, or Retirement?
      ☐Yes. If yes, do not freeze the account.     ☐No

   d.   Is the account's current balance equal to or less than the total of the exempt deposits? ☐Yes.
      If yes, do not freeze the account.    ☐No

      If you checked **No** in **b**, **c**, and **d**, then freeze up to double the amount of the judgment.

Enter the Case Number given by the  Clerk: _____19-cv-06332_____

3. **Property:**

a. ☐ Account

| | Account Type | Account Balance | Amount Withheld |
|---|---|---|---|
| 1. | | $ | $ |
| 2. | | $ | $ |
| 3. | | $ | $ |
| 4. | | $ | $ |
| 5. | | $ | $ |
| 6. | | $ | $ |

b. ☐ Safety Deposit  ☐ Yes  ☐ No

c. ☐ Other property *(rents, mortgages, etc.)*

| | Describe Property | Value of Property | Amount Withheld |
|---|---|---|---|
| 1. | | $ | $ |
| 2. | | $ | $ |

d. ☐ Less Right of Offset for Loans  $_____

e. **Total Amount Frozen:** $_____

4. **List all electronic monthly deposits:**

| | Account Number | Source of Deposit | Monthly Amount |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |

5. **List all joint account holders or anyone who has a claim on the property:**

> If all of the property belongs to another person who is not the debtor, do not freeze the property.

a. _____

*First*                *Middle*                          *Last Name*

_____

*Street*

_____

*City*                              *State*                              *ZIP*

Account Information:  Type:  ☐ Checking  ☐ CD  ☐ Savings

Account Number: _____

b. _____

*First*                *Middle*                          *Last Name*

_____

*Street*

_____

*City*                              *State*                              *ZIP*

Account Information:  Type:  ☐ Checking  ☐ CD  ☐ Savings

Account Number: _____

Enter the Case Number given by the Clerk: _____19-cv-06332_____

c.

| | | |
|---|---|---|
| *First* | *Middle* | *Last Name* |

*Street*

| | | |
|---|---|---|
| *City* | *State* | *ZIP* |

Account Information:  Type:  ☐ Checking  ☐ CD  ☐ Savings

Account Number: _____

| | |
|---|---|
| Under the Code of Civil Procedure, <u>735 ILCS 5/1-109</u>, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | **I certify that everything in the *Answer to Citation Proceeding* is true and correct. I understand that making a false statement on this form is perjury and has penalties by law under <u>735 ILCS 5/1-109</u>.** |
| If you are completing this form on a computer, sign your name by typing it.  If you are completing it by hand, sign and print your name. | _____  _____<br>*Your Signature*                                       *Street Address* |
| Enter your complete address, telephone number, and email address, if you have one. | _____  _____<br>*Print Your Name*                                    *City, State, ZIP* |
| Mail or hand-deliver a copy of this completed *Answer* to the Court Clerk, plaintiff, and debtor. | _____  _____<br>*Email*                                                     *Telephone*<br><br>_____<br>*Attorney # (if any)* |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

## <u>RIDER TO THIRD PARTY CITATION TO DEE VS, LLC</u>

**REVIEW THIS LIST CAREFULLY AND GATHER AND PROVIDE ALL DOCUMENTS ON THE LIST TO PLAINTIFF'S COUNSEL. YOUR FAILURE TO DO SO MAY RESULT IN AN ORDER FOR CONTEMPT OF COURT.**

### DEFINITIONS AND INSTRUCTIONS

1. "Dee Vs, LLC," "Dee Vs," "You" or "Your" as used herein shall mean Dee Vs, LLC (whether as an individual and/or whether operating legal or other services as an entity of any kind and/or with, in association with, and/or as full or part-owner of an entity of any kind) and each and every of Your partners, members, directors, managers, officers, agents, employees, accountants, counsel, trustees, subsidiaries, parent organizations, predecessor(s) in interest, successor(s) in interest and any other person (including, without limitation, any entities) under the control or direction of any of the foregoing or purporting to act on behalf of any of them, regardless of affiliation or employment.

2. "Deanna Van Senus" as used herein shall mean Deanna Van Senus and all persons or entities acting or purporting to act for and on her behalf.

