IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,<br><br>    Defendants. | No. 19-cv-06332<br><br>Honorable Matthew F. Kennelly |

**PLAINTIFF/JUDGMENT CREDITOR'S MOTION TO COMPEL TURNOVER OF PROPERTY AS TO PETER ALEXOPOULOS**

Plaintiff/Judgment Creditor, NHC LLC ("NHC" or "Judgment Creditor"), by its undersigned attorneys, and pursuant to Fed. R. Civ. P. 69 and 735 ILCS §§ 5/2-1402(a), 5/12-112 and 5/12-158, respectfully moves this Court for entry of an order directing Judgment Debtor Peter Alexopoulos ("Judgment Debtor") to turn over possession of: (1) 2018 Chevrolet Suburban bearing VIN No. 1GNSKJKC2JR265698; (2) 2022 Forest River Inc. Trailer bearing VIN No. 5NHUEH21XNN111508; and (3) any and all firearms in possession of Judgment Debtor (collectively, the "Collateral"). In support thereof, Judgment Creditor states as follows:

**BACKGROUND FACTS**

1. After a jury trial, judgment was entered against Defendants Centaur Construction Co., Spiros Tsaparas and Peter Alexopoulos jointly and severally in the total amount of $22,272,124.34 for fraud and breach of contract plus punitive damages against the Defendants

individually and in particular Judgment Debtor Peter Alexopoulos in the amount of $400,000.00 (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit A**.

2. As of the date of this Motion, the Judgment remains wholly unsatisfied.

3. NHC has issued a citation to discover assets to, among others, Judgment Debtor Peter Alexopoulos (the "Alexopoulos Citation"). (Dkt. No. 245).

4. Upon information and belief, Judgment Debtor is currently in possession of the Collateral.

## LEGAL ARGUMENT

5. Fed. R. Civ. P. 69. incorporates into federal law state post-judgment enforcement procedures. The incorporated state procedures in this District are Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277, the state statutes and rules governing supplementary procedures.

6. In that regard, and pursuant to 735 ILCS § 5/12-112, "[a]ll … goods and chattels (except such as by law declared to be exempt) of every … judgment [debtor] … shall be liable to be sold upon such judgment." Similarly, pursuant to 735 ILCS § 5/12-158, "[a]ll goods and chattels … may be taken and sold to satisfy a judgment."

7. Once a judgment creditor discovers assets in the hands of the judgment debtor and/or a third party, a court may order the judgment debtor or third party to deliver those assets to the judgment creditor to satisfy the judgment. *See* 735 ILCS 5/2-1402(a); *Ericksen v. Rush Presbyterian St. Luke's Med. Ctr.*, 289 Ill. App. 3d 159, 166 (1st Dist. 1999); *Physos v. Heart-Land Dev. Co.*, 258 Ill. App. 3d 618, 623 (1st Dist. 1994).

8. The Collateral is not exempt from enforcement.

9. Judgment Debtor should be required to turn over the Collateral to NHC so that the Collateral may be inspected and its value determined. Based on the results of that inspection, NHC will determine if the Collateral should be liquidated in order to partially satisfy the Judgment. Judgment Debtor has no rights to the proceeds from any possible sale of the Collateral that will be applied toward partial satisfaction of the Judgment.

10. NHC further requests that the Citation not be terminated upon determination of this Motion, and that the Citation remain in place as NHC's discovery in this matter continues.

WHEREFORE, NHC LLC, requests that this Court enter an Order: (a) compelling immediate turnover of the Collateral to NHC, including, without limitation, any and all certificates of ownership and other documents in connection therewith, so that the Collateral may be inspected and its value determined; (b) compelling Peter Alexopoulos to disclose all information regarding the location of the Collateral and to cooperate with turnover of the Collateral; and (c) awarding NHC any such further relief as this Court deems just and appropriate.

Dated:  June 21, 2024                                               Respectfully submitted,

                                                                                        NHC LLC


                                                                                        By:  /s/ *Zachary J. Watters*
                                                                                                    One of Its Attorneys


Daniel P. Jackson, Bar No. 6289813
Zachary J. Watters, Bar No. 6310675
Katie A. O'Neill, Bar No. 6337232
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
(312) 332-3033;
gsmarziani@davismcgrath.com

## CERTIFICATE OF SERVICE

I hereby certify that, on June 21, 2024, a true and correct copy of the foregoing **PLAINTIFF/JUDGMENT DEBTOR'S MOTION TO COMPEL TURNOVER OF PROPERTY AS TO PETER ALEXOPOULOS** was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record.

/s/ Zachary J. Watters
An Attorney for NHC LLC