IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company, | |
| Plaintiff, | |
| v. | No. 19-cv-06332 |
| | Honorable Matthew F. Kennelly |
| CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS and PETER ALEXOPOULOS, | |
| Defendants. | |

**OMNIBUS REPLY IN FURTHER SUPPORT OF MOTIONS FOR AN ORDER CHARGING PETER ALEXOPOULOS'S AND/OR SPIRO TSAPARAS'S DISTRIBUTIONAL INTERESTS IN CERTAIN LLCS**

Plaintiff/Judgment Creditor, NHC LLC ("NHC"), by its undersigned counsel, and in further support of its motions that request (Dkts. 602 & 603, the "Motions") that the Court issue charging orders against the distributional interests of Peter Alexopoulos ("Alexopoulos") and/or Spiro Tsaparas ("Tsaparas," and together with Alexopoulos, the "Judgment Debtors") in certain limited liability companies, pursuant to 805 ILCS 180/30-20, states as follows:

**INTRODUCTION**

The Judgment Debtors' omnibus response (the "Response") to the Motions concedes that NHC is entitled to entry of charging order(s) against the Judgment Debtors' respective interests in Triton Marine Holdings LLC ("Triton") and/or Sportsman's Resource Training LLC ("Sportsman's"), yet challenges Section D of NHC's proposed charging orders. Section D requires each LLC to, *inter alia*, render a monthly accounting to NHC. As explained below, Section D is permissible and the Court should enter the proposed charging orders as drafted. The Response

also "takes th[e] opportunity to highlight" (Resp. at 2) extraneous issue(s) not germane to the Motions, but warranting a brief reply herein.

## ARGUMENT

I. **Section D of the Proposed Charging Orders Is Permissible Under 805 ILCS 180/30-20**

Section D of the proposed charging orders reads that each LLC "shall render to Vedder Price P.C. (as attorney/agent for NHC) an accounting on a monthly basis of all profits, monies and assets due or to become due to [the Judgement Debtors]; provided that [each LLC] shall pay directly to Vedder Price P.C. (as attorney/agent for NHC), and not to [the Judgment Debtors], all profits, monies and assets as the same shall become due." Each portion of Section D is proper and permissible under 805 ILCS 180/30-20.

The Judgment Debtors quote 805 ILCS 180/30-20(a) it is entirety, but seemingly overlook the provision noting that the charging order shall "require[] the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the [Judgment Debtors.]"

Moreover, the Judgment Debtors' argument wholly ignores Section 180/30-20(b). 805 ILCS 180/30-20(b) permits the Court to order the Judgment Debtors to render accountings. 805 ILCS 180/30-20(b) reads that "[t]o the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subsection (a), the court may: (1) appoint a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made; and (2) make all other orders necessary to give effect to the charging order." 805 ILCS 180/30-20(b); *Golfwood Square LLC v. O'Malley*, 2018 IL App (1st) 172220-U, ¶ 23 (Sept. 11, 2018).

2

It is beyond reasonable dispute that the Judgment Debtors have attempted to obscure their assets and obstruct NHC's collection efforts in this case. The Judgment Debtors seek to continue this obfuscation of assets by arguing that an accounting of the distributions owed by the Judgment Debtors is not permitted under Section 180/30-20. The authority conferred under Section 180/30-20(b) includes "*ordering an accounting*, appointing a receiver, and foreclosing the lien by sale." *In re Lahood*, 2009 WL 2169879, at *4 (Bkr. C.D. Ill. July 16, 2009) (emphasis added). Indeed, Illinois courts have repeatedly entered charging orders requiring an accounting of the distributional interests. *See, e.g.*, **Ex. A**, ¶ E ("Pharmix shall render . . . accountings on a monthly basis of all profits, monies, and assets due or to become due to Zaric"); **Ex. B**, at ¶ 4 ("The Friedman LLCs described above shall render . . . an accounting on a monthly basis of all profits, monies, and/or assets due or to become due to Evgeny Freidman"); **Ex. C** at ¶ D ("Aria Group shall render . . . an accounting on a monthly basis of all profits, monies, and assets due or to become due to Ryan Dunn"); **Ex. D**, at ¶ D ("CRM shall render . . . an accounting on a monthly basis of all profits, monies, and assets due or to become due to Ryan Dunn"); **Ex. E**, at ¶ D ("Clinton Group shall render . . . an accounting on a monthly basis of all profits, monies, and assets due or to become due to Ryan Dunn"); **Ex. F**, at ¶ D ("Conway shall render . . . an accounting on a monthly basis of all profits, monies, and assets due or to become due to Ryan Dunn"); **Ex. G**, at p. 2 ("the Wallery LLCs described above shall render . . . an accounting on a monthly basis of all profits, monies, and assets due or to become due to Derrick Wallery").

