IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 19 C 6332 |
| CENTAUR CONSTRUCTION CO., SPIRO TSAPARAS, and PETER ALEXOPOULOS, | ) |
|       Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

NHC LLC obtained a judgment against Centaur Construction Co., Inc., Spiro Tsaparas, and Peter Alexopoulos. To attempt to collect the judgment, NHC has served numerous citations to discover assets under 735 ILCS 5/2-1402. As relevant to the present motion, NHC has served Corri McFadden, Mr. Tsaparas's cohabitating domestic partner, with two third-party citations to discover assets: the first on May 5, 2023 and the second on January 15, 2025. Ms. McFadden has moved to quash the second citation, arguing that the Court lacks personal jurisdiction over her, that NHC has not established the predicate for serving a second third-party citation, and that the second citation is overbroad. In response, NHC has addressed these points, but it has alternatively moved to extend the original third-party citation.

For the following reasons, the Court grants NHC's motion to extend the original third-party citation issued to Ms. McFadden. Because this citation substantially

encompasses the second third-party citation, the Court further finds the dispute surrounding the second citation is moot.

## Background

NHC LLC obtained a judgment of over $22 million against an entity, Centaur Construction Co., Inc., and its principals, Spiro Tsaparas and Peter Alexopoulos. The judgment is on appeal. The defendants, however, did not post a bond and did not obtain a stay pending appeal. As a result, NHC has proceeded with collection-related activity before this Court. This largely has involved the service of citations to discover assets as well as extensive discovery to attempt to find assets of the defendants.

On May 5, 2023, NHC served a third-party citation to discover assets on Corri McFadden, Mr. Tsaparas's cohabitating domestic partner and mother of his children. Proceedings pursuant to this citation were slow. Ms. McFadden's initial response to the citation involved producing heavily redacted financial documents. The limited information contained in these documents made it difficult to determine whether Ms. McFadden had any of the judgement debtors' assets. This led to a drawn-out dispute regarding what Ms. McFadden was required to produce under the citation.

Under Illinois Supreme Court Rule 277, a citation to discover assets expires "6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner." Ill. S. Ct. R. 277(f). However, a court may grant extensions "as justice may require." *Id.* As this dispute over the scope of the initial citation continued, the Court formally granted several extensions, the last of which extended the citation through September 18, 2024.

Separately, on February 16, 2024, NHC moved for turnover concerning roughly $750,000 in loans that Ms. McFadden had testified at trial were made to her by Mr. Tsaparas. The Court granted the motion, finding that the debt Ms. McFadden owed to Mr. Tsaparas constituted a judgment debtor's asset. *NHC LLC v. Centaur Constr. Co.*, No. 19 C 6332, 2024 WL 3398332, at *2–3 (N.D. Ill. July 12, 2024). A judgment of over $750,000 was entered against Ms. McFadden in favor of NHC on July 22, 2024.

On July 15, 2024, the Court held a status hearing to discuss the impending judgment against Ms. McFadden and a possible extension of the third-party citation that had been served upon her. The Court determined a formal extension of the citation was unnecessary. The Court assumed that Ms. McFadden was unlikely to be able to immediately satisfy the $750,000-plus judgment, therefore requiring a direct citation to discover *her* assets. This direct citation would have been broader than a third-party citation, as it would inquire into *all* of Ms. McFadden's assets, not just any assets of the judgment debtors that she held. The Court therefore thought there would be no need to extend the third-party citation once the direct citation was served, as the third-party citation would be "subsumed" by the broader direct citation. *See* Tr. of Proceedings, July 15, 2024 at 51.

On August 29, 2024, NHC served a direct citation on Ms. McFadden pursuant to the judgment entered against her. The citation requested production by October 1, 2024 of certain documents pertaining to her assets and transfers. After Ms. McFadden failed to produce any documents, NHC agreed to an extension to October 17. Again, Ms. McFadden produced no documents. Instead, her counsel emailed NHC on October 17, 2024, stating that she "intends to pay the judgment against her in full, and intends to

3

make payment next week." NHC LLC's Resp., Ex. 7 at 2. Although she did not pay the full judgment by "next week," she did begin making substantial payments over multiple weeks. By February 20, 2025, Ms. McFadden had paid almost all of the roughly $750,000 judgment and had posted security for the rest. This payment and security resolved the direct citation.

