IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,<br><br>          Defendants. | No. 19-cv-06332<br><br>Honorable Matthew F. Kennelly |

**PLAINTIFF/JUDGMENT CREDITOR'S MOTION
TO COMPEL FORENSIC INSPECTION OF ELECTRONIC DEVICES**

Plaintiff/Judgment Creditor NHC LLC ("NHC"), by its undersigned counsel, hereby moves to compel a forensic inspection of electronic devices in the possession, custody and control of defendants/judgment debtors Centaur Construction Company, Inc. ("Centaur"), Spiro Tsaparas, and Peter Alexopoulos (collectively, "Defendants").

**I.    BACKGROUND**

As the Court is well aware, the docket is filled with motions (*see, e.g.,* Dkt. Nos. 286, 328, 437, 438, 439, 480, 481, 503, 504, 590, 592) and Court orders (*see, e.g.,* Dkt. Nos. 295, 337, 459, 461, 482, 505) addressing the fact that Defendants have each failed to comply with their obligations under citations that were issued after judgment in this case. Defendants have offered various explanations over time — sometimes claiming that they had no documents in their possession because Centaur ceased operations (*see, e.g.,* Dkt. No. 590-3), sometimes claiming that they simply lacked access to various business records (*see, e.g.,* Dkt No. 621), etc. But by obtaining documents from third parties, NHC has learned (and continues to learn) that these

1

excuses are a subterfuge, intended to conceal the fact that Defendants have flatly ignored their obligation to produce documents.

For example, NHC has received thousands of pages of emails between Tsaparas and his landlord, using his Centaur account and addressing Centaur business, that were never produced by Tsaparas or Centaur. *See* Dkt. Nos. 590-5 to 590-11, 590-14 to 590-18. And NHC has received hundreds of text messages between Tsaparas and his assistant, Deanna Van Senus, discussing Centaur business. *See* Group **Exhibit A**, containing representative text messages.

Given the record in this case, it is abundantly clear that Centaur, Tsaparas and Alexopoulos all have relevant digital documents (including business records, email and text messages) that have not been produced. And the record also demonstrates that there is a significant risk that Defendants will delete these responsive documents (if they have not already done so). Thus, to fully preserve the responsive documents and address the inadequacies in Defendants' productions, the Court should order a forensic examination of all electronic devices and accounts used for Defendants' work at any time during the period from January 1, 2020 to present, including, but not limited to, computers (desktop or laptop), hard drives, smart phones (e.g., iPhones, Android-based phones), BlackBerrys, personal data assistants, iPads or tablets, USB drives, flash drives, thumb drives, external hard drives, docking stations, and other electronic data storage devices and accounts and/or other methods of data backup.

There is no credible argument that this discovery is not relevant to NHC's investigation into Defendants' abilities to pay the judgment — particularly given that, as the Seventh Circuit has acknowledged, the citation process is so broad that it can fairly be considered a "fishing expedition." *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 628 (7th Cir. 2013). To the extent Defendants may claim that the requested investigation is costly, burdensome and intrusive, NHC is willing to

2

bear the costs of the imaging, and Defendants long ago abandoned their rights to be free from burden or intrusion by refusing to comply with their obligations under the citations.

NHC also is willing to meet and confer with Defendants regarding a forensic protocol to be approved by the Court, but thus far Defendants have simply ignored NHC's outreach on this issue. NHC's counsel sent letters to Defendants' counsel on April 18, 2025 (Declaration of Bryan Clark, attached as **Exhibit B**, at ¶ 3), asking for Defendants to confirm by April 22, 2025 that they would agree to a forensic investigation. Defendants ignored this request. *Id.* at ¶ 4. NHC's counsel then reached out by email on the morning of April 23, 2025, noting that NHC intended to file a motion if no agreement was reached. *Id.* at ¶ 5. Defendants did not respond. *Id.* at ¶ 6. On April 24, 2025, NHC's counsel left a voicemail for Defendants' counsel Constantine Gavrilos. *Id.* at ¶ 7. He received no response. *Id.* at ¶ 8. These efforts demonstrate that NHC's good faith efforts to meet and confer under Fed. R. Civ. P. 37 were ignored. *Id.* at ¶ 9. Accordingly, this Motion follows.

