IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NHC LLC, a Florida limited liability company,

        Plaintiff,

v.

CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,

        Defendants.

No. 19-cv-06332

Honorable Matthew F. Kennelly

## INJUNCTION ORDER – AMUNDSEN DAVIS, LLC

This matter coming to be heard on the Motion (the "Motion") made by Plaintiff and Judgment Creditor NHC LLC ("Judgment Creditor") for turnover and accounting concerning funds transferred to Amundsen Davis, LLC ("Amundsen Davis") (Dkt. No. 526), the Court having jurisdiction over the parties hereto and subject matter hereof, and having and been fully advised in the premises, the Court **HEREBY FINDS AS FOLLOWS**:

       1.    After a jury trial, judgment was entered against defendants Centaur Construction Co., Spiro Tsaparas, and Peter Alexopoulos (collectively, the "Judgment Debtors") jointly and severally in the total amount of $22,272,124.34 for fraud and breach of contract plus punitive damages against the defendants individually and in particular Tsaparas in the amount of $1,500,000.00 ("Judgment"). (Dkt. No. 228.)

       2.    Following service of a citation to discover assets on Tsaparas, Tsaparas transferred $4,000 to Amundsen Davis in payment of legal fees. (Dkt. No. 631.)

       3.    The Court found that the payment of $4,000 to Amundsen Davis by Tsaparas violated the restraining provision including the citation to discover assets served on Tsaparas and thus Amundsen Davis was ordered to turn over those funds to Judgment Creditor. (Dkt. No. 613).

       4.    The Court found that Judgment Debtors have repeatedly violated the restraining provisions of the respective citations to discover assets served upon them. (Dkt. No. 613.) Similarly, the Court found that Amundsen Davis, in its capacity as counsel for the Judgment Debtors, has repeatedly and inappropriately relied on a purported exemption to justify these transfers. (*Id*.)

**IT IS THEREFORE ORDERED AND ADJUDGED BY THIS COURT THAT:**

      (i) Amundsen Davis and its officers, affiliates, agents, and employees are hereby enjoined from accepting or receiving any non-exempt assets of the Judgment Debtors, including any assets as defined in 735 ILCS 5/2-1402(f) and (m).

Dated: April 30, 2025                  ENTERED:

                                           _____
                                           MATTHEW F. KENNELLY
                                           United States District Judge

1