**3043203 – MWH/KAH/CG/ad**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company, | |
| Plaintiff, | No. 1:19-cv-06332 |
| v. | Honorable Matthew F. Kennelly |
| CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS, | |
| Defendants. | |

## MOTION FOR LEAVE TO WITHDRAW
## AS COUNSEL FOR DEFENDANTS AND THIRD-PARTY RESPONDENTS

NOW COMES the law firm, Amundsen Davis, LLC, as and for its Motion for Leave to Withdraw as Counsel for Defendants and Third-Party Respondents, respectfully requesting that the Court grant Amundsen Davis LLC, including attorneys Matthew Horn, Kimberly Herring, Michael Cocciemiglio and Constantine Gavrilos, leave to withdraw their Appearance as attorneys of record for Defendants, Spiro Tsaparas, Peter Alexopoulos and Centaur Construction Company, and Third-Party Respondents, William Alexopoulos, Alexandra Alexopoulos and EDrop-Off, Chicago, LLC; and hereby states as follows:

1. On October 3, 2019, Matthew Horn, of the law firm Amundsen Davis LLC (formerly Smith Amundsen, LLC), filed his Attorney Appearance on behalf of Defendants, Spiro Tsaparas, Peter Alexopoulos and Centaur Construction Company ("Defendants").

2. Thereafter, the following attorneys from Amundsen Davis, LLC filed Attorney Appearances on behalf of Defendants: Kimberly Herring (filed on October 10, 2019); Michael Cocciemiglio (filed on May 30, 2022); and Constantine Gavrilos (filed on October 13, 2023).

3. Additionally, Kimberly Herring filed Attorney Appearances on behalf of the following Third-Party Citation Respondents in this matter:

   a. William Alexopoulos (filed on July 10, 2023);
   b. Alexandra Alexopoulos (filed on July 10, 2023);
   c. EDrop-Off, Chicago, LLC (filed on February 8, 2024).

4. The law firm Amundsen Davis, LLC has represented Defendants and Third-Party Respondents in this matter since their initial Appearances.

5. On April 9, 2025, the Court entered an order granting NHC's motion for turnover of funds transferred to Amundsen Davis by Mr. Tsaparas for legal services rendered in this citation proceeding. (Dkt. 631).

6. In granting the turnover, the Court ruled that Mr. Tsaparas' post-garnishment income (i.e. the balance of his income after applying the automatic deduction – $2,884.61 per paycheck and $5,769.22 per month – in favor of NHC) is not subject to the exemption set forth in 735 ILCS 5//2-1402(b) because "once wages are paid, they are no longer owed and thus cease to be wages." (Dkt. 631, Pg. 5).

7. On April 30, 2025, the Court entered an injunction order enjoining Amundsen Davis from "accepting or receiving any non-exempt assets of the Judgment Debtors, including any assets as defined in 735 ILCS 5/2-1402(f) and (m). (Dkt. 658).

8. Local Rule 83.50 of the United States District Court, Northern District of Illinois, states that: "On any matter not addressed by the ABA Model Rules or for which the ABA Model Rules are inconsistent with the Rules of Professional Conduct, a lawyer admitted to practice in Illinois is governed by the Illinois Rules of Professional Conduct, as adopted by the Illinois Supreme Court.

9. Rule 1.16(b) of the American Bar Association and Illinois Supreme Court Rule 1.16(b) contain identical verbiage, and state as follows:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> **(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;**
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

ABA Rule 1.16(b); Ill. Sup. Ct. R. 1.16(b) (emphasis added).

10. Defendants have substantially failed to fulfill their obligation to Amundsen Davis, LLC concerning services rendered in this matter, and Defendants have been given reasonable warning that Amundsen Davis LLC will withdraw unless the obligation is fulfilled. The obligation has not been fulfilled, and the Court's orders dated April 9, 2025 and April 30, 2025 effectively preclude Defendants from fulfilling their obligations henceforth, resulting in an unreasonable financial burden to Amundsen Davis, LLC.

11. Consequently, there exists good cause to grant Amundsen Davis, LLC, including the attorneys identified herein, leave to withdraw as counsel for Defendants and Third-Party Respondents this matter.

12. Defendants and Third-Party Respondents were advised of the instant Motion and do not object to same.

13. This case is not set for trial, and Amundsen Davis, LLC's withdrawal at this time will not unduly prejudice any party.

WHEREFORE, Amundsen Davis, LLC, respectfully requests that this Honorable Court enter an order granting it leave to withdraw as counsel for Defendants and Third-Party Respondents in this matter, and for any further relief this Honorable Court deems just and proper.

                                      Respectfully submitted,

                                      Amundsen Davis, LLC

/s/ Constantine Gavrilos
Matthew W. Horn, ARDC #6294719
Kimberly A. Herring, ARDC #6329811
Constantine Gavrilos, ARDC #6329716
Amundsen Davis LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL  60601
(312) 894-3200 - Fax (312) 894-3210
mhorn@amundsendavislaw.com
kherring@amundsendavislaw.com
cgavrilos@amundsendavislaw.com

**Certificate of Service**

I, Constantine Gavrilos, certify under penalties as provided by law, that a copy of this Motion for Leave to Withdraw as Counsel for Defendants and Third-Party Respondents was filed via Electronic Case Filing (ECF) on May 5, 2025, and that the below-listed parties are registered to use the ECF in the Northern District of Illinois and therefore service on them was accomplished by ECF on May 5, 2025.

/s/ Constantine Gavrilos

| *Attorneys for NHC* | *Attorneys for NHC* |
|---|---|
| Joshua J. Orewiler<br>Daniel P. Jackson<br>Vedder Price P.C.<br>222 N. LaSalle Str.<br>Chicago, IL  60601<br>(312) 609-7500<br>jorewiler@vedderprice.com<br>djackson@vedderprice.com | Gini S. Marziani<br>Davis McGrath LLC<br>125 S. Wacker Dr.<br>Chicago, IL  60606<br>(312) 332-3033<br>gsmarziani@davismcgrath.com |