IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,<br><br>    Defendants. | Case No. 19-cv-06332<br><br>Honorable Matthew F. Kennelly |

**MOTION FOR ALTERNATE SERVICE**

Plaintiff NHC LLC ("NHC"), by and through its undersigned attorney, pursuant to Rules 4(e)(1) and 69(a)(1) of the Federal Rules of Civil Procedure and Section 2-203.1 of the Illinois Code of Civil Procedure, states as follows for its Motion for Alternate Service (this "Motion"):

**RELEVANT BACKGROUND**

1. After a jury trial that concluded on August 18, 2022 and post-trial motions, on March 15, 2023, the Court entered an amended judgment ("Judgment") against Centaur Construction Co., Inc. ("Centaur"), Spiro Tsaparas ("Tsaparas") and Peter Alexopoulos ("Alexopoulos") (collectively, the "Judgment Debtors") jointly and severally in the total amount of $22,272,124.34 for fraud, plus punitive damages against each of the defendants individually.[1] (Dkt. No. 228.)

2. NHC has endeavored to uncover assets subject to execution—both assets in the Judgment Debtors' actual/physical possession, as well as those assets in their constructive

---

[1] The Judgment also held Centaur and Mr. Tsaparas liable for breach of contract in the amount of $22,122,124.34.

possession and/or control. Section 2-1402 is to be construed liberally and is not limited to assets currently in the physical possession of a judgment debtor. *City of Chicago v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873, 878 (1st Dist. 1998) ("Section 2-1402 is to be construed liberally, not only providing for the discovery of a debtor's assets and income, but also vesting the courts with broad powers to compel the application of discovered assets or income to satisfy a judgment.") (citation omitted). Instead, the lien created by a citation served on a judgment debtor applies not only to personal property in the possession of the judgment debtor, but also to personal property in the "control of the judgment debtor." 735 ILCS 5/2-1402(m)(1); *see also Dexia Crédit Loc. v. Rogan*, 2009 U.S. Dist. LEXIS 149446, at *57 (N.D. Ill. July 7, 2009) (finding that a judgment debtor may remain the "true owner" of property due to continuing to "control and enjoy the benefits of that property"). Additionally, the lien applies to any property "belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her[.]" 735 ILCS 5/2-1402(f)(1).

3. As this Court is aware, NHC is exploring when and if Centaur stopped doing business and whether Centaur is continuing operations under a different name(s) in furtherance of Judgment Debtors' efforts to conceal assets and further avoid paying the Judgment. NHC is also actively exploring whether various third-parties have assisted or are assisting Judgment Debtors in these efforts.

4. Centaur and/or its counsel have claimed Centaur stopped doing business in 2019. Upon reviewing records made available by other sources, NHC's counsel recognized that Centaur's assertion(s) that it ceased operations in 2019 were knowingly false. On or about June 12, 2024, the parties met and conferred on this issue. During the meet and confer, Centaur's counsel reiterated the claim that Centaur ceased operations shortly after this litigation was filed in

2019 and, as a result, no financial or other responsive records for the company existed after that date. NHC's counsel proceeded to send an e-mail summarizing the meet and confer, attached as **Exhibit 1**. NHC's counsel noted that they had received numerous documents indicating that Centaur continued operating long after 2019. In hopes of avoiding motion practice on this issue, NHC's counsel included an exemplar document demonstrating that Centaur continued operating long after 2019. The exemplar document was a December 2021 bank statement (the "Statement") for Centaur's account ending in -8746.

5. Review of Centaur's financial records, attached as **Exhibit 2**, revealed, among other things, the following five (5) large *deposits* from "William E. Connor II" (hereinafter, "Connor II") totaling $231,289.66 to Centaur's account ending in -8746:

(a) On or about August 3, 2021, a wire transfer from Connor II to Centaur totaling $93,529.02;

(b) On or about September 9, 2021, a wire transfer from Connor II to Centaur totaling $66,170.05;

(c) On or about October 12, 2021, a wire transfer from Connor II to Centaur totaling $33,069.38;

(d) On or about November 5, 2021, a wire transfer from Connor II to Centaur totaling $20,059.83; and

(e) On or about December 13, 2021, a wire transfer from Connor II to Centaur totaling $18,461.38.

6. Upon learning of the identity and involvement of Connor II, NHC endeavored to serve him with a citation to discover assets (the "Connor II Citation"), attached as **Exhibit 3**.

