**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NHC LLC, a Florida limited liability
company,

          Plaintiff,

v.

CENTAUR CONSTRUCTION COMPANY
INC., an Illinois corporation, SPIRO
TSAPARAS, and PETER ALEXOPOULOS,

          Defendants.

No. 19-cv-06332

Honorable Matthew F. Kennelly

## PLAINTIFF/JUDGMENT CREDITOR'S MOTION TO COMPEL PRODUCTION OF TAX DOCUMENTS

Daniel P. Jackson, Bar No. 6289813
Bryan K. Clark, Bar No. 6296090
Zachary J. Watters, Bar No. 6310675
Allison E. Czerniak, Bar No. 6319273
Keeley A. Sawyer, Bar No. 6336704
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500
djackson@vedderprice.com
bclark@vedderprice.com
zwatters@vedderprice.com
aczerniak@vedderprice.com
ksawyer@vedderprice.com

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
T:  +1 312 332 3033
gsmarziani@davismcgrath.com

Plaintiff/judgment creditor, NHC LLC ("NHC"), by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 69 ("Rule 69"), Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402), and Illinois Supreme Court Rule 277 respectfully moves this Court to issue a rule compelling defendants/judgment debtors Spiro Tsaparas ("Tsaparas"), Peter Alexopoulos ("Alexopoulos"), and Centaur Construction Company Inc. ("Centaur" and, collectively with Tsaparas and Alexopoulos, "Judgment Debtors") to produce all tax documentation responsive to the citations to discover assets directed at each of the Judgment Debtors.  In support hereof, NHC states as follows:

<u>RELEVANT FACTS AND PROCEDURAL BACKGROUND</u>

On March 15, 2023 a judgment was entered against Judgment Debtors jointly and severally in the amount of $22,272,124.34 for fraud and punitive damages against each of the Judgment Debtors.  NHC served each of the Judgment Debtors with a Citation to Discover Assets seeking, among other things, documentation related to the Judgment Debtors' taxes:  Tsaparas was served on May 5, 2023; Alexopoulos was served on May 19, 2023; and Centaur was served November 20, 2023.  (Docket Nos. 243, 245, and 309.)  Since that time, NHC has requested additional tax information from time to time,[1] which Judgment Debtors have failed to produce.

Judgment Debtors Alexopoulos and Tsaparas failed to produce any documents responsive to their respective Citations until August 18, 2023, despite several requests.  (Dkt. No. 286, ¶ 8.) Judgment Debtors' August 2023 production was solely comprised of 1,380 pages of documents in response to the 25 categories of information requested in the citation.  (*Id.*)  Counsel for NHC

---

[1] As this Court has made clear, subsequent document requests need not be made in the citation form.  (**Ex. A** (Excerpts from Feb. 9, 2024 Hearing Transcript), 13:10-14:10 ("As long as the request has been made at some point during the time period the citation is pending, then I think that as a matter of form, it's appropriate.").)

notified Judgment Debtors of the deficiency of their production at least 14 times without Judgment Debtors supplementing their production. (*Id.* at ¶ 9.) Accordingly, NHC moved the Court to compel the production of documents responsive to the Citations. (*Id.*) Judgment Debtors responded by taking the incredible position that NHC did not meet and confer with the Judgment Debtors and that Judgment Debtors had "complied with in full" NHC's requests. (Dkt. No. 293, p. 14.) At the hearing on the motion to compel, the Court quickly dispensed with the Judgment Debtors' arguments and ordered the Judgment Debtors each produce all documents responsive to the Citation and file a statement of compliance by November 15th, 2023. (**Ex. B** (Excerpts from Nov. 6, 2023 Hearing Transcript), 2:17-9:11, 14:17-15:19; Dkt. No. 295.)

Judgment Debtors Alexopoulos and Tsaparas, without providing any additional documents (except six pages of documents pertaining to a yacht), each provided a sworn statement of compliance with their Citations on November 15, 2023. (Dkt. No. 328, ¶ 4.) At their citation examinations, despite their sworn statements to the contrary, it became clear that neither Alexopoulos nor Tsaparas had produced all of the documents requested by their respective Citations. (*Id.* at ¶¶ 6, 8.)

