# EXHIBIT B

```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3
    NHC LLC,                              )  Docket No. 19 C 6332
 4                                        )
                       Plaintiff,         )
 5                                        )
              vs.                         )
 6                                        )
    CENTAUR CONSTRUCTION COMPANY INC.,    )  Chicago, Illinois
 7  et al.,                               )  November 6, 2023
                                          )  8:30 o'clock a.m.
 8                     Defendants.        )

 9              TRIAL TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE MATTHEW F. KENNELLY
10

11  APPEARANCES:

12
    For the Plaintiff:    DAVIS MCGRATH LLC
13                        BY:  MS. GINI S. MARZIANI
                          125 South Wacker Drive, Suite 300
14                        Chicago, IL 60606
                          (312) 332-3033
15

16

17  For Defendant         SMITHAMUNDSEN LLC
    Peter Alexopoulos:    BY:  MR. CONSTANTINE GAVRILOS
18                        150 North Michigan Ave, Suite 3300
                          Chicago, IL 60601
19                        (312) 894-3329

20

21

22  Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                          Official Court Reporter
23                        219 S. Dearborn Street, Suite 2102
                          Chicago, Illinois  60604
24                        (312) 435-5639

25
```

1    (The following proceedings were had telephonically:)
2           THE CLERK:  Case 19 C 6332, NHC v. Centaur
3    Construction.
4           THE COURT:  Good morning.  This is Judge Kennelly.
5    Can plaintiff's counsel please give your name for the record.
6           MS. MARZIANI:  Good morning, your Honor.  Gini
7    Marziani on behalf of NHC, the plaintiff.
8           THE COURT:  And defendant's counsel.
9           MR. GAVRILOS:  Good morning, Judge.  Constantine
10   Gavrilos on behalf of the defendant.
11          THE COURT:  Can the second person spell your name,
12   please.
13          MR. GAVRILOS:  Yes, Constantine is C-O-N-S-T- --
14          THE COURT:  Just the last name.
15          MR. GAVRILOS:  Last name is Gavrilos,
16   G-A-V-R-I-L-O-S.
17          THE COURT:  Okay.  Here's where I want to -- so I
18   want to talk about the motion to compel first, and then I want
19   to talk about the other things that have been filed and
20   setting schedules for those, and then we'll talk about
21   basically the status report on the citation hearing last.
22          On the motion to compel, I have a question for
23   defense counsel.  At page -- on your response to the motion to
24   compel at page -- give me a second -- 7, you quote Supreme
25   Court -- Illinois Supreme Court Rule 277(c), and it says --

1  and it quotes subparagraph 4 as saying that the citation,
2  quote, "may require, upon reasonable specification thereof,
3  the production at the examination of any books, documents, or
4  records in his or its possession or control which have or may
5  contain information concerning the property or income of the
6  debtor."
7         So I'm assuming you accurately quoted that.
8         MR. GAVRILOS:  Yes.
9         THE COURT:  Right?
10        MR. GAVRILOS:  I'm sorry.  I think the page may be
11 off by one.
12        This is subsection 4, yes.
13        THE COURT:  Right.  Okay.  So the tenor of part of
14 your response is that, what's all these document requests
15 about?  Well, it's about 277(c)(4) because it specifically
16 says that the citation can require the production of books and
17 records that may contain information regarding the property or
18 income of the debtor.
19        So what the heck are we talking about here when
20 you're saying, well, you can't ask -- you can't ask for this
21 stuff?
22        MR. GAVRILOS:  No, Judge, you're right.  And that's a
23 good point.
24        The point in raising that is that's supposed to be
25 part of the citation examination, and --

