IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19 C 6332 |
| | ) |
| CENTAUR CONSTRUCTION CO., | ) |
| SPIRO TSAPARAS, and PETER | ) |
| ALEXOPOULOS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

NHC LLC obtained a judgment against judgment debtors Centaur Construction Co., Inc., Spiro Tsaparas, and Peter Alexopoulos. To attempt to collect the judgment, NHC has served numerous citations to discover assets under 735 ILCS 5/2-1402. As relevant to the present motions, NHC served direct citations upon Mr. Tsaparas, Mr. Alexopoulos, and Centaur Construction Co., and third-party citations upon (among others) US Bank, Busey Bank, and Village Bank & Trust. NHC has moved to extend those citations for good cause. In response, the judgment debtors have moved to extinguish these citations, arguing the debtors do not possess any additional assets that could be used to satisfy the judgment. The judgment debtors have also moved to strike supplemental document requests served by NHC, contending they are duplicative of prior requests, unnecessarily cumulative and/or overbroad, disproportionately burdensome, and untimely.

For the following reasons, the Court grants NHC's motion to extend the relevant

citation and denies the judgment debtors' motion to extinguish the citations. The Court further denies the debtors' motion to strike the supplemental document requests, but on the conditions that: (1) NHC revises the requests on their face to provide that they do not require the production of documents already produced by the judgment debtors (2) NHC limits its requests to a total of seventy, about half of the current total.

## Discussion

NHC LLC obtained a judgment of over $22 million against an entity, Centaur Construction Co., Inc., and its principals, Spiro Tsaparas and Peter Alexopoulos. The judgment is on appeal. The defendants, however, did not post a bond and did not obtain a stay pending appeal. As a result, NHC has proceeded with collection-related activity before this Court. This largely has involved the service of citations to discover assets as well as extensive discovery to attempt to find assets of the defendants.

**A.   Citation extension**

Rule 69 of the Federal Rules of Civil Procedure requires proceedings to execute a money judgment to "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Accordingly, the Court proceeds under Illinois law.

"In Illinois, 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277 govern supplementary proceedings." *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1111 (N.D. Ill. 2012). Citations to discover assets are one such proceeding, in which a judgment creditor serves a citation "to discover the assets of a judgment debtor or third party and apply those assets to satisfy the judgment." *Gibbons v. Kowal*, 2024 IL App (1st) 232124, ¶ 27, --- N.E.3d ---; 735 ILCS 5/2-1402.

Under Illinois Supreme Court Rule 277, a citation to discover assets expires "6

months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner." Ill. S. Ct. R. 277(f). However, a court may grant extensions "as justice may require." *Id.* Although Mr. Tsaparas and Mr. Alexopoulos were first served citations on May 5, 2023 and May 19, 2023 respectively, the Court has extended these citations and others relevant to this dispute several times, most recently to May 30, 2025. *See* Minute Entry of April 25, 2025, Dkt. No. 649.

The Court finds that NHC has shown justice requires a further extension. As NHC notes, Mr. Tsaparas and Mr. Alexopoulos have continually shifted their factual statements concerning their assets and have failed to adequately supplement their document productions. This lack of prompt and complete disclosure has caused NHC to have to extract information concerning the judgment debtors' assets bit by bit, prolonging these citation proceedings. As the Seventh Circuit has recognized, a judgment debtor cannot use its own dilatory conduct to wait out a citation's expiration date. *Resol. Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1228 (7th Cir. 1993) (noting that judgment debtors "who by [their] own actions delay[] the citation proceeding should be estopped to plead the deadline").

The judgment debtors' arguments to the contrary are unavailing. First, they contend that citation proceedings must cease at this point, as they have continued to provide sworn affidavits indicating they have no more assets that can be used to satisfy the judgment at issue. *See* 735 ILCS 5/2-1402(d-5) (requiring the termination of citation proceedings if the court "determines that the judgment debtor does not possess any

non-exempt income or assets").

Yet as NHC points out, there is significant evidence indicating the judgment debtors still retain assets that could be applied to the judgment. For example, Mr. Tsaparas's employment agreement indicates an annual base salary of $500,000, but emails produced indicate that he has elected to have much of that salary withheld by federal and state tax authorities. Although Mr. Tsaparas claims this is due to a prior tax debt owed, he has not fully produced the documents NHC has requested to show that the government's claim to his taxes takes priority over NHC's judgment. *See Durand State Bank v. Earlywine*, 286 Ill. App. 3d 210, 212, 675 N.E.2d 1028, 1030 (1997) (noting a federal tax lien "must be filed 'first in time'" with the local recording office for it to take priority over a judgment lien). NHC's motion to have this Court compel Mr. Tsaparas's and Mr. Alexopoulos's production of responsive tax documents is currently pending. *See* Dkt. no. 671.

