IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19 C 6332 |
| | ) |
| CENTAUR CONSTRUCTION CO., | ) |
| SPIRO TSAPARAS, and PETER | ) |
| ALEXOPOULOS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

NHC LLC obtained a judgment against Centaur Construction Co., Inc., Spiro Tsaparas, and Peter Alexopoulos. To attempt to collect the judgment, NHC has served numerous citations to discover assets under 735 ILCS 5/2-1402. The direct citation served upon Mr. Tsaparas contained a restraining provision that prohibited him from transferring any non-exempt assets. NHC has moved the Court to order Mr. Tsaparas to show cause why he should not be held in contempt based on his repeated unaccounted-for transfers of assets after service of the citations.

For the following reasons, the Court grants NHC's motion and finds Mr. Tsaparas in civil contempt of court. The Court also grants the following relief: (a) Mr. Tsaparas must pay to NHC, within 14 days of this order, the additional amounts detailed in US Bank records that were transferred in violation of the citation; (b) any otherwise permitted cash transactions must be supported by contemporaneous receipts that must be provided with Mr. Tsaparas's monthly accounting; (c) he must pay the balance of the

judgment in monthly installments in the amount of at least $25,000; (d) he must pay NHC's reasonable attorneys' fees incurred in preparing and arguing this motion; (e) his bank account ending in 8753 and his Venmo account @Tsaparas are hereby frozen pending further order by the Court; (f) he must disclose and account for, by no later than 14 days from entry of this order, all cash transactions for himself and/or Centaur from January 1, 2019 to the present; and (g) he must turn over all cash withdrawn in violation of the citation since he was served with it, by no later than 14 days from entry of this order.

## Background

NHC LLC obtained a judgment of over $22 million against an entity, Centaur Construction Co., Inc., and its principals, Spiro Tsaparas and Peter Alexopoulos. The judgment is on appeal. The defendants, however, did not post a bond and did not obtain a stay pending appeal. As a result, NHC has proceeded with collection-related activity before this Court. This largely has involved the service of citations to discover assets as well as extensive discovery to attempt to find assets of the defendants.

On May 5, 2023, NHC served a citation to discover assets on Mr. Tsaparas. The citation contained the following restraining language:

> YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

Pl./J. Creditor's Mot. at 1.

2

On March 5, 2024, NHC moved for a turnover order regarding Mr. Tsaparas based on several instances in which it alleged he had violated the restraining provision of the citation by transferring roughly $400,000 in assets. During an April 23, 2024 hearing on the motion, the Court concluded that these transfers amounted to Mr. Tsaparas "commit[ting] contempt of court about three dozen times." Tr. of Proceedings, April 23, 2024, at 7–8.

In the following couple months, NHC continued to receive documents from third parties indicating that Mr. Tsaparas had violated the citation by transferring around $71,000 in assets. NHC thus filed on June 21, 2024 a motion for rule to show cause regarding why Mr. Tsaparas should not be held in contempt again. The Court ruled on this motion in July 2024, finding that these transfers also amounted to contempt of court. *NHC LLC v. Centaur Constr. Co.*, No. 19 C 6332, 2024 WL 3398332, at *5–6 (N.D. Ill. July 12, 2024).

To remedy these citation violations, the Court ordered Mr. Tsaparas to abide by additional monthly requirements. First, the Court directed Mr. Tsaparas to make monthly installment payments of $25,000 until the amount of funds found impermissibly transferred was paid in full. Second, the Court required Mr. Tsaparas "to file with the Court on the 10th of each month . . . an accounting under penalty of perjury listing his monthly income and expenditures, as well as his assets at current market value" starting in August 2024. *Id.* at *2.

The deadline for Mr. Tsaparas's first accounting—August 10, 2024—came and went without any filings. NHC thus moved to again hold Mr. Tsaparas in contempt. On August 23, 2024, Mr. Tsaparas submitted an accounting listing his monthly income and

3

expenditures. Although the accounting should have listed income and expenditures dating back to July 11, 2024 (i.e., one full month before the August 10 accounting deadline), it only listed income and expenditures back to July 16, 2024. The accounting also failed to list his current assets as required by the Court's order.

The Court gave Mr. Tsaparas until September 3, 2024 to supplement his filing with a list of current assets. Mr. Tsaparas filed a statement of assets on September 3, noting that he had "not acquired any additional assets or personal property valued at over $500 since November 13, 2023." Pl./J. Creditor's Mot. at 8.

Documents that NHC received from US Bank called into doubt the veracity of these disclosures. Specifically, US Bank records indicate that between June 14, 2024 and August 21, 2024, Mr. Tsaparas withdrew over $35,000 in cash from his US Bank account. These withdrawals were not disclosed in Mr. Tsaparas's accounting. A particularly significant withdrawal—$7,000—occurred on July 12, 2024, which was one of the dates absent from Mr. Tsaparas's initial accounting.

