# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| NHC LLC <br> *Plaintiff* <br> v. <br> CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS <br> *Defendant* | Civil Action No. 19-cv-06332 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Aetna Health Management, LLC c/o CT Corporation System 208 So LaSalle St., Suite 814
Chicago, IL 60604

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Vedder Price P.C., c/o Zachary J. Watters <br> 222 North LaSalle St. Suite 2300 <br> Chicago, IL 60601 | Date and Time: <br> 04/21/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/01/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | /s/ Zachary J. Watters <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NHC LLC
_____, who issues or requests this subpoena, are:

Zachary J. Watters, Vedder Price P.C., 222 North LaSalle St., Suite 2300, Chicago, IL 60601, 312-609-7594, zwatters@vedderprice.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-cv-06332

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____    _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case: 1:19-cv-06332 Document #: 684-1 Filed: 05/30/25 Page 4 of 8 PageID #:32030

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**EXHIBIT A**</u>

<u>**RIDER TO SUBPOENA DUCES TECUM TO AETNA HEALTH MANAGEMENT, LLC**</u>

**REVIEW THIS LIST CAREFULLY AND GATHER AND PROVIDE ALL DOCUMENTS ON THE LIST TO PLAINTIFF'S COUNSEL. YOUR FAILURE TO DO SO MAY RESULT IN AN ORDER FOR CONTEMPT OF COURT.**

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1. "You" or "Your" as used herein shall mean Aetna Health Management, LLC, Aetna Health and Life Insurance Company, and each and every one of Your partners, members, directors, managers, officers, agents, employees, accountants, counsel, trustees, subsidiaries, parent organizations, predecessor(s) in interest, successor(s) in interest, and any other person (including, without limitation, any entities) under the control or direction of any of the foregoing or purporting to act on behalf of any of them, regardless of affiliation or employment.

2. "Judgment Debtors" as used herein shall mean Centaur Construction Company, Inc., Spiros Tsaparas, and Peter Alexopoulos, who are judgment debtors in this matter, and their partners, agents, employees, accountants, counsel, trustees, predecessors/successors and/or affiliated business (in the case of Judgment Debtor) affiliates and any other person (including, without limitation, any entities) under their control or direction, and any other persons (including, without limitation, any entities) under the control or direction of any of the foregoing or acting on behalf of any of them, regardless of affiliation or employment.

3. "Triton" as used herein shall mean Triton Marine Holdings, LLC and its partners, members, directors, managers, officers, agents, employees, accountants, counsel, trustees, subsidiaries, parent organizations, predecessor(s) in interest, successor(s) in interest, and any other person (including, without limitation, any entities) under the control or direction of any of the foregoing or purporting to act on behalf of any of them, regardless of affiliation or employment.

4. The term "document" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written or graphic matter, however produced or reproduced, whether sent or received or neither, including drafts and both sides thereof, and including but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, e-mails, text messages, memoranda, typed or handwritten notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, ledgers, journals, financial statements, statistical records, desk calendars, appointment books, diaries, expense account records, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and items similar to any of the foregoing.

5. The term "person" as used herein shall mean any natural person, corporate entity,

partnership, association (including professional association) or sole proprietorship.

6. All documents which are not produced because of a claim of privilege, because of a claim that such documents form a part of the attorneys' work product, or because of a claim that the documents were prepared in anticipation of litigation, shall be identified in sufficient detail to permit a request for in camera inspection of each document in the event any claim of privilege is disputed.

7. The words "communication" and "correspondence" each mean any written, electronic or verbal transmission of words or thoughts between or among two or more persons, including, without limitation, any letter, electronic mail ("e-mail"), instant or text message, blog, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks and reports, whether transmitted orally, in writing or by any electronic device.

8. Whenever appropriate in this request for production of documents, the singular form of a word shall be interpreted as its plural (and vice versa).

9. The terms "and" as well as "or" as used herein shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request for production of documents any information which might otherwise be construed to be outside its scope.

10. The term "including" as used herein shall mean including but not limited to.

11. The term "evidencing" as used herein shall mean proving, indicating, or probative of the existence or nature of the matter discussed.

12. The terms "relating to" and "referring to" as used herein shall each mean consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for or being in any way legally, logically or factually connected with the matter discussed.

13. The term "Relevant Period" as used herein shall mean the period from January 1, 2019 to the present.

14. To the extent that no single document exists or is in Your possession, custody or control which contains all of the information sought in any particular request, You are to provide such other documents in your possession, custody or control which are sufficient to show, compute, compile or explain all of the information sought in the request or as much information as is available.

15. For each responsive document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other grounds for exclusion. Also, for each document you claim is not discoverable, state the date of the document; the name, job title and address of the person (including, without limitation, any entity) who prepared it; the name, job title and address of the person (including, without limitation, any entity) to whom it was addressed, to whom it was circulated or who saw it; the name, job title and address of the person (including,

without limitation, any entity) now in possession of the document; the description of the subject matter of the document; and the present location and custodian of the document.

16. For a responsive document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each person (including, without limitation, any entity) having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

17. Wherever a masculine pronoun or possessive adjective appears, reference is made to both male and female persons.

18. For purposes of limitation, each Rider request should be construed independently and not by reference to any other request.

19. With respect to any document requested that was, but no longer is, in your possession or subject to your control, state whether said document:

(a)    is missing or lost;
(b)    has been destroyed;
(c)    has been transferred, voluntarily or involuntarily, to any other person or entity; or
(d)    has been otherwise disposed of.

## DOCUMENT REQUESTS

1. All Documents and Communications Evidencing and/or Relating To income and/or assets of any of the Judgment Debtors.

2. All Documents and Communications Evidencing and/or Relating To any amounts owed by You to any of the Judgment Debtors or Triton, and the schedule under which payments will be made.

3. All Documents and Communications Evidencing and/or Relating To any amounts owed by any of the Judgment Debtors or Triton to You, and the schedule under which payments will be made.

4. All Communications (that pertain to the payment of any money, and/or any contract and/or services) between You and any of the Judgment Debtors and/or Triton during the Relevant Period.

5. All Documents and Communications Evidencing and/or Relating To payments made from You to any of the Judgment Debtors and/or Triton during the Relevant Period.

6. All Documents and Communications Evidencing and/or Relating To payments made from any of the Judgment Debtors and/or Triton to You during the Relevant Period.

7. All contracts between You and any of the Judgment Debtors and/or Triton during the Relevant Period.

8. All Documents and communications Evidencing and/or Relating To any insurance plans that You provided to Judgment Debtors, Triton, and/or their partners, members, directors, managers, officers, agents, employees, accountants, counsel, subsidiaries, parent organizations, predecessor(s) in interest, successor(s) in interest, and any other person or entities under the control or direction during the Relevant Period.

9. All Documents and Communications Relating To Judgment Debtors, Triton, and/or their partners, members, directors, managers, officers, agents, employees, accountants, counsel, subsidiaries, parent organizations, predecessor(s) in interest, successor(s) in interest, and any other person or entities under the control or direction of any of the foregoing or purporting to act on behalf of any of them.

10. All Documents and Communications Relating to Judgment Debtors' respective roles or relationships with M Development, LLC; M Sourcing, LLC; Triton; or Hephaestus, Chicago, LLC.

11. All Documents and Communications Evidencing and/or Relating To the relationship between You and any of the Judgment Debtors and/or Triton.

12. Any and all Documents and/or Communications not specifically requested herein that relate to any assets of any of the Judgment Debtors and/or Triton.