IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NHC LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2019 C 6332 |
| | ) | |
| CENTAUR CONSTRUCTION COMPANY, *et al.*, | ) | Judge Matthew Kennelly |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF/JUDGMENT CREDITOR'S MOTION FOR ENTRY OF CONDITIONAL JUDGMENT AGAINST COLOR CONFIDENTIAL ASPEN, LLC OR, IN THE ALTERNATIVE, FOR RULE TO SHOW CAUSE AS TO WHY COLOR CONFIDENTIAL ASPEN, LLC SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Plaintiff/Judgment Creditor NHC LLC ("NHC"), by its undersigned counsel and pursuant to, *inter alia*, Federal Rule of Civil Procedure 69, Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277, respectfully moves this Court to enter a conditional judgment against Third-Party Citation Respondent Color Confidential Aspen, LLC ("Color Confidential" or "Respondent") or, in the alternative, for the Court to issue a rule to show cause as to why Respondent should not be held in contempt of this Court for failing to properly respond to the Color Confidential Citation (as such term is defined herein). In support thereof, NHC states as follows:

1. After a jury trial in the above-captioned lawsuit, a judgment was entered in favor of NHC and against Defendants/Judgment Debtors Centaur Construction Co., Spiros Tsaparas, and Peter Alexopoulos (collectively, the "Debtors"), jointly and severally, in an aggregate amount of no less than $24,802,790.34 (the "Judgment").

2. To date, the Judgment remains largely unsatisfied.

3. On or about May 21, 2025, and in furtherance of its efforts to enforce the Judgment,

NHC served the Respondent with a Third-Party Citation to Discover Assets in connection with the above-captioned action (the "Color Confidential Citation"). (Dkt. 702.) A true and correct copy of the Color Confidential Citation and the corresponding Affidavit of Service are also attached hereto and incorporated herein as **Group Exhibit 1**.

4. The Color Confidential Citation required the Respondent to appear in person before the Court for hearing on the Citation on June 11, 2025 at 9:30 a.m. (the "Hearing"), provide a certified answer to the Citation, and to provide NHC with all documents responsive to the Document Requests set forth in the Color Confidential Citation's Rider (the "Rider") fourteen (14) days in advance of that date.

5. The Hearing proceeded as scheduled, and Respondent failed to appear.

6. In addition, at the time of the Hearing, Respondent had not provided NHC with any answer to the Color Confidential Citation nor had Respondent provided written responses or objections to the Rider or produced any documents in response to the Rider, nor contacted counsel for NHC to discuss the Citation and/or any extension related thereto

7. During the Hearing, counsel for NHC informed the Court of Color Confidential's various failures and requested that the Court enter a conditional judgment against Color Confidential. See **Exhibit 2** at 4:17-5:24.

8. Thereafter, the Court directed NHC to file a motion for entry of conditional judgment against Respondent. (Dkt. 707).

9. After the Hearing, counsel for NHC was notified that they had received a FedEx mailing from Color Confidential which contained a copy of the Color Confidential Citation and Answer form. A copy of the belated Answer form served by Color Confidential is attached hereto as **Exhibit 3**.

10. Notably, while Color Confidential indicated in the Answer form that it did not possess any personal property or money belonging to any of the Judgment Debtors, it did not properly sign the Answer and failed to certify its answer under oath. (Ex. 3, p. 8.) *Cf. Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (finding e-mails from counsel containing unsigned interrogatory responses insufficient to satisfy obligation to respond to discovery).

11. Moreover, the mailing still did not provide any response, objection, or documents responsive to the Rider.

12. Accordingly, despite Respondent's untimely mailing, it has failed to provide NHC with a certified Answer or documents to the Rider. The Respondent has not moved to quash or otherwise formally contest the Color Confidential Citation or the document requests set forth in the Rider.

13. Fed. R. Civ. P. 69 ("Rule 69") incorporates into federal law state post-judgment enforcement procedures. The incorporated state procedures in this district are Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) ("Section 2-1402") and Illinois Supreme Court Rule 277 ("Rule 277"), the state statute and rule governing supplementary procedures. Thus, included within Rule 69 is the power of a court to enter any order or judgment that could be entered in a garnishment proceeding. 735 ILCS 5/2-1402(k-3). Where a third party fails to respond to a garnishment summons, the creditor garnisher can request a conditional judgment against the garnishee. 735 ILCS 5/12-706.[1] Accordingly, a court has the authority to enter a conditional judgment against a citation respondent who fails to respond to a citation to discover assets. *See e.g. Gov't Empls. Ins. Co. v. Hersey*, 922 N.E.2d 518, 520-22 (Ill. App. Ct. 2010); *In re*

---

[1] 735 ILCS 5/12-706(a) reads that "[w]hen any person summoned as garnishee fails to **appear and answer** as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor." In this case, it is beyond dispute that Respondent failed to appear and/or timely/properly answer.

