IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NHC LLC, a Florida limited liability company,

        Plaintiff,

v.                                             No. 19-cv-06332

CENTAUR CONSTRUCTION COMPANY     Honorable Matthew F. Kennelly
INC., an Illinois corporation, SPIRO
TSAPARAS, and PETER ALEXOPOULOS,

        Defendants.

## **JUDGMENT AGAINST TRITON MARINE HOLDINGS, LLC**

       This matter coming to be heard on July 2, 2025 on the duly served summons to confirm conditional judgment in favor of Plaintiff and Judgment Creditor NHC LLC ("Judgment Creditor") and against Third-Party Citation Respondent/Conditional Judgment Debtor Triton Marine Holdings, LLC ("Triton Marine" or "Conditional Judgment Debtor"), the Court having jurisdiction over the parties hereto and subject matter hereof, and having been fully advised in the premises, the Court **HEREBY FINDS AS FOLLOWS**:

       1.     After a jury trial, judgment was entered against defendants Centaur Construction Co., Spiro Tsaparas ("Tsaparas"), and Peter Alexopoulos ("Alexopoulos") jointly and severally in the total amount of $22,272,124.34 for fraud and breach of contract plus punitive damages against the defendants individually and in particular Tsaparas in the amount of $1,500,000.00 ("Judgment"). (Dkt. No. 228.)

       2.     On or about June 5, 2024, Judgment Creditor caused this Court to issue a Third-Party Citation to Discover Assets to Triton Marine in connection with the above-captioned action (the "Triton Citation"). (Dkt. 606-1.)

       3.     The Triton Citation was properly served via the Illinois Secretary of State on or about June 20, 2024. (Dkt. 606-1.)

       4.     The Triton Citation commanded the production of documents on or before June 28, 2024. (Dkt. 606-1.) To date, Triton Marine has not produced any documents or answer to the Citation.

       5.     The initial return hearing date on the citation was July 3, 2024. (Dkt. No. 606-1). Triton Marine neither timely appeared nor answered the Triton Citation.

6. On March 3, 2025, Judgment Creditor filed a Motion for Rule to Show Cause as to Why Triton Marine Holdings, LLC Should Not Be Held in Contempt of Court and For Entry of Conditional Judgment Against Triton Marine Holdings, LLC ("Motion for Rule to Show Cause and For Entry of Conditional Judgment"). (Dkt. 606.)

7. Triton Marine did not respond to the Motion for Rule to Show Cause and For Entry of Conditional Judgment. Notably, however, Tsaparas and Alexopoulos contested the Motion for Rule to Show Cause and Conditional Judgment, and same was fully briefed by the parties. (Dkt. 622, 635.)

8. On April 25, 2025, the Court granted the Motion for Rule to Show Cause and For Entry of Conditional Judgment. (Dkt. 649.)

9. On April 30, 2025, the Court issued an Order for Rule to Show Cause and Conditional Judgment (the "Show Cause and Conditional Judgment Order") against Triton Marine. (Dkt. 657.) The amount of the conditional judgment was $24,802,790.34 ("Conditional Judgment") as of March 15, 2023, plus post-judgment interest accruing thereafter.

10. The Show Cause and Conditional Judgment Order also required Triton Marine to show cause in writing, on or before May 14, 2025, as to why it should not be held in contempt of court for failure to comply with the Triton Citation. (Dkt. 657.) Triton Marine failed to show cause in writing on or before May 14, 2025. Triton Marine has never shown cause in writing as of the entry of this judgment.

11. On June 2, 2025, Judgment Creditor caused the Clerk to issue an Alias Summons – Confirm Conditional Judgment (the "Alias Summons") to Conditional Judgment Debtor. (Dkt. 687.)

12. The Alias Summons required Conditional Judgment Debtor to appear *in person* before this Court on June 24, 2025 at 9:30 a.m. and to show cause why Conditional Judgment Debtor should not be held in contempt and further show cause why the Conditional Judgment against it should not be made final (the "Show Cause Hearing"). (Dkt. 718.)

13. The Court entered and continued the Show Cause Hearing to July 2, 2025 at 9:30 a.m. (Dkt. 721.)

14. Alexopoulos appeared in person at the Show Cause Hearing. Tsaparas failed to appear in person (although he did appear telephonically). They did not state whether they appeared in their individual capacities, or as representative(s) of Conditional Judgment Debtor.

15. In any event, when asked to show cause why Conditional Judgment Debtor should not be held in contempt and further show cause why the Conditional Judgment against Triton Marine should not be made final, Tsaparas largely rehashed arguments already heard and rejected by the Court in connection with the Motion for Rule to Show Cause and For Entry of Conditional Judgment. (Dkt. 622.) Neither Tsaparas nor Alexopoulos (nor any other authorized representative of Conditional Judgment Debtor) appeared and actually answered the Triton Citation. Neither

Tsaparas nor Alexopoulos (nor any other authorized representative of Conditional Judgment Debtor) stated that any additional documents had been produced since entry of the Show Cause and Conditional Judgment Order. Neither Tsaparas nor Alexopoulos (nor any other authorized representative of Conditional Judgment Debtor) stated that Conditional Judgment Debtor has ever filled out the "Answer to Citation" as required by the Triton Citation and the Court has seen no evidence of the same.

**IT IS THEREFORE ORDERED AND ADJUDGED BY THIS COURT THAT:**

1. A final judgment is hereby entered in favor of Plaintiff NHC LLC and against Triton Marine Holdings, LLC in the amount of $24,802,790.34 as of March 15, 2023, plus post-judgment interest accruing thereafter.

2. That this Judgment is final for all purposes upon entry hereof, may be enforced to the fullest extent of the law, and there is no just reason for delay of enforcement.

3. That the Clerk shall issue any writs as may be necessary to carry out enforcement of the instant Judgment.

Dated: 7/11/2025                                ENTERED:

_____
MATTHEW F. KENNELLY
United States District Judge