IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NHC LLC, a Florida limited liability company,

       Plaintiff,

v.

CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,

       Defendants.

No. 19-cv-06332

Honorable Matthew F. Kennelly

## CONTEMPT ORDER AGAINST COLOR CONFIDENTIAL ASPEN, LLC

This matter coming to be heard on Plaintiff/Judgment Creditor's Motion to Hold Confidential Aspen, LLC in Contempt of Court (the "Motion") made by Plaintiff and Judgment Creditor NHC LLC ("Judgment Creditor"), the Court having jurisdiction over the parties hereto and subject matter hereof, and having and been fully advised in the premises, the Court **HEREBY FINDS AS FOLLOWS**:

1. After a jury trial, judgment was entered against defendants Centaur Construction Co., Spiro Tsaparas, and Peter Alexopoulos (collectively, the "Initial Judgment Debtors") jointly and severally in the total amount of $22,272,124.34 for fraud and breach of contract plus punitive damages against the defendants individually and in particular Tsaparas in the amount of $1,500,000.00 ("Judgment"). (Dkt. 228.)

2. On or about May 16, 2025, Judgment Creditor caused this Court to issue a Third-Party Citation to Discover Assets to Color Confidential Aspen, LLC ("Color Confidential") concerning the assets of the Initial Judgment Debtors (the "Citation"). (Dkt. 702.)

3. The Citation commanded the production of documents on or before May 28, 2025. To date, Color Confidential has not produced any documents or tendered the required/complete answer to the Citation. (Dkt. 702.)

4. The initial return hearing date on the Citation was June 11, 2025. (Dkt. 702.) Color Confidential failed to appear in court on June 11, 2025.

5. On June 11, 2025, the Court entered an order continuing the Citation to July 16, 2025 and directed Judgment Creditor to file a Motion for Conditional Judgment against Color Confidential ("Conditional Judgment Motion"). (Dkt. 707.)

6. Judgment Creditor filed its Motion for Entry of Conditional Judgment Against Color Confidential Aspen, LLC, or, in the Alternative, for Rule to Show Cause as to Why Color Confidential Aspen, LLC Should Not Be Held in Contempt of Court on June 16, 2025, and served same on Color Confidential via U.S. Mail and FedEx with delivery confirmation. (Dkt. 708.)

7. On June 17, 2025, the Court ordered Color Confidential to show cause as to why it should not be held in contempt of court for its failure to make a complete, and properly certified, response to the Citation. Color Confidential was required to show cause in writing on or before July 8, 2025. The Court also set an in-person show cause hearing for July 16, 2025, and ordered that a representative of Color Confidential to appear. (Dkt. 712, the "Order").

8. The Order also directed Judgment Creditor to cause a copy of the Order to be served upon Color Confidential and file proof of service of same by no later than July 1, 2025. Judgment Creditor filed such proof of service on June 24, 2025. (Dkt. 720.)

9. Color Confidential failed to show cause in writing. Color Confidential also failed to appear in court on July 16, 2025.

**IT IS THEREFORE ORDERED AND ADJUDGED BY THIS COURT THAT:**

(i) the Motion is granted and the Court finds Color Confidential Aspen, LLC in civil contempt of court; and

(ii) Color Confidential Aspen, LLC must pay Judgment Creditor's costs and reasonable attorneys' fees incurred in preparing and enforcing the Citation, including, but not limited to the preparation and service of the Citation, the preparation of the Motion for Entry of Conditional Judgment Against Color Confidential Aspen, LLC, or, in the Alternative, for Rule to Show Cause as to Why Color Confidential Aspen, LLC Should Not Be Held in Contempt of Court, the preparation of the Conditional Judgment order, the preparation of the instant order, and all costs and fees associated with service thereof.

(iii) In order to purge this contempt order, Color Confidential must produce any and all documents responsive to the Citation and provide a fulsome, properly certified Answer thereto within ten (10) days; and

(iv) NHC shall cause a copy of this order to be served upon Color Confidential.

Dated: 7/30/2025          ENTERED:

_____
MATTHEW F. KENNELLY
United States District Judge