IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS, <br><br> Defendants. | No. 19-cv-06332 <br><br> Honorable Matthew F. Kennelly |

**NHC LLC'S MOTION TO EXTEND CITATIONS**

Plaintiff/Judgment Creditor, NHC LLC ("NHC") respectfully moves this court to extend the Citations[1] currently issued in this matter for an additional 120 days, up to and including December 29, 2025, as good cause exists for the continuation of these citations and the corresponding lien(s) of these citations. In further support of its Motion to Extend, NHC states as follows:

1. The Court has already observed that the Judgment Debtors (collectively, Spiro Tsaparas, Peter Alexopoulos, and Centaur Construction Company) have engaged in a deliberate strategy to "[s]tall, delay, [and] do nothing" in an effort to avoid complying with the Court's orders and paying their obligation to NHC.[2] (Ex. 1 at 23:13–15.) It is this same improper strategy that necessitates the extension of the citation liens.

---

[1] The term "Citations" refers to outstanding citations issued to Spiro Tsaparas ("Tsaparas"), Peter Alexopoulos, and Centaur Construction Company Inc. ("Centaur"), US Bank, Busey Bank, and Village Bank & Trust. NHC has issued additional citations to various third parties. However, the six-month period before automatic termination of those citations has not commenced yet. Thus, those citations are not the subject of this Motion.

[2] A true and correct copy of a portion of the transcript of the August 7, 2024 hearing is attached hereto as **Exhibit 1**.

2. Under citation proceedings authorized by section 2-1402, the lien of the citation "continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's *first personal appearance* pursuant to the citation, or (2) the respondent's *first personal appearance* pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require." ILL. SUP. CT. R. 277(f) (emphasis added); *see also In re Barone*, 184 B.R. 747, 750 (N.D. Ill. Aug. 8, 1995) ("The plain language of [Illinois Supreme Court Rule 277(f)] indicates that the proceeding only terminates automatically six months after the personal appearance of the respondent."). The "personal appearance" contemplated by Rule 277(f) is the appearance of the respondent for the respondent's citation examination in court (or by deposition, if the parties have agreed to a deposition in lieu of an in-court examination). *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1223 (7th Cir. 1993); *TM Ryan Co. v. 5350 South Shore, L.L.C.*, 836 N.E.2d 803, 810–11 (Ill. App. Ct. 2005). However, Rule 277(f) "does not say that *extensions* of citation proceedings automatically expire after six months." *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 982 F. Supp. 2d 830, 841 (N.D. Ill. 2013) (emphasis in original), *vacated on other grounds by United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607 (7th Cir. 2015).

3. Continuation of the citation proceeding is also a continuation of the citation lien. When the citation proceeding is terminated, the citation lien terminates. *See* 735 ILCS 5/2-1402(m) ("The lien is effective for the period specified by Supreme Court Rule.").

4. The Seventh Circuit has held that Rule 277(f) should be construed "liberally" to extend the six-month time period as justice may require, with or without a request for extension by a party. *Laborers' Pension Fund v. Pavement Maint., Inc.*, 542 F.3d 189, 195 (7th Cir. 2008);

*U.S. ex rel. McCandliss v. Sekendur*, 631 Fed. App'x 447, 449 (7th Cir. 2015) (holding that courts do not interpret Rule 277(f) "rigidly"); *see also United States v. Macchione*, 660 F. Supp. 2d 918, 922 n.2 (N.D. Ill. 2009) ("Notably, the language of [Rule 277(f)] does not require that the request for an extension be made prior to the expiration of the six-month period."); *Kalmin v. Varan*, 216 N.E.3d 984, 991 (Ill. App. Ct. 2021) ("[A] creditor need not formally seek an extension for citation proceedings to extend, and, under Rule 277, a court, by continuing to entertain the citation proceedings, may extend the proceedings 'as justice may require.'").

5. Justice requires the Citations be extended an additional 120 days. The history of Judgment Debtors refusal to make fulsome and complete productions of information is well known to this Court. In short, following entry of the judgment, NHC has made repeated efforts to collect the monies it is owed. Those efforts have been stymied by repeated misconduct from Judgment Debtors and various third-parties affiliated with Judgment Debtors.

6. A *portion* of Judgment Debtors' misconduct was addressed in two previous filings relevant to this Motion: (i) Plaintiff/Judgment Creditor's Motion for Rule to Show Cause as to Why Spiro Tsaparas Should Not be Held in Contempt (Dkt. No. 592); and (ii) Plaintiff/Judgment Creditor's Motion for Rule to Show Cause as to Why Centaur Construction Company Inc. Should Not be Held in Contempt (Dkt. No. 590). Following fulsome briefing, on May 30, 2025, the Court granted both motions and ordered the following relief:

(a) Tsaparas "must disclose and account for, by no later than 14 days from entry of this order, all cash transactions for himself and/or Centaur from January 1, 2019 to the present" (Dkt. No. 682);[3]

---

[3] Tsaparas has not disclosed and/or accounted for *a single cash transaction* as required—something he could easily do if he wanted to. NHC is already discovering (through expensive efforts with other third-parties) how Tsaparas and Centaur secreted cash and used cash in violation of the Citations' restraining provisions.

