**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

NHC LLC, et al.

Plaintiff,

v.

Case No.: 1:19–cv–06332
Honorable Matthew F. Kennelly

Centaur Construction Company Inc., et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, August 20, 2025:

MINUTE entry before the Honorable Matthew F. Kennelly: In person motion and citation hearings held on 8/20/2025. Oral rulings made in court summarized as follows: (Item 1) Plaintiff's motion to compel Production of Documents by Citation Respondent Corri McFadden and to Extend the Citation Issued to Corri McFadden [780] is granted in part; the third–party citation as to Cori McFadden is extended to 9/22/2025. The motion to compel is entered and continued to 9/18/2025 at 9:30 AM (in person). A status report with an update on any completed and outstanding items is to be filed on 9/15/2025. (Item 2) M Development and M Sourcing have until 8/27/2025 to file a supplement to their response to the motion to compel [761] addressing the issue discussed in open court; plaintiff's reply is due 9/8/2025. The motion to compel production of documents by citation respondents M Development and M Sourcing [761] is also set for an in–person hearing on 9/18/2025 at 9:30 a.m. Plaintiff';s motion for leave to file a reply [782] is terminated as moot. (Item 3) Plaintiff's motion for rule to show cause as to Mr. Tsaparas and Mr. Alexopoulos [647] is granted to the following extent: they are to provide by 9/5/2025 an accounting regarding the transfers through Triton Marine Holdings LLC. (Item 4) Plaintiff's motion for rule to show cause as to Mr. Alexopoulos [648] is granted to the extent it requests an accounting of funds received from Estia. The Court finds that Mr. Alexopoulos's monthly accountings plus his statements in open court today satisfy the requirement for an accounting regarding the Estia funds. With regard to the challenged transfers to SRT: Mr. Alexopoulos is directed to provide an accounting of these transfers (i.e. their purpose) by 9/5/2025. (Item 5) Plaintiff's motion to compel forensic inspection of the electronic devices [650] is denied. (Item 6) Plaintiff's motion to compel Email Production or, Alternatively, In Camera Inspection [675] is also denied. (Item 7) Plaintiff's motion to compel production of tax documents [671] is granted to the extent stated in open court; plaintiff is to provide to Judge Kennelly's proposed order email address a draft order specifying the materials or types of materials to be produced. (Item 8) Plaintiff's motion to Hold Defendants/Judgment Debtors Spiro Tsaparas, Peter Alexopoulos, And Centaur Construction Company Inc. In Contempt [725] is entered and continued to an in–person hearing on 9/18/2025 at 9:30 a.m. The hearing will be held in Courtroom 2103. Mr. Alexopoulos and Mr. Tsaparas are to appear for the hearing. <u>Mr. Tsaparas may participate by telephone if he does not plan to be in Chicago on that date and should contact the courtroom deputy clerk for call–in details.</u> (Item 9) Plaintiff's

motion to extend certain citations [781] is granted. Specifically the citations issued to Mr. Tsaparas; Mr. Alexopoulos; Centaur Construction Co.; US Bank; Busey Bank; and Village Bank and Trust are continued to and including 12/19/2025. (Item 10) On plaintiff's oral motion the third–party citations issued to Adrian Michelle Dillard, Box.com, and Microsoft are extended to 10/8/2025 at 9:30 a.m. The hearing will be held in Courtroom 2103. (Item 11) Plaintiff is directed to file a status report on 9/11/2025 regarding the production to Mr. Tsaparas of a digital copy of the documents obtained from Box.com to Mr. Tsaparas. (Item 12) Discussion was had regarding the Lancia vehicle that was the subject an earlier turnover order. Plaintiff is directed to file a status report stating its intentions regarding the Lancia by 8/27/2025. (Item 13) Last but not least it appears that in order to defend against the supplementary proceedings Mr. Tsaparas needs to have the documents he provided to his former counsel Amundsen Davis. The Court did not understand when it allowed Amundsen Davis to withdraw that there would be a problem with Mr. Tsaparas getting his documents back. The Court therefore raises the question of whether it should vacate or modify its earlier order granting the motion to withdraw. A representative of Amundsen Davis is directed to appear in court on 9/18/2025 at 9:30 AM to address this point. To ensure that Amundsen Davis is aware of this order the Court directs plaintiff's counsel to provide a copy of this order to former counsel of record from Amundsen Davis by 8/22/2025. (14) The hearing on 9/18/2025 at 9:30 AM will be an in–person hearing in Courtroom 2103. Mailed notice. (mma, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.