IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company, | |
| Plaintiff, | |
| v. | No. 19-cv-06332 |
| CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS, | Honorable Matthew F. Kennelly |
| Defendants. | |

**NHC LLC'S EMERGENCY MOTION FOR TURNOVER ORDER AGAINST HERSHEY-BATEMAN FAMILY TRUST, DATED OCTOBER 12, 1996**

Judgment Creditor NHC LLC ("NHC"), by its undersigned attorneys and for its Motion for Turnover Order ("Motion"), states as follows:

1. On March 15, 2023, this Court entered judgment in favor of Judgment Creditor NHC and against, *inter alia*, Judgment Debtor Spiro Tsaparas (the "Judgment Debtor") in the amount of $22,272,124.34 in compensatory damages and $1,500,000 in compensatory damages (the "Judgment"). (Dkt. No. 228.)

2. The Judgment remains unsatisfied by an amount in excess of $22,272,124.34.

3. On or about December 5, 2024, NHC caused this Court to issue a Third-Party Citation to Discover Assets of Judgment Debtor to Hershey-Bateman Family Trust, Dated October 12, 1996 (the "Trust"). (Dkt. No. 532.) On September 23, 2025, this Court extended the Third Party Citation to the Trust to November 10, 2025. (Dkt. No. 812.)

4. The Trust leased to the Judgment Debtor and Third-Party Citation Respondent Corri McFadden ("McFadden") property located at 96 Mountain Laurel Court, Aspen, CO 81611

1

for use as the Judgment Debtor and McFadden's residence. (*See* the Long Term Lease Agreement attached hereto as **Exhibit A**.) The Long Term Lease Agreement (the "Lease Agreement") among and between the Judgment Debtor, McFadden, and the Trust define the "Renter" to the agreement as "Spyridon Tsparas & Corri McFadden." (Ex. A., pp. 1, 3.) The Lease Agreement expired, after extensions, on July 31, 2025. (*See* Long Term Lease Agreement Amend/Extend, dated January 21, 2022, attached hereto as **Exhibit B**; Long Term Lease Agreement Amend/Extend II, dated April 11, 2024, attached hereto as **Exhibit C**.)

     5.     Pursuant to the terms of the Lease Agreement, the Trust established a Broker's Escrow account retaining a security deposit and pet damage deposit paid by the Renter (collectively, the "Security Deposit") to the Trust to secure the Judgment Debtor's tenancy. (Ex. A, § 5.) According to the Trust's counsel, the current Security Deposit held in total by the Trust is $24,620. (*See* Email from George Sax to Daniel Jackson, Subject: [EXT] NHC LLC v Tsaparas, Case No. 19 C 6332 (N.D. Ill.) -- your citation to nonparty Hershey-Bateman Family Trust, dated September 23, 2025, attached as **Exhibit D.**)

     6.     The Security Deposit, absent funds withheld by the Trust to repair damages to the property, is due to be returned to the Judgment Debtor and McFadden in common on *September 29, 2025*.[1] (Ex. A, § 5 ("In accordance with, and subject to, the terms of this Agreement and applicable law, the Security Deposit shall be refunded to Renter [Spyridon Tsparas & Corri

---

[1] Based on conversations with counsel for the Trust, there was/is a danger that the Security Deposit might be released on that date, thus necessitating this filing *before* the 30th of this month. NHC appeared in Court on September 23, 2025 (in connection with matters unrelated to this particular dispute), but the return date was not calendared and the Court was unable to call the case. NHC's counsel had planned to raise this issue before the Court, but was directed by Court staff to file the instant Motion. As required by the applicable rules, before filing this Motion, counsel for NHC contacted the courtroom deputy on September 26, 2025 to explain the nature and circumstances of the Motion and why the Motion qualified as an emergency. The courtroom deputy directed NHC to file the Motion as an emergency motion.

McFadden], less any deductions, within sixty (60) days after the expiration of the term of this Agreement).)

7. The Judgment Debtor, in anticipation of this upcoming date for the potential return of the Security Deposit, and in violation of the citation issued against him (and directly interfering with the restraining provision(s) contained in the Third-Party Citation to Discover Assets issued to the Trust), instructed the Trust's real estate broker to return any remaining Security Deposit to McFadden. (Ex. D.)

8. An Illinois citation to discover assets prohibits the transfer or disposition of any non-exempt property within the "control of the judgment debtor" or "belonging to the judgment debtor or to which he or she *may be entitled* or which *may thereafter . . . become due* to him or her[.]" 735 ILCS 5/2-1402(m)(1); 735 ILCS 5/2-1402(f)(1) (emphasis added). Accordingly, physical possession of an asset by the judgment debtor is not required to obtain turnover of that asset. Here, the Judgment Debtor has both control of, and legal entitlement to, the Security Deposit.

