IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHC LLC, a Florida limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS, <br><br> Defendants. | No. 19-cv-06332 <br><br> Honorable Matthew F. Kennelly |

**PLAINTIFF/JUDGMENT CREDITOR NHC LLC'S MOTION TO STAY ALL DEADLINES, ENTER AND CONTINUE ALL PENDING MOTIONS AND CITATIONS, AND FOR STATUS CONFERENCE**

Plaintiff/Judgment Creditor, NHC LLC ("NHC") respectfully moves this Court to stay all deadlines, enter and continue all pending motions and citations, and to conduct the currently scheduled telephonic status conference on Monday, October 20, 2025 at 8:50 a.m. (the "Motion"). In further support of its Motion, NHC states as follows:

1. After a jury trial, judgment was entered against Judgment Debtors[1] jointly and severally in the total amount of $22,272,124.34 for fraud and breach of contract, plus punitive damages against the Defendants individually and in particular Tsaparas in the amount of $1,500,000.00 (the "Judgment"). (Dkt. No. 228.)

2. As the Court is aware, since entry of the Judgment, NHC has been engaged in efforts to collect the Judgment. To that end, numerous citations, subpoenas, and discovery requests have been issued by NHC in an effort to identify and collect Judgment Debtors' assets. Relatedly,

---

[1] The term "Judgment Debtors" refers collectively to Spiro Tsaparas ("Tsaparas"), Peter Alexopoulos, and Centaur Construction Company.

NHC has filed numerous motions in an effort to obtain compliance with the myriad citations, subpoenas, and discovery requests which have been issued.

3. Some of NHC's most recent efforts to obtain compliance culminated in the Court's September 28, 2025 Order in which the Court instructed Judgment Debtors to complete the tasks required in the Court's May 30, 2025 Orders (Dkt. Nos. 682-83) on or before October 10, 2025. (Dkt. No. 820.)

4. As of this filing, Judgment Debtors have not complied with the Court's September 28, 2025 Order.

5. Instead, on October 10, 2025, Tsaparas filed a Chapter 7 Bankruptcy Petition in the District of Colorado, Case No. 25-16599-KHT (the "Bankruptcy Action"). NHC received the Notice of Bankruptcy Case Filing on October 10, 2025, from counsel for Tsaparas.[2] (Ex. 1.)

6. It is well settled that "[u]pon the filing of a bankruptcy petition, the Bankruptcy Code provides for an automatic stay of 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.'" *Nicholls v. Zurich Am. Ins. Grp.*, 244 F. Supp. 2d 1144, 1161 (D. Colo. 2003) (quoting 11 U.S.C. § 362(a)(3)). In relevant part, this stay prevents "the commencement or continuation [. . .] of a judicial [. . .] action or proceeding against the debtor [. . .] *or to recover a claim against the debtor that arose before the commencement* of the case under [the Bankruptcy Code]." 11 U.S.C. § 362(a) (emphasis added).

7. Generally speaking, "[d]iscovery is considered part of the 'continuation' of a proceeding and is, therefore, subject to the automatic stay." *In re Manown*, 213 B.R. 411, 412 (Bankr. N.D. Ga. 1997) (citation omitted). "The automatic stay is designed to protect [the debtor] from the burden of responding to discovery and defending a court action, even if the creditor agrees

---

[2] A true and correct copy of the Notice of Bankruptcy Case Filing is attached hereto as **Exhibit 1**.

2

to proceed no further than judgment and to refrain from any execution of judgment against [the debtor]." *Id*.

8. With respect to collection actions, courts have held that "[w]hile the automatic stay prohibits a creditor from foreclosing on the citation lien, it does not require the creditor to give up the lien." *In re Smiley*, 2018 Bankr. LEXIS 78, at *4 (N.D. Ill. Jan. 11, 2018); *In re Tires N Tracks, Inc.*, 498 B.R. 201, 205-06 (Bankr. N.D. Ill. 2013) ("obtaining relief from the automatic stay may not be required where the judgment creditor seeks merely to inform the state court of the bankruptcy filing and of the automatic continuation of the citation lien, because the creditor is not then acting to enforce the citation lien.") Simply put, "a judgment creditor is not required by the automatic stay to dismiss a citation, and if the creditor does so he or she will be treated as having voluntarily relinquished the citation lien." *In re Kuzniewski*, 508 B.R. 678, 689 (Bankr. N.D. Ill. 2014) (citation omitted).