3. "Judgment Debtors" as used herein shall mean Centaur Construction Company, Inc., Spiro Tsaparas, and Peter Alexopoulos, who are judgment debtors in this matter, and their partners, agents, employees, accountants, counsel, trustees, predecessors/successors and/or affiliated business (in the case of Judgment Debtor) affiliates and any other person (including, without limitation, any entities) under their control or direction, and any other persons (including, without limitation, any entities) under the control or direction of any of the foregoing or acting on behalf of any of them, regardless of affiliation or employment.

4. The term "document" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written or graphic matter, however produced or reproduced, whether sent or received or neither, including drafts and both sides thereof, and including but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, e-mails, text messages, memoranda, typed or handwritten notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, ledgers, journals, financial statements, statistical records, desk calendars, appointment books, diaries, expense account records, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and items similar to any of the foregoing.

5. The word "communication" means any written, electronic or verbal transmission of words or thoughts between or among two or more persons, including, without limitation, any letter, electronic mail ("e-mail"), instant or text message, blog, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks and reports, whether transmitted in orally, in writing or by any electronic device.

6. The term "person" as used herein shall mean any natural person, corporate entity,

1

partnership, association (including professional association) or sole proprietorship.

7.   All documents which are not produced because of a claim of privilege, because of a claim that such documents form a part of the attorney's work product, or because of a claim that the documents were prepared in anticipation of litigation, shall be identified in sufficient detail to permit a request for in camera inspection of each document in the event any claim of privilege is disputed.

8.   Whenever appropriate in this request for production of documents, the singular form of a word shall be interpreted as its plural (and vice versa).

9.   The terms "and" as well as "or" as used herein shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request for production of documents any information which might otherwise be construed to be outside its scope.

10.  The term "including" as used herein shall mean including but not limited to.

11.  The term "evidencing" as used herein shall mean proving, indicating, or probative of the existence or nature of the matter discussed.

12.  The term "relating to" as used herein shall mean consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for or being in any way legally, logically or factually connected with the matter discussed.

13.  To the extent that no single document exists or is in Your possession, custody or control which contains all of the information sought in any particular request, You are to provide such other documents in your possession, custody or control which are sufficient to show, compute, compile or explain all of the information sought in the request or as much information as is available.

14.  The documents produced pursuant to this request for production of documents are to be segregated and identified by the number of the request to which the documents are responsive.

15.  For each responsive document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information.  State the specific grounds for the claim of privilege or other grounds for exclusion.  Also, for each document you claim is not discoverable, state the date of the document; the name, job title and address of the person (including, without limitation, any entity) who prepared it; the name, job title and address of the person (including, without limitation, any entity) to whom it was addressed, to whom it was circulated or who saw it; the name, job title and address of the person (including, without limitation, any entity) now in possession of the document; the description of the subject matter of the document; and the present location and custodian of the document.

16.  For a responsive document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each person (including, without limitation, any entity) having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

### DOCUMENT REQUESTS

You must produce all documents responsive to the requests herein as directed in the Citation.

1.      All documents evidencing or relating to any and all property of any of the Judgment Debtors held in any manner by and/or in the possession, custody and control of You (and/or any other person under Your control or direction and/or affiliated with You).

2.      All documents evidencing or relating to any and all payments made to You (and/or any other person under Your control or direction and/or affiliated with You) by any of the Judgment Debtors for any reason whatsoever from September 23, 2019 to the present, including but not limited to documents evidencing and/or relating to:

   (i)     The bank used by any of the Judgment Debtors to effectuate such payment(s);

   (ii)    The date of each such payment(s);

   (iii)   The amount of each such payment(s); and

   (iv)    The form of each such payment(s) (i.e., cash, check, wire transfer, etc.).

3.      All documents evidencing or relating to any and all payments made to You and/or Deanna Van Senus (and/or any other person under Your control or direction and/or affiliated with You) by any person other than any of the Judgment Debtors on behalf of any of the Judgment Debtors from September 23, 2019 to the present, including but not limited to documents evidencing and/or relating to:

   (i)     The identity of the person (including, without limitation, any entity) that made such payment(s);

   (ii)    The bank used to effectuate such payment(s);

   (iii)   The date of each such payment(s);

   (iv)    The amount of each such payment(s); and

   (v)     The form of each such payment(s) (i.e., cash, check, wire transfer, etc.).