The Judgment Debtors have demonstrated through their sanctionable conduct in this case their intent to evade satisfying the judgment against them. Without an accounting, there is no method by which NHC may monitor the distributions from the LLCs to ensure the Judgment Debtors do not direct the LLCs to ignore the Court's charging orders. Accordingly, the accounting

contemplated in Paragraph D is vital to "effectuate the collections of the distributions" pursuant to the proposed charging orders.

## II. NHC May Seek Entry of Charging Orders Against Global Logistics and Procurement LCC and Broadsmore Capital LLC upon Receipt of Information from Those Entities

The fact that NHC has not yet sought entry of charging orders against Global Logistics and Procurement LLC ("Poros") and/or Broadsmore Capital LLC ("Broadsmore") has nothing to do with the relief requested in the Motions. Yet the Judgment Debtors point this out in an apparent attempt to cast dispersions on NHC and distract from their own ongoing malfeasance. To be sure, and as addressed in greater detail in NHC's briefing related to issuance of rules/entry of conditional judgements against those entities, those entities have wholly disregarded their obligations with respect to the pending citations (leaving NHC largely in the dark with respect to information it would need to determine whether to seek entry of charging orders). At present, NHC *knows* that the Judgment Debtors are (or recently were) using Triton and/or Sportsman's to funnel monies subject to collection. NHC *suspects* that Judgement Debtors are using other entities (possibly including, but not limited to, Poros and Broadsmore) to funnel/hide monies that are subject to collection.

NHC may very well seek entry of charging orders against those entities upon receipt and review of documents produced by those entities and following the citation examinations of those entities. It is because NHC is presently largely *unaware* of the "financial status" of those entities that it has not yet decided whether to seek entry of conditional judgements.

WHEREFORE, NHC LLC, the Judgment Creditor, requests the Court grant the Motions and enter the charging orders submitted therewith.

        Respectfully submitted,

        NHC LLC

By:   */s/ Daniel P. Jackson*
      One of Its Attorneys

Daniel P. Jackson, Bar No. 6289813
Bryan K. Clark, Bar No. 6296090
Zachary J. Watters, Bar No. 6310675
Allison E. Czerniak, Bar No. 6319273
Keeley A. Sawyer, Bar No. 6336704
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
djackson@vedderprice.com
bclark@vedderprice.com
zwatters@vedderprice.com
aczerniak@vedderprice.com
ksawyer@vedderprice.com

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
T: +1 312 332 3033
gsmarziani@davismcgrath.com

Dated: April 16, 2025

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies and declares that, on April 16, 2025, a true and correct copy of the foregoing was: (i) electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record; (ii) sent to Triton Marine Holdings LLC via overnight FedEx delivered to 361 W. Chestnut Street, Suite 200, Chicago, IL 60610; (iii) sent to Triton Marine Holdings LLC via overnight FedEx delivered to the Illinois Secretary of State as Registered Agent, 69 W. Washington Street, 12th Floor, Chicago, IL 60602; and (iv) sent to Sportsman's Resource Training via overnight FedEx delivered to Mantas Law, LLC as Registered Agent at 1300 W. Higgins Road, Suite 310, Park Ridge, IL 60068.

*/s/ Daniel P. Jackson*
An Attorney for NHC LLC