NHC, still having not received the requested financial documents from Ms. McFadden, filed on December 2, 2024 an *ex parte* motion to issue a second third-party citation upon Ms. McFadden. The Court granted the motion, and Ms. McFadden was served the second citation on January 15, 2025. NHC's and Ms. McFadden's counsel subsequently engaged in numerous meet-and-confer discussions concerning the scope of the second citation's document requests. Despite these meetings, Ms. McFadden did not produce any of the requested documents.

On February 27, 2025, Ms. McFadden filed the present motion to quash the second third-party citation. She argued that the Court lacks personal jurisdiction over her, that NHC did not establish the circumstances required to serve a second citation, and that the second citation is overbroad. In response, NHC argued that the second citation was valid, and alternatively it moved to extend the original third-party citation.

## Discussion

The simplest resolution of this dispute is to extend the original third-party citation. Illinois Supreme Court Rule 277 allows a court to grant extensions to citations "as justice may require." Ill. S. Ct. R. 277(f). "Both state and federal courts construe Rule 277 liberally." *Laborers' Pension Fund v. Pavement Maint., Inc.*, 542 F.3d 189, 194–95 (7th Cir. 2008). "Notably, the language of [Rule 277] does not require that the request

4

for an extension be made prior to the expiration of the six-month period." *United States v. Macchione*, 660 F. Supp. 2d 918, 922 n.2 (N.D. Ill. 2009). In fact, a party need not move for an extension at all: "Nothing in the rule requires a party to seek or request an extension from the court in order to avoid termination." *Laborers' Pension Fund*, 542 F.3d at 195. Nor must a court expressly grant an extension—it may implicitly extend a citation "by continuing to entertain the citation proceedings" even without a formal grant. *Kalmin v. Varan*, 2021 IL App (1st) 200755, ¶¶ 26–27, 216 N.E.3d 984, 991.

Ms. McFadden contends that no such extension may be granted in this case, as the original third-party citation has already "extinguished." Reply at 14; Resp. to Sur-Reply at 4. Yet Ms. McFadden cites no court order terminating the original citation. It is true the Court did not formally grant an extension to the original third-party citation past September 18, 2024. But that was because the Court understood that the remaining requirements under the original third-party citation would be "subsumed" by the impending direct citation. *See* Tr. of Proceedings, July 15, 2024 at 51. The fact that the Court's last formal extension of the original citation was to September 18, 2024 indicates as much—the Court granted the extension to ensure the original citation would not expire before the broader direct citation was served. *See* Tr. of Proceedings, August 30, 2024 at 21–22 (granting the requested extension to September 18 after NHC notified the Court that it needed more time to serve the direct citation). Ms. McFadden's production responsibilities under the original citation thus persisted past the last formal extension date under the direct citation. In other words, the Court "continu[ed] to entertain citation proceedings" pursuant to the original citation even if it

5

did not expressly grant an extension. *Kalmin v. Varan*, 2021 IL App (1st) 200755, ¶¶ 26–27, 216 N.E.3d at 991.

Moreover, even if this lack of a formal extension led the original third-party citation to expire, a court has the discretion to grant a post-expiration extension under Rule 277. *Macchione*, 660 F. Supp. 2d at 922 n.2; *see also Laborers' Pension Fund*, 542 F.3d at 194–95 ("We have not found examples of cases where a reviewing court found that a lower court's ruling was invalid as a result of Rule 277(f)'s operation."). Ms. McFadden attempts to distinguish cases that have allowed post-expiration extensions by arguing they only involved "limited and targeted relief." Reply at 14. Yet these cases do not impose such a limitation. Instead, they analyzed the proposed extension under Rule 277(f)'s sole statutory requirement: whether "justice . . . require[s]" an extension. *Macchione*, 660 F. Supp. 2d at 922; *Kalmin*, 2021 IL App (1st) 200755, ¶ 26, 216 N.E.3d at 991.