**II.     LEGAL STANDARD**

Fed. R. Civ. P. 69 ("Rule 69") incorporates into federal law state post-judgment enforcement procedures. The incorporated state procedures in this district are Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277, the state statutes and rules governing supplementary procedures. Thus, included within Rule 69 is the Court's authority to compel the production of documents in these citation proceedings to discover assets to apply to the judgment. *See GE Betz*, 718 F.3d at 628. The scope of permissible discovery by the judgment creditor is extremely broad: "more than one appellate court has held that extensive searching for assets — even described as 'a "fishing expedition"' — is permissible." *Id.*

3

**III.     ARGUMENT**

Applying the broad scope of relevancy under Rule 69, Defendants should be compelled to produce the requested devices for forensic investigation. "When determining whether to grant a motion to compel the forensic imaging of a cell phone or other electronic device, the court must decide whether the examination will reveal information that is relevant to the claims and defenses in the case and whether such an examination is proportional to the needs of the case given the cell phone owner's compelling privacy interest in the contents of his or her cell phone." *Pable v. Chicago Transit Authority*, 2021 WL 4789023, *2 (N.D. Ill. Apr. 2, 2021). "The court may compel a forensic examination of a party's personal devices where the moving party demonstrates that the responding party has concealed information or lacks the expertise necessary to search and retrieve all relevant data." *Id.* (citing *Belcastro v. United Airlines, Inc.*, 2019 WL 7049914, at *2 (N.D. Ill. Dec. 23, 2019)). Notably, "the non-moving party may be required to submit to a forensic exam even if that party has not intentionally withheld discoverable ESI: in particular, a third-party investigation may be appropriate when the non-moving party 'fails to initiate a reasonable process to search for, collect and produce responsive ESI.'" *Belcastro*, 2019 WL 7049914, at *2.

Here, it is readily apparent that an examination of Defendants' devices will reveal information that is relevant to NHC's efforts to enforce the judgment. Through third-party citations, NHC has received relevant emails sent to and from Defendants' email accounts that were not produced by Defendants (*see, e.g.,* Dkt. Nos. 590-5 to 590-11, 590-14 to 590-18) and NHC has received relevant text messages sent to and from Defendants' phones. *See* Ex. A. Assuming Defendants have complied with their litigation hold obligations in both the underlying litigation and in response to the citations, Defendants should have these documents (and others like them) on their digital devices. If they do not, that may be evidence of spoliation and/or efforts to fraudulently conceal assets.

4

Based on what has been produced by third parties, Defendants have either intentionally concealed these documents or, charitably, lack the expertise necessary to search and retrieve the relevant data. Defendants' track record in this case — leading to multiple findings of contempt by this Court — suggests that Defendants most likely have concealed or destroyed relevant documents. But even giving Defendants the benefit of the doubt, they purportedly believe that no documents related to Centaur were available at the time of their citation responses because they allegedly lost access to their business recording-keeping servers in 2019 or 2020. *See* Dkt. 621, p. 3. While this claim is dubious at best (*see* Dkt. No. 638, pp. 4-6), if Defendants truly wish to take the position that they have been unable to initiate a reasonable process to search for, collect and produce responsive documents, then the Court should have no concerns about ordering a forensic investigation so that an outside third party can assess the validity of Defendants' claims.

## IV. CONCLUSION

The documents that have been produced by third parties demonstrate that Defendants have failed to produce thousands of relevant documents, despite already facing multiple motions to compel and related contempt holdings. A forensic evaluation is the only means by which NHC can obtain highly relevant and plainly discoverable information regarding Defendants' business practices to support NHC's collection efforts. Accordingly, the Court should grant NHC's Motion to Compel a Forensic Inspection of Electronic Devices and, in connection therewith: (i) order Defendants to identify all electronic devices and accounts used for Defendants' work at any time during the period from January 1, 2020 to present, including, but not limited to, computers (desktop or laptop), hard drives, smart phones (e.g., iPhones, Android-based phones), BlackBerrys, personal data assistants, iPads or tablets, USB drives, flash drives, thumb drives, external hard drives, docking stations, and other electronic data storage devices and accounts and/or other methods of data backup; (ii) order Defendants to meet and confer in good faith with NHC regarding a forensic

protocol to be approved by the Court; and (iii) provide such other relief as the Court deems just and proper.

Dated: April 28, 2025

Respectfully submitted,

NHC LLC

By: /s/ *Bryan K. Clark*
      One of Its Attorneys

Daniel P. Jackson, Bar No. 6289813
Bryan K. Clark, Bar No. 6296090
Zachary J. Watters, Bar No. 6310675
Allison E. Czerniak, Bar No. 6319273
Keeley A. Sawyer, Bar No. 6336704
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
djackson@vedderprice.com
bclark@vedderprice.com
zwatters@vedderprice.com
aczerniak@vedderprice.com
ksawyer@vedderprice.com

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
T: +1 312 332 3033
gsmarziani@davismcgrath.com

*Counsel for NHC LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 28, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record.

                                                     */s/ Bryan K. Clark*
                                                     An Attorney for NHC LLC