7. Given that Judgment Debtors provided next to no information regarding Connor II (information from which NHC could locate and serve him with the Connor II Citation), NHC spent time and resources to track down this information on its own.

8. Between approximately April 23, 2025 and May 1, 2025, NHC attempted to serve the Connor II Citation numerous times. (*See* Affidavits of Special Process Server, attached hereto as **Exhibit 4**.)

9. As further detailed in the aforementioned Affidavits of Special Process Server, NHC's special process servers made six (6) separate unsuccessful attempts to serve the Connor II Citation at two different known home addresses.

10. Moreover, in an attempt to avoid the necessity of filing this motion, counsel for NHC e-mailed counsel for Judgment Debtors on April 29, 2025 asking for Connor II's current home address, e-mail address, and telephone number. A true and correct copy of that e-mail is attached hereto as **Exhibit 5**. Counsel for Judgment Debtors ignored this e-mail.

11. This Motion follows.

## **RELIEF REQUESTED AND BASIS THEREFOR**

12. Pursuant to Federal Rule of Civil Procedure 69(a)(1), Illinois Supreme Court Rule 277 and 735 ILCS 5/2-1402 are applied to NHC's efforts to enforce the Judgment. *See JPMorgan Chase Bank v. PT Indah Kiat Pulp & Paper*, 2012 WL 2254193, at *1 (N.D. Ill. June 14, 2012). Similarly, Federal Rule of Civil Procedure 4(e)(1) provides that service upon Connor II can be made by following Illinois state law governing service of a summons.

13. Illinois Supreme Court Rule 277(c) and 735 ILCS 5/2-1402(b)(1) both provide that citations to discover assets may be served upon individual judgment debtors pursuant to, *inter alia*, the method set forth in Illinois Supreme Court Rule 105(b)(1). Illinois Supreme Court Rule 105(b)(1) provides that service may be effectuated "[b]y any method provided by law for service of summons[.]"

14. Illinois Code of Civil Procedure Section 2-203.1 provides as follows:

4

> If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203,[2] the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process.

735 ILCS 5/2-203.1.

15. As detailed above, NHC made diligent efforts to locate and serve Connor II. Indeed, in order to locate and serve Connor II, NHC (among other things): (a) conducted independent research to ascertain background and contact information for Connor II; (b) employed two special process servers corresponding to two known home addresses; (c) obtained an Accurint public records report for Connor II; and (d) confirmed Connor II's home addresses via Pitkin County, Colorado and Washoe County, Nevada property assessment records.

16. Diligence in locating and serving a defendant must depend on the facts of the specific case. In particular, whether a party has been diligent does not depend on the sheer number of attempts at service. *People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 982 (2d Dist. 2004). The statute also does not require futile attempts to serve a defendant at an address where the defendant does not live or at an address that does not exist. *Id*.

17. Here, the facts demonstrate that Connor II lives, at least part time, at 303 W. Hopkins Ave., Aspen, Colorado 81611 (the "Colorado Residence"). (**Ex. 6**.) Moreover, the facts

---

[2] Sections 2-203(a)(1) and (2) allow for service of process by "leaving a copy of the summons with the defendant personally" and by "leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons." 735 ILCS 5/2-203.

demonstrate that Connor II lives, at least part time, at 50 N. Sierra St., Ste. 1205, Reno, Nevada 89501 (the "Nevada Residence"). (**Ex. 7**.)[3]

18. Following due investigation, NHC is unaware of any other potentially current addresses for Connor II. Thus, based upon the present circumstances, NHC hereby submits that it has exercised diligence in attempting to locate and serve Connor II at the Colorado Residence as well as the Nevada Residence, and that an alternative means of service upon Connor II should be authorized.

19. Pursuant to 735 ILCS § 5/2-203.1, courts have allowed for service via alternate methods such as (i) e-mail, (ii) certified and regular mailings, (iii) posting at defendants' residences and (iv) service upon defendants' counsel of record. *See*, *e.g.*, *Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1007 (N.D. Ill. 2009) (noting that state court authorized service via posting, mailing and e-mail); *see also Hotel Emps. & Rest. Emps. Int'l Union Welfare Fund v. Printer's Row, LLC*, 2008 WL 5142187, at *4 (N.D. Ill. Dec. 5, 2008) (authorizing service via delivery to defendant's counsel of record in subject lawsuit); *Fifth Third Bank v. Malone*, 2010 WL 183344, at *3 (N.D. Ill. Jan. 20, 2010) (authorizing service via delivery to defendant's counsel of record in another pending lawsuit).