Counsel for NHC contacted counsel for the Judgment Debtors numerous times seeking full production of the responsive documents to virtually no response. (*See id.*, at ¶¶ 11-13, 15.) NHC therefore moved *again* in January of 2024 to compel the Judgment Debtors to comply with their Citations. (*Id.*) NHC identified in excess of thirty categories of documents still missing from each Judgment Debtor including "Basis for Calculation for tax liability documents." (*Id.* at ¶¶ 7, 9.) Judgment Debtors responded to NHC's motion by arguing that many of the requests were not initially included in the Citations and were outside the scope of the supplementary proceeding. (Dkt. No. 335, pp. 4-8.) Judgment Debtors also claimed they had or would shortly produce all of

the existing responsive documents within their possession or control. (*Id.* at pp. 8-10.) The Court's February 9, 2024 Order rejected Judgment Debtors' arguments and again compelled Judgment Debtors to produce NHC's requested documents, including "[d]ocuments responsive to the categories listed . . . as 'not initially requested in citations.'" (Dkt. No. 337.) The Court additionally ordered Judgment Debtors to complete Declarations of Completeness as to NHC's requests for documents. (Docket Nos. 337, 389.)

On March 1, 2024, each Judgment Debtor produced an executed Declaration of Completeness stating that, "under penalty of perjury," the Judgment Debtor had produced "all of the documents in my possession, custody or control" which were responsive to the Citations to Discover Assets directed at each Judgment Debtor. (**Ex. C** (Alexopoulos Declaration); **Ex. D** (Tsaparas Declaration).)[2] Once again, and in defiance of the Court's order compelling production, Judgment Debtors produced no additional documents before executing their Declarations. (Dkt. No. 359, p. 2.) In the Joint Status Report filed March 15, 2024, Judgment Debtors did not deny that they possessed or controlled tax documents, but rather refused to produce the documents on the baseless assertion that the tax documents were "not responsive to the Citations." (*Id.* at pp. 18, 21.) On information and belief, included within the documents inappropriately withheld by Judgment Debtors were several documents regarding Judgment Debtors' outstanding tax liabilities owed to the U.S. Internal Revenue Service ("IRS") and/or the Illinois Department of Revenue ("IDOR").

On February 14, 2025, NHC filed a motion for rule to show case as to why Tsaparas should not be held in contempt for his numerous violations of the Citation to Discover Assets' restraining

---

[2] *See also* **Ex. E** (Centaur Declaration) (attesting that Centaur provided "all of the Documents within Centaur's possession and/or control that are responsive to the Citation to Discover Assets that was served on Centaur"). Centaur produced its Declaration on May 10, 2024. (*Id.*)

provision and commission of perjury. (Dkt. No. 592.) In response to NHC's motion against Tsaparas, Judgment Debtors collectively stated that Tsaparas was indigent and submitted in support documents from the IRS and IDOR noting large outstanding tax obligations from as far back as September 2019 and March 2020, respectively. (Docket Nos. 619-2, 619-3.) On May 5, 2025, Judgment Debtor Alexopoulos submitted a Disclosure of Monthly Expenses (April 1-30, 2025) (the "Alexopoulos Disclosure") revealing a $600 "CASH/Money Order" payment to the IRS pursuant to a "REVISED Installment Agreement" and a $125 "CASH/Money Order" payment to IDOR pursuant to an "Installment Agreement." (Dkt. No. 663.) The Alexopoulos Disclosure notes that Alexopoulos had previous payment plans in place with both the IRS and IDOR.