1  THE COURT: Yeah.
2  MR. GAVRILOS: And the point, Judge, is that
3  plaintiff hasn't moved forward with the citation examination.
4  It's not that we're saying you haven't received -- or we're
5  withholding certain documents because they're not relevant.
6  Our position is we've turned over all of the documents. The
7  reason you still have questions is because you haven't moved
8  forward with your citation examination, which should be the
9  very first step in this process.
10  And there is this ancillary, you know, specification
11  of books and records that are part of that in-person or remote
12  examination, but that has not taken place here. And if that
13  had actually taken place, you know, within the time frame that
14  it was supposed to, likely a lot of these issues --
15  THE COURT: Sorry. I -- you know, I got kicked out
16  of the conference. I am not sure why. So I was trying to cut
17  you off.
18  So I'm just going to -- it's funny.
19  So the citation examination happens before me, right,
20  yes or no?
21  MR. GAVRILOS: Correct.
22  THE COURT: Okay. So if I don't want the -- so your
23  sense of how this is supposed to work is that the person who
24  is being examined is supposed to walk in there with a box full
25  or a couple of boxes full or, you know, a tanker truck full of

```
 1  documents.  That's your proposal.
 2          Am I getting that right?
 3          MR. GAVRILOS:  No, not necessarily, Judge, because
 4  the rules do contemplate in Section 1402 that a citation
 5  examination can proceed absent or incomplete financial
 6  affidavit.  All right?
 7          So this situation is --
 8          THE COURT:  Mr. Gavrilos, you're not answering my
 9  question.
10          Okay.  So we've established, because you conceded it
11  and the rule says it, the citation can require the production
12  of documents.
13          So is your position that there's no basis to have
14  documents produced before the citation of the evidence, yes or
15  no?  Just yes or no?
16          MR. GAVRILOS:  No.
17          THE COURT:  Okay.  Fine.  So the citation examination
18  happens before me, and so I can order the documents produced
19  before the examination, right?
20          MR. GAVRILOS:  Correct.
21          THE COURT:  Okay.  And the reason for that, just to
22  be clear about it, is so that the examination doesn't take a
23  day and a half and we don't have somebody up there going
24  through boxes one at time and instead this stuff gets produced
25  ahead of time.
```

1  Now, we've got all that cleared out of the way, so
2  now we're going to talk about the documents.
3  Now I'm going to turn over to plaintiff's counsel.
4  There are a handful of these requests that you list
5  within your -- items that you listed in your motion where the
6  response is -- and it seems correct to me -- that this wasn't
7  requested in the citation. So that includes B, documents
8  pertaining to building permits; D, material relating to
9  jewelry, furs, silver/goldware and firearms; and -- hang on a
10 second. I guess it may be just those two.
11 So I didn't see -- I looked back and pulled up the
12 citations. I didn't see any request in there for those items.
13 Am I missing something, yes or no?
14 MS. MARZIANI: What you are missing, your Honor, is
15 that the citation that was -- that was served, the rider,
16 included all books, papers, records in your possession or
17 control that may contain information concerning property or
18 income of or indebtedness --
19 THE COURT: What item is that? I am looking at the
20 citation that was issued to Mr. Tsaparas. Which item?
21 MS. MARZIANI: It's on the first page right before --
22 THE COURT: So it's in the form itself; it's not the
23 rider?
24 MS. MARZIANI: Correct. And I included it --
25 THE COURT: Got it. Thanks. Now I have an answer to

1 my question. Thank you.

2 Okay. So what about that, Mr. Gavrilos?

3 MR. GAVRILOS: I mean, again, the response is that a
4 permit is not as to property only as by the judgment debtor.
5 That would not fall into that category.

6 THE COURT: That's not what the citation form says.
7 It says, Books, records -- papers, and records which may
8 contain information concerning the property or income of or
9 indebtedness to the judgment debtor. It doesn't mean -- it
10 doesn't ask for just "these," it doesn't call for just
11 "these," it doesn't call for just bank records; it calls for
12 information that may, you know, show the property was owned.

13 MR. GAVRILOS: And, again, the whole -- I guess the
14 whole point of a permit is that it's not their property,
15 right? There -- it's --

16 THE COURT: How the heck do we know that until
17 something is produced?

18 MR. GAVRILOS: Because the request talks about
19 construction projects that they're doing for other persons. I
20 mean, it necessarily involves property that is not theirs.

21 THE COURT: Documents pertaining to any building
22 permits obtained during the last four years to present.

23 Well, I can think of about at least three other ways
24 in which a project that you're doing for somebody else might
25 provide information relating to the income of the judgment

1  debtor, and you don't have to be Sherlock Holmes to figure
2  that out.
3  　　　　　Okay. So here's the deal. Next question. Has there
4  been something provided -- and I'm asking this -- under oath
5  by the citation recipient saying, we have produced all
6  documents responsive to the citation, yes or no? That's a
7  question for Mr. Gavrilos.
8  　　　　　MR. GAVRILOS: In the several communications
9  responsive to -- yes, yes.
10 　　　　　THE COURT: Okay. I'm assuming you heard my whole
11 question. The question asked whether there was something
12 that's been provided under oath by the citation respondents
13 like they might do in a citation examination saying, I've been
14 sworn and now I'm admitting or stating that I've produced
15 everything that was provided.
16 　　　　　Has that happened yet, yes or no?
17 　　　　　MR. GAVRILOS: No, Judge, there was no request for --
18 　　　　　THE COURT: Okay. Got it. Okay. So here's what
19 we're going to do.
20 　　　　　So look, we need to get this process done. It's not
21 going to be this Thursday because you're not ready for it this
22 Thursday. It's going to be -- and I'm trying a case in
23 another jurisdiction all next week, and so we're going to have
24 a date that's going to be either the 20th, 21st, or 22nd in
25 which people are going to come into court and we're going to

1 do a citation examination.