Moreover, both Mr. Tsaparas and Mr. Alexopoulos own interests in multiple LLCs, which are assets that can be used to satisfy the judgment. The Court recently granted charging orders on three of these LLCs, imposing a lien on the distributional interests the judgment debtors would have received due to their interest in the LLCs. *See* Minute Entry of April 25, 2025, Dkt. No. 649. And a motion to show cause for why Mr. Tsaparas and Mr. Alexopoulos should not be held in contempt for numerous alleged money transfers from one of these LLCs, Triton Marine Holdings, is currently pending. *See* Dkt. No. 647.

Finally, documents produced indicate that Centaur Construction Co. may have unaccounted for assets. Although Centaur previously claimed it had ceased operations

in 2019, documents and financial records produced by third parties suggest that Centaur may have been continuing operations at least until 2023 and that it had withdrawn more than $1.2 million in cash between 2021 and 2023. This information is especially disconcerting, as Centaur had used its alleged shutdown in 2019 to avoid producing responsive documents after that date. A motion to show cause for why Centaur should not be held in contempt for these alleged misrepresentations is also still pending. *See* Dkt. No. 590.

These examples do not simply indicate that the judgment debtors may still retain assets that can satisfy the judgment; they also demonstrate that the Court continues to be involved in ongoing supplementary proceedings. The judgment debtors attempt to downplay this by arguing that none of the above information is new. At the outset, the Court is not convinced this is an accurate characterization of the above examples. It is true that these cited assets are not "new" in the sense that they do not describe recently obtained assets. But the judgment debtors' failure to previously disclose information regarding these assets or transfers of them do indicate that this information (or at least the importance of this information) is new to NHC, the judgment creditor.

But more to the point, providing new information is not required to extend a citation. The judgment debtors cite no caselaw supporting such a requirement. Rather, Rule 277 contains a sole statutory requirement for an extension: whether "justice . . . require[s]" it. Ill. S. Ct. R. 277(f). And courts continuously emphasize that Rule 277 should be construed "liberally." *See Laborers' Pension Fund v. Pavement Maint., Inc.*, 542 F.3d 189, 194 (7th Cir. 2008) ("Both state and federal courts construe Rule 277 liberally."). The judgment debtors' failure to adequately provide responsive documents

5

and their shifting explanations regarding their assets shows justice requires an extension to the citations to discover assets.

Next, the judgment debtors contend that the circumstances above cannot justify a finding of contempt. The relevance of this argument is unclear. Whether a citation violation is contempt-worthy does not control whether a citation should be extended. A judgment debtor may violate a citation in a way that indicates it retains assets that can satisfy the judgment even if that violation does not rise to the level of contempt of court.

Lastly, the judgment debtors argue that an extension would amount to harassment. As the debtors note, one purpose of Rule 277's six-month expiration date is to "protect the judgment debtor from being harassed by . . . creditors." *Ruggiero*, 994 F.2d at 1228 (collecting cases). Yet the Seventh Circuit has repeatedly noted that judgment debtors cannot claim harassment when their own actions delay proceedings. *Id.* (noting judgment debtor "delays could be thought of as continuances extending the six-month period"); *Laborers' Pension Fund*, 542 F.3d at 194 (noting a judgment debtor did not "suffer[] any prejudice, harassment, or injustice" because of delays when the delays "resulted from its own requests for or acquiescence in more time"). As discussed above, NHC requests an extension to these citations because it continues to obtain piecemeal information relevant to judgment collection, usually from third parties, that should have been initially disclosed by the judgment debtors. The judgment debtors cannot claim harassment based on what amount to self-imposed delays. *See Ruggiero*, 994 F.2d at 1228.

Because NHC continues to obtain and pursue evidence that the judgment debtors have assets that could satisfy the judgment, justice requires extending the

citations. Therefore, the Court grants NHC's motion to extend the citations and denies the judgment debtors' motion to extinguish the citations.

**B.     Striking supplemental requests**

On January 15, 2025, NHC requested the production of a total of 138 additional categories of documents from Mr. Tsaparas (seventy-two requests) and Mr. Alexopoulos (sixty-six requests). Federal Rule of Civil Procedure 26(b) governs the limits of written discovery. Fed. R. Civ. P. 26(b). The Rule requires the Court, "[o]n motion or on its own," to "limit the frequency or extent of discovery" if it determines that:

> (i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii)   the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*Id.* 26(b)(2)(C)(i)–(iii). The burden is on the "objecting party to show why a particular discovery request is improper." *Osada v. Experian Info. Sols., Inc.*, 290 F.R.D. 485, 494 (N.D. Ill. 2012) (citation omitted).