Mr. Tsaparas's next accounting had additional omissions. Although the deadline for the second accounting was September 10, 2024, Mr. Tsaparas again failed to file on that date. After NHC again moved to show cause why he should not be held in contempt, Mr. Tsaparas filed the accounting on September 26, 2024. As with the first accounting, later-acquired US Bank records indicate that Mr. Tsaparas omitted a major transfer—an over-$10,000 exchange in foreign currency on August 21, 2024. A similar foreign currency exchange of over $1,600 occurred on December 3, 2024. Like the previous transfers, this transfer was not disclosed on any of Mr. Tsaparas's accountings.

When all of the unaccounted-for transfers are added up, it appears that Mr. Tsaparas has made, and failed to disclose, more than $142,000 in personal cash withdrawals. This is in addition to the undisclosed cash withdrawals that Mr. Tsaparas caused as principal of Centaur, which total more than $1.2 million.

NHC has now moved the Court to order Mr. Tsaparas to show cause why he should not be held in contempt for these undisclosed transfers.

## Discussion

Rule 69 of the Federal Rules of Civil Procedure requires proceedings to execute a money judgment to "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Accordingly, the Court proceeds under Illinois law.

"In Illinois, 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277 govern supplementary proceedings." *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1111 (N.D. Ill. 2012). Citations to discover assets are one such proceeding, in which a judgment creditor serves a citation "to discover the assets of a judgment debtor or third party and apply those assets to satisfy the judgment." *Gibbons v. Kowal*, 2024 IL App (1st) 232124, ¶ 27 --- N.E.3d ---; 735 ILCS 5/2-1402. A citation may contain a "restraining provision," prohibiting a party from transferring, disposing, or interfering with "any property not exempt from the enforcement of a judgment . . . belonging to the judgment debtor" as well as property the judgment debtor "may be entitled to." 735 ILCS 5/2-1402(f)(1). Illinois law allows a court to "punish any party who violates the restraining provision of a citation" for contempt. *Id.*; *see also* Ill. S. Ct. R. 277(h) (allowing a court to punish a party "who fails to obey a citation" with contempt of court).

"To succeed on a contempt petition," the moving party must "demonstrate by clear and convincing evidence that the respondent has violated the express and unequivocal command of a court order." *FTC v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009). This requires showing four elements: "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). As Rule 277 indicates, the failure to abide by the unambiguous commands of a citation to discover assets can be grounds for contempt. *See W. Bend Mut. Ins. Co. v. Belmont State Corp.*, No. 09 C 354, 2010 WL 5419061, at *13 (N.D. Ill. Dec. 23, 2010).

Mr. Tsaparas's repeated unaccounted-for transfers of assets blatantly disregarded this Court's unambiguous commands. The transfers violated the citation's restraining provision, which commands Mr. Tsaparas not to "transfer" or "dispose" of any non-exempt assets he maintains. And by not disclosing these transfers in his monthly accountings, Mr. Tsaparas further violated this Court's clear order to disclose his monthly income, expenditures, and assets. *See Centaur Constr. Co.*, 2024 WL 3398332, at *2.

Mr. Tsaparas does not attempt to justify—or even dispute—these violations. Instead, he contends that contempt is not the proper remedy. According to Mr. Tsaparas, NHC should have conducted a follow-up citation examination rather than resort to a contempt motion.

There is no requirement that NHC or this Court give Mr. Tsaparas further

opportunities to disclose assets and transfers in compliance with this Court's orders. The Court has given Mr. Tsaparas *multiple* opportunities to voluntarily disclose his own assets. Yet Mr. Tsaparas has continually delayed filing financial disclosures and has omitted important transfers from those disclosures. These violations amount to contempt.

Mr. Tsaparas also asserts that NHC was required to first request a contempt hearing before moving for contempt. This is incorrect. Although NHC framed its motion as for a rule to show cause, "a district court may treat a show-cause motion as a motion for an order on the merits of the alleged contempt where doing so would not cause prejudice—that is, when it would not violate the alleged contemner's right to notice and an opportunity to be heard." *Hyatt*, 621 F.3d at 696. Through briefing on this motion, Mr. Tsaparas has been given notice and an opportunity to be heard. And he has not described what purpose a contempt hearing would serve. Mr. Tsaparas does not dispute any of the transfers discussed above, which are the basis for contempt. NHC has provided undisputed evidence that Mr. Tsaparas has violated the restraining provision of the citation and this Court's accounting order by making undisclosed transfers. No further hearing is required.