3

*Wasserman*, No. 15 B 24318, 2015 Bankr. LEXIS 4268, at *1-3 (N.D. Ill. Bankr. Dec. 16, 2015).

14. Respondent has been allowed sufficient time to comply with the Color Confidential Citation yet has failed to provide an Answer subject to penalties of perjury or provide any documents responsive to the Rider. Hundreds of thousands of dollars was tendered from Color Confidential to Centaur during a time Centaur alleges it was not doing business (and during a time period NHC reasonably believes Centaur was shedding its skin to become a "new" entity in order to make itself uncollectible and avoid the forthcoming Judgment). As the Judgment remains almost entirely unsatisfied, allowing Respondent to continue to disregard the Color Confidential Citation without consequences would be prejudicial to NHC.

15. As the Court directed NHC to file this Motion, NHC believes that entry of Conditional Judgment against Color Confidential is appropriate under these circumstances. A proposed conditional judgment is attached hereto as **Exhibit 4**.

16. In addition, Rule 69, pursuant to its incorporation of Section 2-1402 and Rule 277, includes the Court's authority to compel the production of documents in these supplemental citation proceedings to discover assets to apply to the Judgment. *See, GE Betz, Inc. v. Zee Co.*, 718 F.3d 615 (7th Cir. 2013). Pursuant to Rule 277(h), "[a]ny person who fails to obey a citation, subpoena, or order or other direction of court issued pursuant to any provision of this rule may be punished for contempt." Ill. Sup. Ct. R. 277(h).

17. Accordingly, should the Court wish to forgo entry of conditional judgment against Color Confidential at this time, NHC requests that, in the alternative, this Court require Respondent to show cause before this Court as to why an order should not be entered against it for contempt in light of its failure to properly answer or provide documents responsive to the Color Confidential Citation.

WHEREFORE, for the foregoing reasons, Plaintiff/Judgment Creditor NHC LLC respectfully requests this Court enter an Order, which:

(i)     imposes a Conditional Judgment against Color Confidential in the amount of $24,802,790.34 plus interest, fees and costs; and

(ii)     provides for the issuance of a Summons to Confirm Conditional Judgment to be served by hand delivery on the Corporation Service Company located at 1900 W. Littleton Boulevard, Littleton, CO 80120 as the registered agent of Color Confidential; and/or

(iii)     in the alternative, requires Color Confidential to appear in person on July 16th and to show cause as to why it should not be held in contempt of this Court for its failure to properly respond to the Color Confidential Citation; and

(iv)     grants NHC such other, further or additional relief in its favor and against Color Confidential as this Honorable Court deems fair, just and equitable.

Dated:  June 16, 2025                                              Respectfully submitted,

                                                                     NHC LLC


                                                                     By: /s/ *Keeley A. Hanchon (Sawyer)*
                                                                             One of Its Attorneys

Daniel P. Jackson, Bar No. 6289813
Bryan K. Clark, Bar No. 6296090
Zachary J. Watters, Bar No. 6310675
Allison E. Czerniak, Bar No. 6319273
Keeley A. Sawyer, Bar No. 6336704
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500
djackson@vedderprice.com
bclark@vedderprice.com
zwatters@vedderprice.com
aczerniak@vedderprice.com
ksawyer@vedderprice.com

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
T:  +1 312 332 3033
gsmarziani@davismcgrath.com

6

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 16, 2025, a true and correct copy of the foregoing **PLAINTIFF/JUDGMENT CREDITOR'S MOTION FOR ENTRY OF CONDITIONAL JUDGMENT AGAINST COLOR CONFIDENTIAL ASPEN, LLC OR, IN THE ALTERNATIVE, FOR RULE TO SHOW CAUSE AS TO WHY COLOR CONFIDENTIAL ASPEN, LLC SHOULD NOT BE HELD IN CONTEMPT OF COURT** was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record. I further certify that on June 16, 2025, I sent a true and correct copy of the foregoing via U.S. Mail and FedEx with delivery confirmation to:

Color Confidential Aspen, LLC
c/o Registered Agent: Corporation Service Company
1900 W. Littleton Boulevard, Littleton, CO 80120

/s/ Keeley A. Hanchon (Sawyer)
An Attorney for NHC LLC