3

   (b) Tsaparas "must turn over all cash withdrawn in violation of the citation since he was served with it, by no later than 14 days from entry of this order" (*Id*.);

   (c) Tsaparas "must pay the balance of the judgment in monthly installments in the amount of at least $25,000" (*Id*.);

   (d) Centaur must transfer to NHC "servers that may contain documents relating to Centaur's business operations or, if Centaur no longer has control or access to these servers, the production of information regarding where the servers are located and who controls them, and a grant of authority to NHC to access these servers" (Dkt. No. 683);

   (e) Centaur must provide "an accounting of all of Centaur's incoming and outgoing payments (including loans and repayments of debt) from January 1, 2020 to present" (*Id*.); and

   (f) Centaur must pay "any amounts revealed in the newly produced documents and/or in the accounting to have been dissipated or improperly transferred." (*Id*.)

  7. To date, Tsaparas and Centaur have largely failed to comply with the Court's Orders.[4]  Accordingly and after efforts to avoid motion practice were unsuccessful, NHC filed its Motion to Hold Defendants/Judgment Debtors Spiro Tsaparas, Peter Alexopoulos, and Centaur Construction Company Inc. In Contempt. (Dkt. No. 725.) Judgment Debtors have filed responses to that motion (Dkt. Nos. 729, 744, 772-73), and the motion is set for hearing on August 20, 2025. (Dkt. No. 764.)

---

[4] After much wrangling and obstruction, Tsaparas finally executed a release permitting Box, one of the third-parties in control of a server containing Centaur's documents, to provide access to the server documents to NHC. The existence of the Box server and the documents contained therein, runs in sharp contrast to the repeated assertions by Tsaparas and his former counsel that the documents no longer existed. NHC is steadily reviewing this belated and voluminous production.

8. Judgment Debtors' continued failure to supplement their document productions, comply with the Court's orders, and their wholesale lack of cooperation has caused delays and necessitate additional time for NHC to investigate and attempt to recover funds which rightfully belong to NHC. Moreover, Judgment Debtors' litigation tactics in this case (Dkt. No. 526 ¶ 2) have directly resulted in significant delays to nearly every aspect of NHC's collection efforts. Judgment Debtors are not permitted to simply run out the clock by refusing to participate in his collection action. *See Resolution Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1228 (7th Cir. 1993) (stating that a party who delays citation proceedings is estopped from pleading the six-month deadline); *see also Dexia CrÉdit Local v. Rogan*, 2009 U.S. Dist. LEXIS 149446, at *35 (N.D. Ill. July 7, 2009) ("a party that delays citation proceedings through contumacious conduct cannot receive the benefit of the six month delay.") (citation omitted); (Dkt. No. 674 (finding the Citations should be extended since NHC "continues to obtain piecemeal information relevant to judgment collection, usually from third parties, that should have been initially disclosed by the judgment debtors. The judgment debtors cannot claim harassment based on what amount to self-imposed delays.").)

9. Unfortunately, NHC has experienced similar dilatory tactics from various third-parties closely associated with Judgment Debtors. As a result, NHC has been forced to file a motion to compel against M Development, LLC and M Sourcing, LLC (Dkt. No. 761) and will be filing concurrently with this Motion, a motion to compel against Corri McFadden. Once NHC is able to obtain fulsome document productions from these third-parties, NHC will require additional time in order to review and analyze the new information that these citation respondents will provide. This new information may result in additional lines of inquiry or enable NHC to understand the significance of previously provided information. As the Seventh Circuit has

5

previously held in different contexts, investigations into fraud require the investigator to "put all of the pieces of the puzzle together" before they can be expected to sufficiently understand each puzzle piece. *Fanslow v. Chi. Mfg. Ctr., Inc.*, 384 F.3d 469, 481 (7th Cir. 2004). With each passing day, and despite Judgment Debtors' and others' active efforts to conceal documents evidencing their wrongdoing(s), NHC learns more about Judgment Debtors' scheme to conceal and/or transfer assets—and identify the person(s) and/or entities that were and are assisting those efforts.

      WHEREFORE, Plaintiff/Judgment Creditor NHC LLC respectfully requests the Court to grant its Motion and extend all pending citations and the lien of the Citations to and including December 29, 2025, and for such other relief as the Court deems reasonable and just.

Dated: August 15, 2025

Respectfully submitted,

NHC LLC

By: /s/ *Zachary J. Watters*
One of Its Attorneys

Daniel P. Jackson, Bar No. 6289813
Bryan K. Clark, Bar No. 6296090
Zachary J. Watters, Bar No. 6310675
Allison E. Czerniak, Bar No. 6319273
Keeley A. Sawyer, Bar No. 6336704
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
djackson@vedderprice.com
bclark@vedderprice.com
zwatters@vedderprice.com
aczerniak@vedderprice.com
ksawyer@vedderprice.com

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
T: +1 312 332 3033
gsmarziani@davismcgrath.com

*Counsel for NHC LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 15, 2025, a true and correct copy of the foregoing **NHC LLC'S MOTION TO EXTEND CITATIONS** was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record.

Additionally, I hereby certify that, on August 15, 2025, a true and correct copy the foregoing **NHC LLC'S MOTION TO EXTEND CITATIONS** was served on the following *pro se* parties in the manner indicated below:

Spiro Tsaparas
Via e-mail to spiro@msourcingllc.com

Peter Alexopoulos
Via e-mail to peter@srtrainingllc.com

Centaur Construction Company
Via U.S. First Class Mail
Illinois Secretary of State
501 S. Second St., Suite 328
Springfield, IL 62756

                                                */s/ Zachary J. Watters*
                                                An Attorney for NHC LLC