9. A judgment debtor has control over an asset where the judgment debtor can direct the disposition of the asset. *City of Chicago v. Spielman*, 2021 WL 11716277, at *2 (N.D. Ill. Sept. 30, 2021) (finding the ability to write checks evidenced control of a bank account held by a third party); *Lorillard Tobacco Co. v. Canstar (U.S.A.) Inc.*, 2006 WL 1444895, at *2 (N.D. Ill. May 16, 2006) (finding cash withdrawals by the judgment debtor evidenced control of the bank account held by a third party). The Judgment Debtor displayed his actual control over the Security Deposit when he instructed the Trust's real estate broker to pay the Security Deposit to McFadden rather than to himself in order to obfuscate his receipt of funds from NHC (and to circumvent

3

restraining provision(s) in both his own citation and the Third-Party Citation to Discover Assets issued to the Trust). (Ex. D.)

10. The Judgment Debtor (and therefore NHC) is legally entitled to the Security Deposit because the Security Deposit was paid to secure housing for the Judgment Debtor, and the Judgment Debtor will be entitled under the Lease Agreement to the Security Deposit on September 29, sixty days after expiration of the Lease Agreement. (Ex. A, § 5.) Accordingly, the Security Deposit is *property of the Judgment Debtor* subject to NHC's judgment lien. *Real Estate Resource Management, LLC v. 1000 South Michigan, LLC*, 2020 IL App (1st) 190461-U, ¶ 57, 2020 WL 5422846, at *7 (1st Dist. Sept. 9, 2020) (affirming the trial court's order requiring turnover of the security deposit paid by judgment debtor's brother for an apartment in which the judgment debtor lived with his family).

11. Pursuant to, *inter alia*, 735 ILCS 5/2-1402(c)(1-3), NHC is entitled to an Order directing the Trust to turn over $24,620 in partial satisfaction of the Judgment.

12. A judgment debtor who violates the restraining provision of a citation issued against it is subject to a finding of contempt. 735 ILCS 5/2-1402(f)(1) (stating a citation may prohibit "the party to whom it is directed from . . . allowing any transfer or other disposition of, or interfering with" non-exempt property of the judgment debtor); *NHC LLC v. Centaur Construction Co.*, 2025 WL 1547264, at *3 (N.D. Ill. May 30, 2025); *Dou v. Carillon Tower/Chicago LP*, 2024 WL 4604633, at *16 (N.D. Ill. Sept. 10, 2024) (holding in contempt judgment debtors for the "movement of, or interference with, certain funds" subject to the citation); *Flow Capital Corp. v. Besh Holding Corp.*, 2020 WL 6149568, at *3-7 (N.D. Ill. Oct. 20, 2020) (finding in contempt judgment debtors who transferred assets in violation of the citation to avoid paying the judgment).

4

13. Judgment Debtor has continued his pattern of obstructing NHC's efforts to collect the Judgment by ordering the Trust's real estate broker to distribute the Security Deposit—funds to which the Judgment Debtor was entitled—to McFadden. The Court should not tolerate the Judgment Debtor's underhanded efforts to avoid paying the Judgment by covertly misdirecting funds to which NHC is entitled.

14. A draft order is attached hereto as **Exhibit E**.

WHEREFORE, Judgment Creditor NHC LLC respectfully requests that this Court order the Trust to turn over to NHC the Security Deposit funds presently being held by the Trust and, pending briefing (if any) on the foregoing issue, enter an order that the Security Deposit funds remain in place pending adjudication of the instant Motion, and further enter and grant any additional relief to which NHC LLC may be entitled.

| | |
|---|---|
| Dated: September 26, 2025 | Respectfully submitted, |
| | NHC LLC |
| | By: /s/ *Daniel P. Jackson* |
| | One of Its Attorneys |

Daniel P. Jackson, Bar No. 6289813
Bryan K. Clark, Bar No. 6296090
Zachary J. Watters, Bar No. 6310675
Allison E. Czerniak, Bar No. 6319273
Keeley A. Sawyer, Bar No. 6336704
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
djackson@vedderprice.com
bclark@vedderprice.com
zwatters@vedderprice.com
aczerniak@vedderprice.com
ksawyer@vedderprice.com

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
T: +1 312 332 3033
gsmarziani@davismcgrath.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on September 26, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record. Additionally, a true and correct copy of the foregoing was provided via email on George Sax (gsax@scharfbanks.com) as counsel for the Hershey-Bateman Family Trust, Dated October 12, 1996.

                                                                                */s/ Daniel P. Jackson*
                                                                                An Attorney for NHC LLC