9. However, the filing of the Bankruptcy Action by Tsaparas and the imposition of the automatic stay does *not* preclude NHC from pursuing discovery of assets or turnover of assets from other Judgment Debtors. "[I]t is now generally accepted that discovery *pertaining to claims against the bankrupt's codefendants is not stayed*, even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor." *In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003) (emphasis added) (citation omitted); *see also In re 3901 Foods, LLC*, 2009 Bankr. LEXIS 2872, at *2-3 (Bankr. E.D.N.C. Sept. 10, 2009) ("It is well established that the automatic stay does not extend to a debtor's non-bankrupt co-defendants even if they are in a similar legal or factual nexus with the debtor." (citation and quotation omitted)); *In re Miller*, 262 B.R. 499, 505 (9th Cir. BAP 2001)

("Information is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible.").

10. Here, the distinction between Tsaparas and various citation respondents is often less than clear due to the interconnected interests and ownership structures involving Tsaparas and various citation respondents. By way of example, today, October 15, 2025 is the deadline for NHC to file its reply brief with respect to Tsaparas' supplemental response regarding the contempt matter concerning Triton Marine Holdings, LLC. (Dkt. No. 811 (Item 6).) By staying all deadlines and entering and continuing all pending motions and citations, NHC will be permitted the requisite time to assess what impact, if any, Tsaparas' Bankruptcy Action has on various pending motions, citations, subpoenas, and discovery requests. Doing so will also provide NHC sufficient time to seek relief and/or other guidance in the Bankruptcy Action, while still maintaining its position as a secured creditor and the various citation liens it currently possesses.

11. To be clear, NHC makes this Motion in order to avoid any inadvertent or incidental violation of the automatic stay.

12. Additionally, NHC respectfully requests that the Court hold the currently scheduled telephonic status conference set for Monday, October 20, 2025 at 8:50 a.m. (Dkt. No. 821.) Doing so will provide all parties and the Court an opportunity to address any lingering issues or logistical questions related to currently scheduled Court dates and pending motions.

13. This Motion is made in good faith and not for any improper purpose.

WHEREFORE, Plaintiff/Judgment Creditor NHC LLC respectfully requests the Court to grant its Motion and stay all deadlines, enter and continue all pending motions and citations, and to conduct the currently scheduled telephonic status conference on Monday, October 20, 2025 at 8:50 a.m., and for such other relief as the Court deems reasonable and just.

Dated:  October 15, 2025

Respectfully submitted,

NHC LLC

By: /s/ *Zachary J. Watters*
One of Its Attorneys

Daniel P. Jackson, Bar No. 6289813
Zachary J. Watters, Bar No. 6310675
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500
djackson@vedderprice.com
zwatters@vedderprice.com

Gini S. Marziani, Bar No. 3127421
Davis McGrath LLC
125 S. Wacker Drive
Chicago, Illinois 60606
T:  +1 312 332 3033
gsmarziani@davismcgrath.com

## CERTIFICATE OF SERVICE

I hereby certify that, on October 15, 2025, a true and correct copy of the foregoing **PLAINTIFF/JUDGMENT CREDITOR NHC LLC'S MOTION TO STAY ALL DEADLINES, ENTER AND CONTINUE ALL PENDING MOTIONS AND CITATIONS, AND FOR STATUS CONFERENCE** was electronically filed with the Clerk of the Court using the Court's CM/ECF system and thereby served electronically by the CM/ECF system on all counsel of record.

                                                                                                                            */s/ Zachary J. Watters*
                                                                                                                            An Attorney for NHC LLC