4.      All documents evidencing or relating to any checking account, savings account, certificate of deposit, money market account or any other such account with any financial institution, whether foreign, domestic or other in which any of the Judgment Debtors has or had any interest between January 1, 2019 and the present.

5.      All account statements, ledgers or other related documents pertaining to any account maintained by You and/or Deanna Van Senus (and/or any other person under Your control or direction and/or affiliated with You) in the name of or for the benefit of any of the Judgment Debtors from January 1, 2019 to the present, including but not limited to client account statements, account ledgers, deposit receipts, withdrawal receipts, other documents

referencing the receipt and withdrawal of funds, and any and all correspondence confirming the receipt and/or use of funds.

6. All documents evidencing the application of funds or any and all payments made by You (and/or any other person under Your control or direction and/or affiliated with You) from September 23, 2019 to the present, relating to any account in the name of or on behalf of any of the Judgment Debtors, including but not limited to account statements, payables ledgers, invoices received, payee documents and all documents pertaining to funds transfers, including but not limited to transaction dates, type of funds transfer (i.e., wire, check, cash) and the reason for the withdrawal.

7. All invoices and/or billing statements from September 23, 2019 to the present, evidencing or relating to any and all services provided to or on behalf of any of the Judgment Debtors.

8. All documents reflecting communications between You and any third party from January 1, 2019 to the present, evidencing or relating to any and all assets and/or transfers of assets to and/or from any of the Judgment Debtors (and/or any purported assignee).

9. All documents reflecting communications between You and any third party from January 1, 2019 to the present, evidencing or relating to any expected income, assets and/or funds to be received by any of the Judgment Debtors (and/or any purported assignee).

10. All documents from January 1, 2019 to the present, evidencing or relating to any and all assets and/or transfers of assets to and/or from any of the Judgment Debtors (and/or any purported assignee).

11. All documents from January 1, 2019 to the present, evidencing or relating to any expected income, assets and/or funds to be received by any of the Judgment Debtors (and/or any purported assignee).

12. All contracts, loans or agreements with Defendants and all documents that refer or relate to any contract, loan or agreement with Defendant and payment of any contract, loan or agreement or retainer, or deposits by the Defendant or on behalf of the Defendant including but not limited to notes, checks, money orders, receipts, letters, emails.

13. Any and all communications between You and any of the Judgment Debtors after March 15, 2023 through present concerning the assets, property and/or income of any and/or all of the Judgment Debtors.

14. All documents relating to payments of money and/or transfers of assets or property by M Development LLC, M Sourcing LLC, Mark Hunt and/or Leslie Hunt to any of the Judgment Debtors (and/or companies owned or controlled by the Judgment Debtors, including but not limited to Triton Marine Holdings LLC) from January 1, 2019 to the present.

15. All documents relating to payments of money and/or transfers of assets or property by any of the Judgment Debtors (and/or companies owned or controlled by the Judgment Debtors, including but not limited to Triton Marine Holdings LLC) to M Development LLC, M Sourcing LLC, Mark Hunt and/or Leslie Hunt from January 1, 2019 to the present.

16. All documents and/or communications from January 1, 2019 to the present relating to

4

(i) any cash withdrawals by any of the Judgment Debtors, (ii) the spending of cash on any property, goods or services by any of the Judgment Debtors, and/or (iii) the storage of and/or saving of cash outside of financial institutions by any of the Judgment Debtors (e.g., in a safe, etc.).

17.     All documents and/or communications from January 1, 2019 to the present relating to the purchase, sale, ownership and/or use of any boats, yachts, aircraft, airplanes, helicopters, motor vehicles, motorcycles, ATVs, trailers or mobile homes by any of the Judgment Debtors.

18.     All documents and communications from January 1, 2019 to the present relating to any written, oral or other agreements by and between M Development LLC, M Sourcing LLC, Mark Hunt and/or Leslie Hunt, on the one hand, and any of the Judgment Debtors (and/or companies owned or controlled by the Judgment Debtors, including but not limited to Triton Marine Holdings LLC), on the other hand.