The Court finds ample evidence that justice requires an extension of the original third-party citation. The Court declined to formally grant an extension to the original citation only because it assumed Ms. McFadden would be subject to a broader direct citation, as the Court mistakenly believed she would not be able to pay the over three-quarters-of-a-million-dollar judgment immediately. *See* Tr. of Proceedings, July 15, 2024 at 50–51 ("[L]et's just assume for the purposes of discussion that Ms. McFadden doesn't have . . . $751,000. . . . [T]hat's like the most likely outcome, unless she's got a lot of money nobody knows about yet."). Ms. McFadden's counsel did not correct this assumption. In fact, her counsel encouraged this reasoning. When asked whether an extension to the third-party citation was necessary due to the incoming direct citation,

6

Ms. McFadden's counsel agreed that "the third-party citation seems superfluous in light of the looming direct citation." *Id.* at 50.

Yet when the time came to abide by the document requests under the direct citation, Ms. McFadden and her counsel refused to produce any documents. Instead, Ms. McFadden stalled for over a month and a half, then (at least arguably) attempted to avoid her document-production responsibilities entirely by paying off the direct citation once the third-party citation expired. At best, this was an unexpected result that impermissibly enabled Ms. McFadden to avoid producing the original citation's requested documents. At worst, Ms. McFadden manufactured this result to circumvent the requirements of the original citation. Either way, justice is not served by allowing Ms. McFadden to stall and pay her way out of complying with the original citation.

Nor would an extension go against the purpose of Rule 277's deadline. Rule 277 imposes an expiration date on citations to "force judgment creditors to move promptly to collect their judgments . . . and to avoid undue harassment of a judgment debtor or third party." *Macchione*, 660 F. Supp. 2d at 922 (cleaned up) (quoting *Windcrest Dev. Co. v. Giakoumis*, 359 Ill. App. 3d 597, 607, 834 N.E.2d 610, 614 (2005)). There is no viable basis to say that NHC has not "move[d] promptly" in this case. Rather, with regard to Ms. McFadden, the citation proceedings have taken as long as they have due to her unwillingness to produce financial documents. *See* Tr. of Proceedings, April 23, 2024 at 49 (noting that "[i]t's been like pulling teeth to get documents from [Ms. McFadden]"). This stalling also makes Ms. McFadden's claim of harassment unconvincing. Judgment enforcement is undeniably a taxing process, but a citation recipient cannot claim lengthy proceedings are injurious when it is the cause of the delay. *See Laborers' Pension*

*Fund*, 542 F.3d at 194 (noting a party did not suffer "any prejudice, harassment, or injustice as a result of the delays" when "much of that delay resulted from its own requests for or acquiescence in more time").

In sum, Ms. McFadden's arguments against extending the original citation boil down to a request to disregard the particular circumstances of this case in favor of a stringent interpretation of Rule 277. Yet courts do not apply Rule 277 "so rigidly." *United States ex rel. McCandliss v. Sekendur*, 631 F. App'x 447, 449 (7th Cir. Nov. 9, 2015) (citing *Levine v. Pascal*, 94 Ill. App. 2d 43, 69, 236 N.E.2d 425, 431 (1968)). Under a liberal construction of the Rule, a court may grant an extension to a citation—even after the citation has lapsed—"as justice may require." *Macchione*, 660 F. Supp. 2d at 922 & n.2 (quoting Ill. S. Ct. R. 277(f)). Justice requires extending the original third-party citation to ensure Ms. McFadden does not evade her document production responsibilities through stonewalling and procedural manipulation.

## Conclusion

For the reasons stated above, the Court grants NHC's motion to extend the original third-party citation issued to Ms. McFadden, extending it by three more months, to July 23, 2025. Because the original citation substantially encompasses the requests made in the second third-party citation, the Court deems the second citation moot and therefore need not address the arguments pertaining to it. The Court therefore terminates the motion to quash without prejudice.

Date: April 23, 2025

_____
MATTHEW F. KENNELLY
United States District Judge