20. Accordingly, NHC respectfully requests that service of its forthcoming Alias Citation to Discover Assets to Connor II, and all documents ancillary thereto, be deemed effectuated and properly served by delivery via any one or more of the following methods (or comparable methods of service in accordance with due process as the Court sees fit):

---

[3] The Colorado Residence is owned by the Connor William E II Trust with an address at 990 S. Rock Blvd., Ste. F, Reno, Nevada 89502. The Nevada Residence is owned by Incline Trust, also with an address at 990 S. Rock Blvd., Ste. F, Reno, Nevada 89502. This address corresponds to the William E. Connor II Foundation, Inc., an active Nevada nonprofit corporation founded by William E. Connor II.

(a) Via certified (no signature required) and regular mail to the Nevada Residence or Colorado Residence;

(b) Via special process server and leaving a copy with the doorperson at the Nevada Residence or Colorado Residence;

(c) Via FedEx overnight delivery to the Nevada Residence or Colorado Residence; and

(d) Via e-mail to Judgment Debtors' counsel (whose clients can presumably contact Connor II, as they can direct him to pay at least $231,289.66 with little or no effort).

## **CONCLUSION**

WHEREFORE, Plaintiff NHC, LLC respectfully requests that the Court: (i) grant this Motion and enter an Order authorizing service upon Connor II as detailed in Paragraph 20 above and/or by other comparable methods; and (ii) enter any other or further relief in favor of NHC which this Honorable Court deems appropriate and just.

Dated: May 7, 2025

Respectfully submitted,
NHC LLC

*/s/ Daniel P. Jackson*
By: Daniel P. Jackson
One of Its Attorneys

Daniel P. Jackson, Bar No. 6289813
Bryan K. Clark, Bar No. 6296090
Zachary J. Watters, Bar No. 6310675
Allison E. Czerniak, Bar No. 6319273
Keeley A. Sawyer, Bar No. 6336704
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609 7500
djackson@vedderprice.com
bclark@vedderprice.com
zwatters@vedderprice.com
aczerniak@vedderprice.com
ksawyer@vedderprice.com

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
T:  +1 312 332 3033
gsmarziani@davismcgrath.com


Counsel for NHC LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NHC LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,<br><br>Defendants. | Case No. 19-cv-06332<br><br>Honorable Matthew F. Kennelly |

**DECLARATION OF DANIEL P. JACKSON
IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**

Daniel P. Jackson, an adult over eighteen (18) years of age, hereby makes the following statements under penalty of perjury:

1. My name is Daniel P. Jackson. I am currently one of the attorneys for Plaintiff NHC LLC (the "Plaintiff") in the above-captioned lawsuit (the "Lawsuit").

2. I am submitting this Affidavit in support of the Plaintiff's Motion for Alternate Service being filed in the Lawsuit simultaneously herewith (the "Motion"), which Motion is incorporated herein by reference.

3. I have reviewed and am familiar with the allegations in the Motion and, to the best of my knowledge, those allegations are true in substance and in fact, except as specifically modified herein and/or therein. To the extent any capitalized terms are not defined herein, they have the same meaning ascribed to them in the Motion. To the best of my knowledge, all documents attached to the Motion are true and correct copies of the originals.

4. A diligent inquiry as to the location of Connor II was made and reasonable efforts to serve him at those locations have been unsuccessful.

5. Plaintiff has been unable to identify any other current addresses or locations for Connor II other than the Colorado Residence and the Nevada Residence.

6. All attempts by Plaintiff to locate and serve Connor II in connection with this Lawsuit have been unsuccessful.

7. As Plaintiff has been unable to serve Connor II (despite the diligent efforts described in the Motion and herein), service is unpractical under items (1) and (2) of subsection (a) of Section 2-203 of the Illinois Code of Civil Procedure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: May 7, 2025  /s/ Daniel P. Jackson
Daniel P. Jackson

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 7, 2025 a true and correct copy of the foregoing **MOTION FOR ALTERNATIVE SERVICE** was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record.

*/s/ Daniel P. Jackson*
Daniel P. Jackson