<u>NHC'S ATTEMPTS TO SECURE COMPLIANCE</u>

Mindful of the motions already pending before the Court, NHC attempted several times to secure production of the responsive tax documentation from Judgment Debtors. Each of NHC's attempts were resoundingly ignored.[3]

On April 16, 2025, NHC's counsel contacted counsel for the Judgment Debtors reiterating NHC's requests for the production of all tax documentation. (**Ex. F**.) On April 18, 2025, NHC's counsel again attempted to contact Judgment Debtors' counsel via a letter addressing the Judgment Debtors' data retention obligations and demanding the imaging of the Judgment Debtors' devices. (Dkt. No. 650-2.) On April 21, NHC's counsel *again* attempted to contact counsel for the Judgment Debtors on the outstanding tax documentation. (**Ex. G**.) On April 24, counsel for NHC

---

[3] Fed. R. Civ. P. 37 does not apply to secure compliance of a court order, such as the citation to discover assets. *See Royal Maccabees Life Ins. Co. v. Malachinski*, 2001 WL 290308, at *9 (N.D. Ill. Mar. 20, 2001) ("Clearly, the prior issuance of a court order obviates the need to meet and confer as required under Rule 37(a)."). However, even if NHC is required to meet and confer with Judgment Debtors, NHC's several attempts described within this section show NHC's good-faith efforts were ignored.

called counsel for Judgment Debtors on, among other things, this outstanding tax documentation. Judgment Debtors completely ignored NHC's attempts to meet and confer on these discovery issues.

Judgment Debtors and their counsel continue their well-established pattern of failing to produce documents or other information and ignoring NHC's extrajudicial efforts to secure compliance without judicial intervention. In light of the foregoing attempts to discuss Judgment Debtors' deficient productions, Judgment Debtors may not credibly protest that NHC is filing yet another motion designed to burden the Judgment Debtors. NHC was forced to file this and its other motions as a result of Judgment Debtors' and their counsel's failures to engage. Judgment Debtors' burdens to respond to NHC's motions seeking to enforce the Citations are self-imposed and their stonewall tactics are the cause for the delays in this case.

LEGAL STANDARD

Rule 69 incorporates into federal law state post-judgment enforcement procedures. The incorporated state procedures in this district are Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277, the state statutes and rules governing supplementary procedures. Thus, included within Rule 69 is the Court's authority to compel the production of documents in these citation proceedings to discover assets to apply to the judgment. *See GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 628 (7th Cir. 2013).

ARGUMENT

**A.    The Court Already Ordered Judgment Debtors to Produce the Tax Documents**

The Court is plainly authorized to compel Judgment Debtors to produce the tax documents in question. *See GE Betz, Inc.*, 718 F.3d at 628. Indeed, the Court has *already* issued two motions compelling Judgment Debtors to produce, among other things, the tax documents at issue. (Dkt. Nos. 295, 337.) Yet after each order compelling production, Judgment Debtors failed to produce

6

any additional tax documentation. (Dkt. No. 286, ¶ 8; Dkt. No. 359, p. 2.) Judgment Debtors'

refusal to comply with the Court's orders is independently sufficient to empower the Court to

compel production. *See Fuery v. City of Chi.*, 900 F.3d 450, 463 (7th Cir. 2018) ("A district court

may impose sanctions under its inherent authority where a party has willfully abused the judicial

process or otherwise conducted litigation in bad faith" such as by "violation of a court order.").

Judgment Debtors cannot be permitted to withhold documents responsive to the Citations by

merely ignoring the Court's orders.

### B.     Judgment Debtors Clearly Control the Requested Tax Documents

Judgment Debtors' recent filings, including the exhibits in their opposition to NHC's

motion to show cause and the Alexopoulos Disclosure, establish beyond reasonable contention

that Judgment Debtors possess or control responsive documents withheld from NHC. While the

IRS and IDOR documents attached as exhibits to the Judgment Debtors' opposition were dated as

of February 2025, each showed outstanding tax obligations spanning five years or more. (Dkt.

No. 619-2.) Given the timing and amounts of the debts at issue, Judgment Debtors *must* be in

possession of additional documents regarding their tax liabilities to the IRS and IDOR that they

failed to produce. For example, it is simply inconceivable that the IRS would have sent no

communications to Judgment Debtors regarding a tax debt in excess of $500,000 between

September 30, 2019, the date at which Judgment Debtors began incurring the debt, and February

2025. (*Id.*) Similarly, the Alexopoulos Disclosure reveals at least two installment agreements with

both the IRS and IDOR.[4] (Dkt. No. 663.) Judgment Debtors must possess, at a minimum,

---

[4] (1) The current $600/month agreement between Alexopoulos and the IRS; (2) the current $125/month agreement between Alexopoulos and the IDOR; (3) the defaulted $350/month agreement between Alexopoulos and the IRS; and (4) the defaulted $100/month agreement between Alexopoulos and the IDOR. (Dkt. No. 663, pp. 3-4.)

communications regarding the installment agreements with the IRS and IDOR, copies of the agreements themselves, and receipts of installment payments received by the IRS and IDOR.