2 Before that, on a date that I am about to set, the
3 recipient of the citations -- and, really, we're talking about
4 the two judgment debtors at this point, Mr. Alexopoulos and
5 Mr. Tsaparas -- are going to be given a date by which they're
6 to provide a sworn statement under oath saying that you've
7 produced all of the records.

8 Now, that's going to require you to be sure that
9 that's the case because if somebody makes a false statement
10 under oath, that's perjury, and it's punishable by law. So
11 that's what you're going to have to do.

12 So we're going to work backwards. We're going to
13 start off with a date. Give me just a second to get my
14 calendar looking the right way here. My computer died on me
15 this morning, and so it's taking unusually longer, which is
16 not working very well.

17 MS. MARZIANI: Your Honor, may I say something?
18 THE COURT: In a second.
19 I've got -- I get we may not have to have this
20 citation hearing. I get that. But we're going to have a date
21 for it because this process is going to come to an end, and
22 it's going to come to an end sooner rather than later.

23 I can do 10:00 o'clock on Monday, the 20th of
24 November. I can do -- this is going to be done by
25 Thanksgiving. That's what I'm telling you. On the 21st of

1                We've already got a schedule on the -- something.
2                MR. GAVRILOS:  I believe it was the petition for --
3    against the Alexopoulos trust --
4                THE COURT:  Yeah.  There's already a deadline for
5    objections to the motion for turnover -- for wage turnover
6    orders.  That's already in place.
7                The one that I need to set a schedule on is the
8    petition for relief against William Alexopoulos, which is
9    docket number 283.  The agreed briefing schedule is fine.
10               So the response by the defendants is due on November
11   the 30th, and the reply by the plaintiff is due on December
12   the 14th.
13               What else do I need to decide, Ms. Marziani?
14               MS. MARZIANI:  I believe that's it, your Honor.
15               THE COURT:  Mr. Gavrilos?
16               MR. GAVRILOS:  Nothing from defendant's side.
17               MS. MARZIANI:  My only question is in response to the
18   motion to compel, you're requiring --
19               THE COURT:  Yep, I'm granting the motion to compel,
20   and I'm requiring a statement of compliance by one week before
21   the citation examination, which would mean the -- I guess that
22   would be the 15th of November.
23               MR. GAVRILOS:  I just want to be clear on the
24   language of the motion, because the motion to compel was
25   across like, you know, many categories of documents.

1     If we're putting language in the order that is being
2  granted, I guess is it being granted to the extent that you're
3  expecting a certificate of compliance?
4     THE COURT:  So I have concluded, based on what you
5  guys submitted to me, that the request for documents are
6  appropriate and they are all geared at obtaining information
7  about assets or property owned by the judgment debtors.
8     So on some of these things, I've been told, well,
9  there isn't anything else.  On some of them, I've been told
10 it's not a proper request.  I've now ruled.  On some of them,
11 I've been told other things.
12    What I'm saying is the motion to compel is granted
13 and you have to produce an affidavit of compliance by the 15th
14 of November.  That means if there isn't anything else, you
15 provide an affidavit by then saying, we produced everything.
16 It's an affidavit not from a lawyer; it's an affidavit from
17 the recipient of the citation.
18    If there is something else to be produced, it has to
19 be produced before then.
20    MR. GAVRILOS:  Understood.
21    THE COURT:  Anything else anybody's got?
22    Thanks.  Have a nice day.  Take care.
23    MS. MARZIANI:  Thank you.
24    MR. GAVRILOS:  Bye, Judge.
25   (Which were all the proceedings had in the above-entitled
     cause on the day and date aforesaid.)

1    I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

2

3 /s/ *Carolyn R. Cox, CSR, RPR, F/CRR*　　　May 3, 2024
Official Court Reporter
United States District Court

4 Northern District of Illinois
Eastern Division

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25