The judgment debtors first argue the supplemental discovery requests are cumulative or duplicative of prior requests. At first glance, the supplemental requests substantially overlap with NHC's initial discovery requests. But NHC has indicated in its briefing that the supplemental discovery requests do "*not* seek the re-production of any documents from [the judgment debtors]." NHC's Resp. in Opp'n to Defs. Combined Mot. to Strike Suppl. Discovery at 11. Rather, NHC is seeking documents that should have been initially produced and that it has reason to believe are in the possession of

7

Case: 1:19-cv-06332 Document #: 674 Filed: 05/15/25 Page 8 of 11 PageID #:31769

the judgment debtors based on information recently obtained from third parties. *See id.* at 11–12. With this limitation in mind, the Court does not find the requests are "unreasonably" duplicative or cumulative because the requests (as the Court construes them) only ask for undisclosed documents.

The judgment debtors disagree, contending that the requests are duplicative based on the monthly financial affidavits Mr. Alexopoulos and Mr. Tsaparas submit pursuant to this Court's orders. In making this argument, they reference this Court's past denial of a document production request, in which the Court relied on the judgment debtors' statements that they had no more responsive documents. *See* Tr. of Proceedings, April 4, 2024 at 39.

The problem with this argument is that new information tends to cast doubt on the veracity of the judgment debtors' earlier financial disclosures. As discussed above, NHC has acquired evidence from third parties identifying significant monetary transfers and withdrawals that were not disclosed in the judgment debtors' monthly financial affidavits. In light of this evidence, the Court finds the judgment debtors have not shown that the requested documents are cumulative or duplicative of the judgment debtors' monthly financial affidavits.

Next, the judgment debtors argue the supplemental discovery requests are disproportionately burdensome. The Court recognizes that these requests are broad and will thus impose a nonnegligible burden on the judgment debtors. But the Court does not conclude that this burden is disproportionate. When determining whether a request is "proportional to the needs of the case," Rule 26 instructs the Court to consider:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). As NHC highlights, the "amount in controversy" during these proceedings is the more-than-$22-million judgment NHC is attempting to collect. The discovery requests at issue are not unduly burdensome or disproportionate when considering the size of that judgment.

The judgment debtors again disagree, arguing that certain requests concerning Mr. Tsaparas's employment and Centaur's former employees are unrelated to any assets of the judgment debtors. Yet documents responsive to these requests could indicate that Centaur has continued operations under another name, and a judgment creditor may "pursue successor liability claims in supplemental proceedings." *Sullivan v. Alpine Irrigation Co.*, No. 09 C 2329, 2011 WL 1575617, at *5 (N.D. Ill. Apr. 25, 2011) (Keys, J.) (collecting cases). Considering that NHC has already uncovered evidence suggesting that Centaur continued to operate well after its claimed closure in 2019, the Court finds the judgment debtors have not shown that it is disproportionately burdensome for NHC to seek documents relating to its successor liability theory.

That said, the Court find that the sheer number of supplemental discovery requests—138 in total—imposes a disproportionate burden upon the judgment debtors. The judgment debtors are correct that NHC has already conducted extensive discovery throughout these proceedings; serving 138 more requests is not proportional to the current "needs of the case." *See* Fed. R. Civ. P. 26(b)(1); *see also BankDirect Cap. Fin., LLC. v. Cap. Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018) (Cole, J.)

9

(determining proportional discovery "requires a common sense and experiential assessment"). The Court finds that a limit of seventh supplemental discovery requests total should be sufficient for NHC without disproportionately burdening the judgment debtors.

Finally, the judgment debtors contend that the supplemental discovery requests are untimely. Specifically, they emphasize that these citation proceedings have continued for over two years and that NHC should not be able to instigate further discovery when it could have sought production earlier or from third parties.

Yet NHC did seek many of these documents earlier. It served initial document requests upon the judgment debtors, and when it suspected that the responses provided were not complete it began issuing document requests to third parties. The judgment debtors cannot fail to produce responsive documents, have that failure come to light through documents later produced by third parties, and then complain that supplementary discovery requests based on this discovered information are now untimely.

The Court recognizes that these citation proceedings have been exhausting and certainly understands the judgment debtors' wish for them to conclude. But the judgment debtors cannot use their own incomplete disclosures and delays to justify the termination of proceedings. *See Ruggiero*, 994 F.2d at 1228. If the judgment debtors want their citations to be extinguished and for discovery to cease, their best bet is to fully comply with these proceedings.

## Conclusion

For the reasons stated above, the Court grants NHC's motion [dkt. 577] to extend

the direct citations to Mr. Tsaparas, Mr. Alexopoulos, and Centaur Construction Co., and third-party citations to US Bank, Busey Bank, and Village Bank & Trust. The Court denies the judgment debtors' motion [dkt. 580] to extinguish the citations and strike the supplemental discovery, subject to two conditions. First, the supplemental discovery requests must be revised on their face to provide that they do not require the production of any documents previously produced by the judgment debtor who is the recipient of the request. Second, NHC is limited to seventy supplemental discovery requests total. NHC should serve a revised set of discovery requests by no later than May 23, 2025. The citations are extended to August 31, 2025.

Date: May 15, 2025

_____
MATTHEW F. KENNELLY
United States District Judge