Next, Mr. Tsaparas contends that the Court has already considered these transfers and declined to find contempt "for miscellaneous and/or isolated transactions such as 'money that is being paid to Pet Supplies Plus and Hollywood Feed.'" Defs. Resp. at 5 (quoting Tr. of Proceedings, Sept. 30, 2024 at 19–20). Mr. Tsaparas misconstrues this Court's past refusal to find contempt in several respects. First, the existence of numerous transfers made between July 25, 2024 and December 27,

2024—totaling $12,860—was not known to NHC or this Court before this motion. Only when NHC received further documents from US Bank on February 6, 2025 did these transfers become known.

      Second, the Court has never ruled that isolated transfers made in violation of a citation cannot give rise to a contempt finding. As is clear from the context of the quoted statement, when the Court last declined to find Mr. Tsaparas in contempt, it was specifically referring to small, insignificant transfers akin to buying pet food. The transfers raised in the present motion appear to be as large as $10,000—a difference in kind from what the Court has found not contempt-worthy in the past.

      Third, these transfers do not appear to be isolated. If anything, the above facts indicate a pattern in which Mr. Tsaparas transfers significant sums of money, delays his accounting disclosures, and then fails to disclose certain transfers on those accountings. Rather than isolated occurrences, these transfers are repeated violations of the citation's restraining provision and this Court's accounting order, and they amount to contempt of court.

      Lastly, Mr. Tsaparas argues that several aspects of NHC's requested relief are improper. First, Mr. Tsaparas objects to any financial obligations, as he contends he lacks the ability to pay any penalties. In support, he cites both this Court's prior determination that he lacks financial capabilities and multiple state and federal tax liens.

      Although the Court did previously find Mr. Tsaparas lacked the ability to make further payments based on his disclosures, it did so with the understanding that further evidence could establish otherwise. *See* Tr. of Proceedings, Sept. 30, 2024 at 21–22. These undisclosed transfers are sufficient evidence that Mr. Tsaparas has been and is

8

financially capable of paying additional sums of money. The Court is simply no longer able to credit Mr. Tsaparas's disclosures professing a lack of funds when those disclosures have omitted multiple large, unaccounted-for transfers of assets.

Nor do Mr. Tsaparas's tax obligations necessarily preclude him from making further payments. Federal tax liens only take priority over a judgment lien in Illinois if the federal lien was filed "first in time" with the local recording office. *Durand State Bank v. Earlywine*, 286 Ill. App. 3d 210, 212, 675 N.E.2d 1028, 1030 (1997). Mr. Tsaparas has not produced the documents required to show the federal tax lien takes priority over NHC's judgment, despite NHC's attempts to have those documents produced. *See* Pl./J. Creditor's Mot. to Compel Production of Tax Docs., Dkt. No. 671. The Court cannot accept Mr. Tsaparas's claim that his tax obligations prevent further payment without first seeing documentation establishing that the federal tax lien has priority over NHC's judgment.

Mr. Tsaparas also objects to NHC's request that the Court "forbid [him] from using cash moving forward, unless he produces legitimate receipts for each permitted transaction." Pl./J. Creditor's Mot. at 15 (emphasis omitted). First of all, Mr. Tsaparas mischaracterizes this relief as requiring him to receive "prior written permission from NHC." Defs. Resp. at 7. The requested relief would require approval for cash transfers from the Court, not NHC. And considering Mr. Tsaparas's repeated cash transfers in violation of the citation and this Court's accounting order, the Court finds this relief proper.

NHC's requested financial penalties and further oversight of Mr. Tsaparas's transfers are appropriate to not only remedy these past violations, but also to prevent

9

future unaccounted-for cash transfers. The Court therefore does not find NHC's request for the issuance of a bench warrant and Mr. Tsaparas's jailing for civil contempt necessary, at least not yet. The Court declines to so order at this time.

## Conclusion

For the reasons stated above, the Court grants NHC's motion for a rule to show cause [dkt. no. 592] and finds Mr. Tsaparas in civil contempt of court. The Court orders the following relief against Mr. Tsaparas: (a) he must pay to NHC, within 14 days of this order, the additional amounts detailed in US Bank records that were transferred in violation of the citation; (b) any otherwise permitted cash transactions must be supported by contemporaneous receipts that must be provided with Mr. Tsaparas's monthly accounting; (c) he must pay the balance of the judgment in monthly installments in the amount of at least $25,000; (d) he must pay NHC's reasonable attorneys' fees incurred in preparing and arguing this motion; (e) his bank account ending in 8753 and his Venmo account @Tsaparas are hereby frozen pending further order by the Court; (f) he must disclose and account for, by no later than 14 days from entry of this order, all cash transactions for himself and/or Centaur from January 1, 2019 to the present; and (g) he must turn over all cash withdrawn in violation of the citation since he was served with it, by no later than 14 days from entry of this order. NHC should submit to the Court, within 7 days of this order, what additional amounts detailed in the US Bank records have been impermissibly transferred or dissipated that have not already been addressed in prior contempt rulings.

Date: May 30, 2025

_____
MATTHEW F. KENNELLY
United States District Judge