19.     All documents reflecting communications dated after September 23, 2019 between You and/or Deanna Van Senus, on the one hand, and any of the Judgment Debtors, on the other hand, relating to NHC LLC, the Nobu Hotel Chicago, Rodrigo Chapur Duarte and/or any lawsuits filed against any of the Judgment Debtors.

20.     All written agreements or contracts between You (and/or Deanna Van Senus) and any of the Judgment Debtors, including but not limited to any employment agreements or other agreements pursuant to which You (and/or Deanna Van Senus) have provided services to one or more of the Judgment Debtors from September 23, 2019 to the present.

21.     All documents and/or communications relating to any verbal or oral agreements between You (and/or Deanna Van Senus), on the one hand, and any of the Judgment Debtors, on the other hand, including but not limited to any verbal or oral agreements pursuant to which You (and/or Deanna Van Senus) have provided services to one or more of the Judgment Debtors from September 23, 2019 to the present.

22.     All written agreements or contracts between You (and/or Deanna Van Senus), on the one hand, and any of M Development LLC, M Sourcing LLC, Mark Hunt and/or Leslie Hunt, on the other hand, including but not limited to any employment agreements or other agreements pursuant to which You (and/or Deanna Van Senus) have provided services to one or more of M Development LLC, M Sourcing LLC, Mark Hunt, Leslie Hunt, and/or one or more of the Judgment Debtors from September 23, 2019 to the present.

23.     All documents and/or communications relating to any verbal or oral agreements between You (and/or Deanna Van Senus), on the one hand, and any of M Development LLC, M Sourcing LLC, Mark Hunt and/or Leslie Hunt, on the other hand, including but not limited to any verbal or oral agreements pursuant to which You (and/or Deanna Van Senus) have provided services to one or more of M Development LLC, M Sourcing LLC, Mark Hunt, Leslie Hunt, and/or one or more of the Judgment Debtors from September 23, 2019 to the present.

24.     Any and all documents not specifically requested herein that relate to the Judgment Debtors after March 15, 2023 through present.

ILND 450 (Rev. 10/13) - Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

NHC LLC,

Plaintiff(s),

v.

Centaur Construction Company Inc. et al,

Defendant(s).

Case No. 19 C 6332
Judge Matthew F. Kennelly

## AMENDED JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $            ,

which ☐ includes            pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

☐ in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

☒ other: On Count 1 (breach of contract) – In favor of plaintiff NHC LLC and against defendants Centaur Construction Co. and Spiros Tsaparas jointly and
severally. On Count 2 (fraud) - In favor of plaintiff NHC LLC and against defendants Centaur Construction Co.; Spiros Tsaparas; and Peter Alexopoulos jointly and severally. Compensatory damages are awarded in favor plaintiff NHC LLC and against defendants Centaur Construction Co.; Spiros Tsaparas; and Peter Alexopoulos jointly and severally in the total amount of $22,272,124.34. This entire amount is attributable to Count 2 (fraud). Of this same total $22,122,124.34 is attributable to Count 1 (breach of contract) for which defendants Centaur Construction Co. and Spiros Tsaparas are jointly and severally liable. Punitive damages are awarded on Count 2 (fraud) in favor of plaintiff NHC LLC and against defendant Centaur Construction Co. in the amount of $630,666.00; against defendant Spiros Tsaparas in the amount of $1,500,000.00; and against defendant Peter Alexopoulos in the amount of $400,000.00.

This action was *(check one)*:

☐ tried by a jury with Judge            presiding, and the jury has rendered a verdict.

☐ tried by Judge        without a jury and the above decision was reached.

☒ decided by Judge Matthew F. Kennelly on a motion


Date:   3/15/2023                         Thomas G. Bruton, Clerk of Court

                                          Melissa Astell , Deputy Clerk

# OFFICE OF THE SECRETARY OF STATE
## ALEXI GIANNOULIAS-Secretary of State

12350996
APRIL 16, 2024

GINI S. MARZIANI, DAVIS MCGRATH LLC
125 S. WACKER DRIVE; SUITE 300
CHICAGO, IL 60606


RE DEE VS, LLC

DEAR SIR OR MADAM:

AFFIDAVIT OF COMPLIANCE FOR SERVICE ON THE SECRETARY OF STATE
FOR THE ABOVE REFERENCED LIMITED LIABILITY COMPANY HAS BEEN FILED.