Moreover, even if Judgment Debtors somehow do not possess the relevant tax documents, Judgement Debtors would have control over any relevant tax documents possessed by the IRS and IDOR. It is "well settled that a party need not have actual possession of documents to be deemed in control of them. The test is whether the party has a legal right to control or obtain them." *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977). In *Castleton Health Care Center, LLC v. Kentuckiana Healthcare, LLC*, the court considered a motion to compel by plaintiffs against defendants seeking to obtain testimony from an IRS employee and the production of documents held by the IRS. 2010 WL 3324983, at *1 (S.D. Ind. Aug. 18, 2010). The court granted plaintiffs' motion to compel, finding that "even though the IRS has physical possession of the information, Defendants still control it" because "Defendants have the legal right to obtain their documents from the IRS." (*Id.* at *1-2.) The IRS and IDOR both likely possess records of at least the Judgment Debtors payment plans, any communications regarding the payment plans, and receipts for payments made by Judgment Debtors to the IRS or IDOR. Judgment Debtors would have the legal right to obtain these documents from the IRS and IDOR and, accordingly, are in control of the documents.

### C.    <u>It is Critical that NHC Obtain The Tax Documents</u>

The tax documents are of critical importance to NHC's efforts to collect its judgment against the Judgment Debtors for two reasons. *First*, the tax documents are necessary for the Court to adjudicate lien priority between NHC's judgment against the Judgment Debtors and the tax liabilities owed by the Judgment Debtors to the IRS and IDOR. "Where there are competing claims to a delinquent taxpayer's property by a federal tax lien and a state-law lien, priority is determined by federal law." *Durand State Bank v. Earlywine*, 286 Ill. App. 3d 210, 212 (2nd Dist.

1997). However, under Section 6323(a) of the Internal Revenue Code, a federal tax lien is "first in time" only if notice is filed before the creditor achieves status as a judgment lien creditor. 26 U.S.C. § 6323(a); *Durand*, 286 Ill. App. 3d at 212 (holding that a "creditor achieving the status of a judgment lien creditor before the government files its notice of [unpaid taxes] lien is entitled to priority over the United States even if the government's assessment [for unpaid taxes] was made before the judgment"). Here, even if the Judgment Debtors incurred their tax liabilities before NHC secured its judgment against them, NHC may still have a priority lien rendering impermissible Judgment Debtors' distributions to the IRS and IDOR with NHC's judgment outstanding. NHC is entitled to the tax documents to ensure that it is protecting its priority as judgment lien creditor.

*Second*, the tax documents are proof of additional continued violations by the Judgment Debtors of the Citations.[5] The Citations prohibit the Judgment Debtors from "making or allowing any transfer or other disposition of" of nonexempt property belonging to the Judgment Debtors "until further order of the court or termination of the proceedings." (Dkt. No. 243; Dkt. No. 245; Dkt. No. 309.) NHC is not aware of any order by this Court permitting Judgment Debtors to pay outstanding tax debt owed to the IRS or IDOR. Accordingly, any distribution by the Judgment Debtors to the IRS or IDOR represents a violation of the Citations. *See Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1116 (N.D. Ill. 2012) ("The statute creates only two exceptions to the prohibition on transfer: 1) transfers of property exempt from the enforcement of the judgment and 2) property in excess of an amount that is double the balance due on judgment.

---

[5] Evidence concerning further violations of the Citations against the Judgment Debtors is of particular importance where this Court has found that the Judgment Debtors have committed contempt of court dozens of times. (*See* **Ex. H** (Excerpts from Apr. 23, 2024 hearing transcript), 8:1-2.)