THE REQUIRED FILING FEE IS HEREBY ACKNOWLEDGED.

Please do not hesitate to contact my Business Services Department if you
have any questions or need further assistance.

Sincerely,

Alexi Giannoulias
Illinois Secretary of State  -  Department of Business Services
Limited Liability Division (217)524-8008

| | | |
|---|---|---|
| Form **LLC-1.50**<br>September 2013 | **Illinois Limited Liability Company Act** | FILE # 1235 0996 |
| **Secretary of State**<br>Department of Business Services<br>Limited Liability Division<br>501 S. Second St., Rm. 351<br>Springfield, IL 62756<br>217-524-8008<br>www.ilsos.gov | **Affidavit of Compliance for<br>Service on Secretary of State**<br><br>**SUBMIT IN DUPLICATE**<br>Type or Print Clearly<br><br>This space for use by Secretary of State. | This space for use by Secretary of State.<br><br>**FILED**<br>APR 1 6 2024<br>ALEXI GIANNOULIAS<br>SECRETARY OF STATE |
| **Payment may be made by check payable to Secretary of State. If check is returned for any reason this filing will be void.** | Filing Fee: $5<br>Approved: MB | |

1. Name of Limited Liability Company being served: DEE VS, LLC.

2. Title of Case and Case Number:

   NHC LLC                                    First Named Plaintiff
   _____v._____
   Centaur Construction Co., Inc., et al.     First Named Defendant      Number: 19 C 6332

3. Title of Court in which an action, suit or proceeding has been commenced: US Dist. Court, Northern Dist. IL

4. Title of Instrument being served: Citation to Discover Assets

5. A Copy of the Process, Notice or Demand, together with any papers required by law to be delivered with service, are hereby attached.

6. Address to which the undersigned has caused a copy of the attached process, Notice or Demand to be sent by certified or registered mail: Deanna Van Senus, 5 Indian Camp Trail, Ogden Dunes, IN 46368; Deanna Van Senus, 540 N State Street, Unit 5105, Chicago, IL 60654

7. The Secretary of State is irrevocably appointed as an agent of a Limited Liability Company upon the following basis:
   a. ☑ The Limited Liability Company's registered agent cannot with reasonable diligence be found at the registered office in Illinois.
   b. ☐ The Limited Liability Company has failed to appoint and maintain a registered agent in Illinois.
   c. ☐ The Limited Liability Company was dissolved on _____; the conditions of paragraphs
   <br>Month, Day, Year<br>a and b above exist; and the action, suitor preceding against or affecting the company has been instituted.
   d. ☐ The Limited Liability Company has been dissolved on _____; the conditions of a. or
   <br>Month, Day, Year<br>b. above exist, and a criminal proceeding against or affecting the company has been instituted.
   e. ☐ The Limited Liability Company is a foreign limited liability company admitted to transact business in Illinois that has been revoked or withdrawn on _____.
   <br>Month, Day, Year

8. The undersigned affirms, under penalties of perjury, that the facts stated herein are true, correct and complete.

   _____        April 11, _____, 2024.
   Signature of Affiant                               Month/Day              Year

   Gini S. Marziani
   Name (print)
   ( 312 ) 332-3033
   Telephone Number

   **TENDERED CHICAGO<br>CORP. DEPARTMENT**

**RETURN TO: (Please type or print clearly.)**

Gini S. Marziani, Davis McGrath LLC
Name
125 S. Wacker Drive; Suite 300
Street
Chicago, IL 60606
City, State, ZIP

APR 1 1 2024

ACCEPTANCE AND "FILED" DATE<br>ESTABLISHED ONLY AFTER<br>REVIEW

Printed by authority of the State of Illinois. December 2017 — 1 — LLC 13.8

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 22, 2024 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record.


*/s/ Gini S. Marziani*
An Attorney for NHC LLC