Courts have consistently condemned ***any*** deviation from this directive." (emphasis added)); *City of Chi. v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873, 878 (1st Dist. 1998) (holding that citations "do not make any allowance" for payments to creditors).

*Chicago Dist. Council of Carpenters Pension Fund v. Hernandez Gen. Constr.* is directly on point. 1998 U.S. Dist. LEXIS 19643 at *9-12 (N.D. Ill. Dec. 14, 1998). In that case, the court issued a Citation to Discover Assets and turnover order against Ross Midwest, Inc., a third party which owed a debt to the judgment debtor. *Id.* at *2, 4. Unbeknown to the judgment creditor and court, the IRS had filed a tax levy against the judgment debtor prior to the entry of judgment in favor of the judgment creditor. *Id.* at *2. Ross failed to comply with the turnover order. On hearing on a motion to show cause for contempt against Ross' executive vice president (who caused the funds to be distributed), Ross argued that it could not comply with the turnover order because it had paid the money it owed to the judgment debtors to the IRS. *Id.* at *5. The court found that, because it was never informed of the tax levy against the judgment debtor, Ross' release of the judgment debtor's assets to the IRS was a clear violation of the Citation. *Id.* at *10. The Court found especially egregious that Ross knew that "there was a conflict between Ross' obligation under the Citation (not to disburse any funds) and the IRS levy" yet "failed to apprise the District Court of this conflict, and instead simply paid the IRS and ignored the Citation[.]" *Id.* at *11. The court found the executive vice president in civil contempt. *Id.* at *13.

The facts in *Chicago Dist. Council* are materially identical. Judgment Debtors, equipped with the knowledge that the Citations prohibited the transfer or disposition of nonexempt property "until further order of the court" declined to inform either the Court or NHC of Judgment Debtors' apparent payments to the IRS and IDOR. Judgment Debtors could have petitioned the Court for permission to pay their taxes or could have informed the IRS and IDOR of the citation lien against

their assets, but refused to do so. Accordingly, each of Judgment Debtors' payments to the IRS and IDOR is a violation of the Citations. NHC is entitled to the tax documents to bring to the Court's attention the frequency and extent to which the Citations have been violated.

CONCLUSION

Judgment Debtors' recent filings have proven that, despite several court orders and a declaration under oath, Judgment Debtors are still in possession of unproduced documents which are relevant to the Citation and material to NHC's efforts to collect its judgment against the Judgment Debtors. Accordingly, this Court should grant NHC's motion to compel production of tax documents and, in connection therewith: (i) order Judgment Debtors to produce all documents related to taxes paid or owed to the IRS, IDOR, or any other government entity from January 1, 2020 to present; (ii) order Judgment Debtors to pay NHC's attorneys' fees incurred in connection with filing this motion pursuant to FRCP 37; (iii) forbid Judgment Debtors from disbursing any funds to the IRS, IDOR, or any other governmental entity in payment of tax liabilities without leave of the Court; and (iv) grant NHC such other, further, or additional relief in its favor and against Judgment Debtors as this Court deems fair, just, and equitable.

Dated: May 12, 2025

Respectfully submitted,

NHC LLC

By: /s/ Zachary J. Watters
     One of Its Attorneys

Daniel P. Jackson, Bar No. 6289813
Bryan K. Clark, Bar No. 6296090
Zachary J. Watters, Bar No. 6310675
Allison E. Czerniak, Bar No. 6319273
Keeley A. Sawyer, Bar No. 6336704
Vedder Price P.C.
222 North LaSalle Street

Chicago, Illinois 60601
T: +1 312 609 7500
djackson@vedderprice.com
bclark@vedderprice.com
zwatters@vedderprice.com
aczerniak@vedderprice.com
ksawyer@vedderprice.com

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
T: +1 312 332 3033
gsmarziani@davismcgrath.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 12, 2025, a true and correct copy of the foregoing *PLAINTIFF/JUDGMENT CREDITOR'S MOTION TO COMPEL PRODUCTION OF TAX DOCUMENTS* was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record.


*/s/  Zachary J. Watters*
   Zachary J. Watters

VP/#71124950